**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

In re:

BARFLY VENTURES, LLC, *et al,*[1]

            Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Joint Administration Pending*

**DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned counsel, respectfully state as follows in support of *Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for each Debtor and (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, and (II) Granting Related Relief* (the "Motion"):

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), , Federal Rules of Bankruptcy Procedure 1007, 2002, and 9013-1 (the "Bankruptcy Rules"), and Local Rules 1007-2, 2002, and 9013-1.

**Background**

3. The facts and circumstances supporting this Motion are set forth in the *Declaration of Mark Sellers, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.[2]

4. On June 3, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No party has requested the appointment of a trustee or examiner in these chapter 11 cases, and no committees have been appointed or designated.

---

[2] Capitalized terms used but not immediately defined shall have the meanings ascribed to them elsewhere in this Motion or in the First Day Declaration, as applicable.

**Relief Requested**

5. The Debtors seek entry of an order (the "Order"): (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor and (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors in lieu of filing lists for each Debtor; and (b) granting related relief.

**Basis for Relief**

**A. Cause Exists to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Filing a Separate Mailing Matrix for Each Debtor.**

6. Local Rule 2002-1(c) could be read to require each debtor in jointly-administered cases to maintain a separate creditor mailing matrix. The Debtors submit that permitting them to maintain a single consolidated list of creditors (the "Creditor Matrix"), in lieu of maintaining a separate creditor matrix for each Debtor, is warranted. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings.[3]

7. Moreover, courts have granted relief similar to the relief requested herein. *See, e.g.*, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020); *In re Interlogic Outsourcing, Inc.*, No. 19-31445-hcd (Bankr. N.D. Ind. Aug. 16, 2019); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019).

**B. It Is Appropriate and Necessary for the Debtors to File a Single Consolidated List of the Debtors' Top Thirty Largest Creditors in These Chapter 11 Cases.**

8. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding

---

[3] The Debtors submit that, if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will maintain its own creditor mailing matrix.

insiders" (the "Top 20 List"). Fed. R. Bank. P. 1007(d). This Top 20 List is primarily used by the Office of the United States Trustee (the "U.S. Trustee") to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to Bankruptcy Code section 1102.

9. The Debtors request authority to file a single list of their thirty largest general unsecured creditors on a consolidated basis.[4] Because the Top 20 Lists of the Debtors could overlap, and certain Debtors may have fewer than twenty significant unsecured creditors, the Debtors submit that filing separate Top 20 Lists for each Debtor would be of limited utility. In addition, the exercise of compiling separate Top 20 Lists for each individual Debtor could consume an excessive amount of the company's limited time and resources. Further, the Debtors believe that a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the U.S. Trustee in its efforts to communicate with these creditors.

10. Courts have routinely granted similar relief to the relief requested herein. *See, e.g.*, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020); *In re Interlogic Outsourcing, Inc.*, No. 19-31445-hcd (Bankr. N.D. Ind. Aug. 16, 2019); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019).

11. Accordingly, the Debtors submit that filing a consolidated list of their thirty largest unsecured creditors is necessary for the efficient and orderly administration of these chapter 11 cases, appropriate under the facts and circumstances, and in the best interests of the Debtors' estates.

---

[4] The Debtors submit that, if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor will file an unconsolidated Top 20 List within ten (10) days of any such conversion.

**Notice**

12.     Notice of this Motion will be served on (a) the Office of the United States Trustee for the Western District of Michigan; (b) Debtors' 20 largest unsecured creditors (on an unconsolidated basis); (c) Congruent Credit Opportunities Fund III, LP, Main Street Capital Corporation, and HMC Income Fund, Inc. c/o, CIIP Administrative, LLC (Debtors' secured lender) and any other identified secured creditor; (d) the United States Attorney's Office for the Western District of Michigan; (e) the Internal Revenue Service; (f) the state attorneys general for all states in which the Debtors conduct business or have conducted business; and (g) creditors having requested notice or otherwise appeared in this case.  Debtors submit that no other or further notice need be given in light of the circumstances of these cases.

**No Prior Request**

13.     No prior request for the relief sought in this motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an Order, substantially in the attached form, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

Dated: June 3, 2020                              Respectfully submitted,

                                                 WARNER NORCROSS + JUDD LLP

                                                 /s/ Elisabeth M. Von Eitzen
                                                 Rozanne M. Giunta (P29969)
                                                 Elisabeth M. Von Eitzen (P70183)
                                                 Stephen B. Grow (P39622)
                                                 1500 Warner Building
                                                 150 Ottawa Avenue, NW
                                                 Grand Rapids, Michigan 49503
                                                 Telephone: (616) 752-2000

                PACHULSKI STANG ZIEHL & JONES LLP
                John W. Lucas
                Jason Rosell
                Steven W. Golden
                150 California Street, 15th Floor
                San Francisco, California 94111
                Telephone: (415) 263-7000

                *Proposed Counsel to the Debtors*

20220206-2