UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

Barfly Ventures, LLC, *et al,*₁                     Case No. BG20-01947
                                                                 Chapter 11
                            Debtor. /                       Hon. James W. Boyd

OBJECTION OF THE UNITED STATES TRUSTEE
TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS
TO (I) PAY AND/OR HONOR PREPETITION WAGES, SALARIES, AND EMPLOYEE
BENEFITS; (II) REMIT WITHHOLDING OBLIGATIONS AND DEDUCTIONS; (III)
MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY
RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE
BANKS AND OTHER FINANCIAL INSTITUTIONS RECEIVE, PROCESS, HONOR,
AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT AND HONOR
CERTAIN FUND TRANSFER REQUESTS

Andrew R. Vara, United States Trustee for Regions 3 and 9, pursuant to his authority under 11 U.S.C. § 307 and 28 U.S.C. § 586(a)(3), objects to "Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Pay and/or Honor Prepetition Wages, Salaries, and Employee Benefits; (II) Remit Withholding Obligations and Deductions; (III) Maintain Employee Compensation and Benefits Programs and Pay Related Administrative Obligations; and (IV) Have Applicable Banks and Other Financial Institutions Receive, Process, Honor, and Pay Certain Checks Presented for Payment and Honor Certain Fund Transfer Requests" (CM-ECF Docket No. 9) (the "Motion"). In support of this objection, the United States Trustee states:

       1.       On June 3, 2020, Barfly Ventures, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.₁

---

1 On the same date, certain affiliates of the Debtor also filed Chapter 11 petitions. Although a motion for joint administration was filed, the cases are not yet jointly administered. The Motion was filed only in this putative lead

2. Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Code.[2] The United States Trustee has standing to be heard pursuant to 11 U.S.C. § 307.

3. An official committee of unsecured creditors has not yet been appointed.

4. On June 3, 2020, the Debtor filed the Motion and asked for expedited consideration.

5. The United States Trustee objects to the Motion for the following reasons, among others.[3]

6. As an initial matter, any interim relief should be granted only to the extent necessary to avoid immediate and irreparable harm. Fed. R. Bankr. P. 6003(b).

7. In the Motion the Debtor proposes to pay several items that are not essential to be paid during the first 21 days of the case. For example, while the Motion states in ¶ 18 that the Debtor is not seeking authority to pay the first quarter prepetition quarterly Store-Level Bonus,

---

case. The other cases are: *Barfly Management, LLC* (Case No. 20-01948); *9 Volt, LLC (d/b/a HopCat)* (Case No. 20-01949); *50 Amp Fuse, LLC (d/b/a Stella's Lounge)* (Case No. 20-01950); *GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)* (Case No. 20-01952); *E L Brewpub, LLC (d/b/a HopCat East Lansing)* (Case No. 20-01951); *HopCat-Ann Arbor, LLC* (Case No. 20-01954); *HopCat-Chicago, LLC* (Case No. 20-01955); *HopCat-Concessions, LLC* (Case No. 20-01956); *HopCat-Detroit, LLC* (Case No. 20-01957); *HopCat-GR Beltline, LLC* (Case No. 20-01958); *HopCat-Holland, LLC* (Case No. 20-01959); *HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)* (Case No. 20-01960); *HopCat-Kalamazoo, LLC* (Case No. 20-01961); *HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and Tikicat)* (Case No. 20-01962); *HopCat-Lexington, LLC* (Case No. 20-01963); *HopCat-Lincoln, LLC* (Case No. 20-01964); *HopCat-Louisville, LLC* (Case No. 20-01965); *HopCat-Madison, LLC* (Case No. 20-01966); *HopCat-Minneapolis, LLC* (Case No. 20-01969); *HopCat-Port St. Lucie, LLC* (Case No. 20-01970); *HopCat-Royal Oak, LLC* (Case No. 20-01972); *HopCat-St. Louis, LLC* (Case No. 20-01973); and *Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)* (Case No. 20-01953).

