UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

    Barfly Ventures, LLC, et al,[1]            Case No. BG20-01947
                                                  Chapter 11
                                                  Honorable James W. Boyd

                                Debtors./

UNITED STATES TRUSTEE'S OBJECTION TO DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO (A) FILE A CONSOLIDATED LIST OF CREDITORS IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH DEBTOR AND (B) FILE A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS, AND (II) GRANTING RELATED RELIEF

Andrew R. Vara, United States Trustee for Regions 3 and 9, pursuant to his authority under 11 U.S.C. Section 307 and 28 U.S.C. Section 586(a)(3), objects to the Debtors' Motion Seeking Entry of an Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for

---

[1] The Debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat)(6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon)(4255).

Each Debtor and (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, and (II) Granting Related Relief (DN 8), (hereinafter, the "Motion") for the following reasons:

    1.    Pursuant to 28 U.S.C. § 586, the United States Trustee ("UST") is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.[2]

    2.    Each of the debtors filed a separate petition for relief under Chapter 11 of the Bankruptcy Code on June 3, 2020. The debtors have filed a motion requesting joint administrative consolidation of the cases only, but not the substantive consolidation of the 24 cases. (DN 6, page 3, para. 10.)  Therefore, there are 24 separate Chapter 11 cases pending before this Court under the above caption.

    3.    The Motion requests that the Court enter an order authorizing the Debtors to (a) file a single consolidated list of creditors instead of filing a separate mailing matrix for each debtor, and (b) file a single consolidated list of the Debtors'

---

[2] This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See, United States Trustee v. Columbia Gas Sys., Inc., (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-6 (3d Cir. 1994)(noting that the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc., (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990)(describing the United States Trustee as a "watchdog"). *See also,* H.R. Rep. No. 95-595, at 4, 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 5966, 6049*; see also, e.g., In re South Beach Secs.,* 606 F.3d 366, 370, 371 (7th Cir. 2010); *Curry v. Castillo (In re Castillo),* 297 F.3d 940, 951 (9th Cir. 2002); *In re Charges of Unprofessional Conduct 99-37 v. Stuart,* 249 F.3d 821, 824 (8th Cir. 2001); *A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

top thirty largest creditors in these Chapter 11 cases instead of filing 24 separate Top 20 Lists, one list for each Debtor.

4. The United States Trustee objects to the Motion for the following reasons.

The Request to File One Consolidated List of All Creditors Instead of 24 Separate Mailing Matrices

5. Based on the United States Trustee's review of the petitions that have been filed, it appears that every debtor has filed a mailing matrix. Therefore, this request is moot.

6. Federal Rule of Bankruptcy Procedure 1007(a)(1) requires "In a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules E, F, G and H as prescribed by the Official Forms."

7. Instead of complying with Rule 1007(a)(1), the Debtors ask that the Court authorize the debtors to file one consolidated list of all creditors and parties in interest. The Debtors give the Court no citations to opinions in which this relief has been granted; they just mention some case names and numbers. The Debtors also vaguely allude to Bankruptcy Code Section 105(a) and others, without explaining how these sections allegedly authorize the Court to ignore the requirements of Rule

3

1007(a)(1). Section 105(a), however, cannot be used to amend away other provisions of the Bankruptcy Code and Rules.

8. Since the request to file one combined mailing matrix is both moot and unsupported by statute, rule or caselaw, the Court must deny the request to file a single consolidated mailing matrix.

The Request for Authority to File a Single Consolidated List of the Top Thirty Unsecured Creditors Instead of Twenty-Four Lists of the Top Twenty Unsecured Creditors.

9. The debtors have also asked that the court authorize the Debtors to file one consolidated list of the top thirty unsecured creditors in all the cases taken together, rather than a list of the top twenty unsecured creditors in each of the twenty-four cases.

10. The Debtors have cited no published decisions, statutes or rules that would allow the Court to grant this relief. Again, Section 105 can only be used to serve the ends of the Bankruptcy Code and Rules, not to ignore the Code and Rules or to amend them away.