2 This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-6 (3d Cir. 1994)(noting that United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990)(describing the United States Trustee as a "watchdog").

3 The United States Trustee reserves the right to raise additional objections and arguments at any hearing on the Motion and to supplement this objection in writing at a later date.

the Motion is unclear regarding the Debtor's intention to pay a 2nd Quarter bonus (the current quarter that includes two prepetition months).   Similarly, ¶ 34 of the Motion seeks authority to pay the PTO for *terminated* employees, a request that should be delayed under F.R.B.P. 6003(b).  Further, in ¶¶ 37 – 39, the Debtor seeks to continue aspects of its workers' compensation program that "assess, determine, and adjudicate any of the unpaid WC Claims."   Payment or approval of all of these items can be deferred until a Creditors Committee is able to review them.

8. With the Motion, Debtor asks to pay and honor various pre-petition compensation and benefit obligations.   While the Motion generally appears to limit the relief sought to the limitations set forth in Sections 507(a)(4) and (a)(5) of the Bankruptcy Code, including the $13,650 maximum per individual, to the extent the Court grants relief, the Court should specifically limit Debtor to payment of only those claims or amounts that meet the criteria of Sections 507(a)(4) and (a)(5).

9. The Motion also proposes that Debtor be granted sole discretion over whether and when to pay the pre-petition compensation and benefits.   However, to the extent the Court grants the Motion, the Court should direct that any payments be made *pro rata*, so as not to unfairly discriminate among this class of creditors or otherwise violate Section 1123(a)(4) of the Bankruptcy Code if these payments were instead made as part of a Chapter 11 plan.

10. Moreover, the record is insufficient to grant the Motion, particularly in the context of seeking relief under Bankruptcy Rule 6003:

   a. First, while the Motion describes various categories of programs and expenses in the aggregate, the Debtor has made no showing that the requested relief includes amounts that meet the 180-day time frame or the $13,650 *per individual* maximum contained

3

with Section 507(a)(4) and (a)(5). The Debtor should provide a schedule or list of all employees proposed to be paid under this Motion *by name, debtor entity, and dollar amount* before payments may be made.

   b. Second, although the Motion discloses that the Debtor's Founder (principal/insider) is among the employees covered by the Motion, the Motion lacks transparency as to his salary, benefits, or other amounts that the Debtor proposes to pay him. All employees, including the Debtor's insider, are subject to the limitations of Section 507(a)(4) and (a)(5). No transfers should be made under any authority granted by the Court which violates Section 503(c).

   c. Third, the Motion in ¶ 5 defines "Employees" to include former employees of the Debtor. There has been no showing why payments of pre-petition claims of former employees would avoid immediate and irreparable harm as required by Bankruptcy Rule 6003.

   d. Fourth, ¶¶ 17 -18 of the Motion propose to reimburse employee business expenses incurred during the ordinary course of business. There has been no showing why reimbursement of pre-petition expense claims of former employees would avoid immediate and irreparable harm as required by Bankruptcy Rule 6003.

 11. This Motion should only be granted to the extent that the Debtor does not create an administrative or secondary insolvency due to a cash flow shortage caused by the payment of pre-petition claims. In order to determine the impact of granting the relief requested in the Motion, the Debtor should be required to supply a total dollar figure for the amounts sought to be paid.

WHEREFORE, the United States Trustee requests that the Court decline to grant the requested relief, or that the Court grant such other relief as may be appropriate under the circumstances.

                                            ANDREW R. VARA
                                            United States Trustee
                                            Regions 3 and 9

Date:_____6-5-20_____

                                    By:_____
                                     By: */s/ Dean E. Rietberg*
                                        Dean E. Rietberg (P38872)
                                        Michael V. Maggio
                                        Trial Attorneys
                                        Office of the United States Trustee
                                        United States Department of Justice
                                        125 Ottawa Ave. NW - Suite 200R
                                        Grand Rapids, MI   49503
                                        Tel: (616) 456-2002