11. Based on the United States Trustee's review of the files, the Debtors appear to have already filed a list of the top twenty unsecured creditors in each of the

Chapter 11 cases. Granted, in one case the Debtor said it has no unsecured creditors, and in other cases there is some duplication of the unsecured creditors that are listed.

12.     Federal Rule of Bankruptcy Procedure 1007(d) requires "a debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form." If the Debtors are asking to be excused from complying with Rule 1007(d) and to be allowed to substitute a single list of the 30 largest creditors of all the debtors on a combined basis, the fact that they have already complied with Rule 1007(d) in each of the twenty-four cases renders their request moot.

13.     Several rules require service of a motion on any unsecured creditors' committee, or, if no such committee has been appointed, on the creditors listed on the list filed pursuant to Rule 1007(d), which would be the list of the twenty largest unsecured creditors filed in each case.

14.     Based upon the United States Trustee's review of the lists that have already been filed, those lists contain many creditors whose claims appear to be in amounts of a few hundred dollars. For example, in In re HopCat Ann Arbor, the list of twenty largest creditors includes Roto Rooter Sewer with a claim of $545, and James Ferrari and Sons with a claim of $287.50. Case No. BG20-01945, D.N. 1, page 7. Under Federal Rules of Bankruptcy Procedure 4001(a)(1), 4001(B)(1)(C) and 4001(c)(1)(C) if no unsecured creditors committee is appointed in In re HopCat Ann

Arbor, then Roto Rooter Sewer and James Ferrari and Sons are entitled to notice of any motion for relief from the automatic stay, to use cash collateral or to obtain credit.

15. Based upon the United States Trustee's information and belief, and review of the lists of twenty largest creditors that have been filed to date, small creditors such as those referred to in the prior paragraph would not have large enough claims to be included in a hypothetical combined list of the thirty largest creditors on a combined basis for all twenty-four cases.

16. If the Debtors' intent in asking to be authorized to file a combined list of the thirty largest creditors on a combined basis is to avoid having to serve smaller creditors with required notices, the Court should not and cannot use its equitable powers under Section 105 to deny these smaller creditors the notices that they are legally entitled to receive under the Bankruptcy Code and Rules.

17. As the Motion admits, the "Top 20 List is primarily used by the Office of the United States Trustee (the "U.S.Trustee") to evaluate the types and amounts of unsecured claims against the debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in the debtor's case pursuant to Bankruptcy Code section 1102." (DN 8, page 4, para. 8.)

18. The duty to appoint committees of unsecured creditors in Chapter 11 cases is conferred upon the United States Trustee by 11 U.S.C. Section 1102(b)(1) and 28 U.S.C. Section 586(a)(5).

19. Although the United States Trustee has some discretion as to the number of committees that are appointed and the membership of those Committees, the Code also provides that the membership of the Committee "shall ordinarily consist of the persons, willing to serve, that hold the seven largest claims against the debtor." 11 U.S.C. Section 1102(b)(1). In order to fulfill this duty to appoint creditors committees, the United States Trustee needs a reliable list of the twenty largest unsecured creditors of each case, in order to solicit members for the committee.

20. Nothing in any order, including one allowing the debtors to file a single list of the top thirty unsecured creditors of all the debtors, should hinder the United States Trustee's ability to fulfill his statutory duty to appoint unsecured creditors committees.

21. The debtors' request for authority to file one combined list of the thirty largest unsecured creditors in lieu of the required twenty four lists of the top twenty unsecured creditors must be denied as moot; as a hinderance to the United States Trustee's duty to appoint an unsecured creditors committee; as unsupported by statute, rule or caselaw; and as a denial of legally required notice and due process to unsecured creditors.

For all the above reasons, the United States Trustee asks that the Court deny the Motion, or that the Court grant such other relief as the Court may deem just.

                                                              Respectfully submitted,
ANDREW R. VARA
United States Trustee
Regions 3 and 9

Date:_____        By:_____
By: */s/ Michael V. Maggio*
Michael V. Maggio
Trial Attorney
Office of the United States Trustee
United States Department of Justice
The Ledyard Building, Second Floor
125 Ottawa Avenue NW, Suite 200R
Grand Rapids, Michigan 49503
Tel: (616) 456-2002, ext. 14