# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re:<br><br>BARFLY VENTURES, LLC, *et al.*<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-01947-jwb<br><br>Jointly Administered |

### ORDER (A) APPROVING BIDDING PROCEDURES AND SCHEDULING SALE HEARING, (B) APPROVING THE FORM OF THE ASSET PURCHASE AGREEMENT, INCLUDING THE BID PROTECTIONS, AND (C) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for the entry of an order (this "Order"), pursuant to sections 105(a), 363, and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): approving bidding procedures in connection with the sale of all or substantially all of the Debtors' assets (the "Assets"); (ii) approving the form of the asset purchase agreement, including the bid protections, (iii) scheduling an auction and a hearing to consider the sale of the Assets, (iv) approving the form and manner of notice thereof; and (v) granting related relief; and the Court having considered the

---

[1] The Debtors and the last four digits of their federal employment identification number are: Barfly Ventures, LLC (8379); 9 Volt, LLC (d/b/a HopCat) (1129); 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684); GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130); E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334); HopCat-Ann Arbor, LLC (5229); HopCat-Chicago, LLC (7552); HopCat-Concessions, LLC (2597); HopCat-Detroit, LLC (8519); HopCat-GR Beltline, LLC (9149); HopCat-Holland, LLC (7132); HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970); HopCat-Kalamazoo, LLC (8992); HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242); HopCat-Lexington, LLC (6748); HopCat-Lincoln, LLC (2999); HopCat-Louisville, LLC (0252); HopCat-Madison, LLC (9108); HopCat-Minneapolis, LLC (8622); HopCat-Port St. Lucie, LLC (0616); HopCat-Royal Oak, LLC (1935); HopCat-St. Louis, LLC (6994); Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion.

Motion and all exhibits, objections, and other papers filed in connection therewith; and the Court having determined that the relief provided herein is in the best interest of the Debtors, their estates, creditors and other parties in interest; and due and adequate notice of the Motion having been given under the circumstances; and a hearing having been held before this Court on July 20, 2020 to consider approval of the Motion, at which time parties in interest were afforded an opportunity to be heard; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

## FOUND AND DETERMINED THAT:[3]

A. This Court has jurisdiction over the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. Notice of the Motion, the relief sought therein and the hearing on the Motion was good and sufficient under the circumstances, and no other or further notice is required except as set forth herein with respect to the Bidding Procedures and the Assumption and Assignment Procedures. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

C. The bidding procedures attached hereto as Exhibit 1 (the "Bidding Procedures") are fair, reasonable and appropriate and are designed to maximize the value of the proceeds of Sale Transaction with respect to the Assets.

---

[3] Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when applicable.

D. The procedures set forth herein regarding the Debtors' assumption and assignment of executory contracts and unexpired leases (collectively, the "Contracts") in connection with any Sale Transaction (the "Assumption and Assignment Procedures") are fair, reasonable and appropriate and comply with the provisions of section 365 of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules.

E. The Debtors have articulated good and sufficient business reasons for the Court to approve (i) the Bidding Procedures; (ii) the form and manner of notice of the Bidding Procedures, the auction of the Assets (the "Auction") and the hearing to consider approval of any proposed Sale Transaction(s) (the "Sale Hearing"), substantially in the form attached hereto as Exhibit 2 (the "Notice of Auction and Sale Hearing"); (iii) the form and manner of notice to each relevant non-debtor counterparty to a Contract (each, a "Counterparty") of (a) the Debtors' calculation of the amount necessary to cure any defaults under an applicable Contract ("Cure Amounts") and (b) certain other information regarding the potential assumption and assignment of Contracts in connection with a Sale Transaction, substantially in the form attached hereto as Exhibit 3 (the "Notice of Assumption and Assignment"); and (iv) the Assumption and Assignment Procedures.

F. The Bidding Procedures are reasonably designed to promote participation in, and active bidding at, the Auction to ensure that the highest or otherwise best value is generated for the Assets.

G. The Notice of Auction and Sale Hearing and the Notice of Assumption and Assignment are appropriate and reasonably calculated to provide all interested parties with

timely and proper notice of the Auction, the Sale Hearing, the Bidding Procedures, the Assumption and Assignment Procedures, the Debtors' proposed Cure Amounts, any proposed assumption of a Contract in connection with a Sale Transaction and all relevant and important dates and deadlines with respect to the foregoing, and no other or further notice of the Auction, the sale of the Assets or the assumption and assignment of Contracts in connection therewith shall be required.

H. Good and sufficient business reasons exist for the Court to authorize the Debtors to enter into that certain *Asset Purchase Agreement* dated July 9, 2020 with the Stalking Horse Bidder (the "Stalking Horse Agreement") and to grant the break-up fee as set forth in the motion (the "Break-Up Fee").

I. The entry of this Order is in the best interests of the Debtors, their estates, creditors, and other parties in interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. All objections to the relief granted in this Order that have not been withdrawn, waived or settled, are hereby overruled and denied on the merits with prejudice; *provided*, *however*, any and all objections or reservations of rights with respect to the proposed sale (as opposed to the bidding procedures approved herein) are preserved along with any responses thereto.

**B.     The Stalking Horse Agreement**

3.     The Stalking Horse Agreement is approved as the Stalking Horse Bid and the Debtors and Stalking Horse Bidder are authorized to perform as required thereunder, subject to the Bidding Procedures.

4.     The Break-Up Fee contained in the Stalking Horse Agreement and as described in the Motion is approved, based on the substantial value the Stalking Horse Bid created for the Debtors' estates and the exercise of the Debtors' reasonable business judgment.  Notwithstanding anything to the contrary contained in the Stalking Horse Agreement or the Motion, the Stalking Horse shall not be entitled to the Expense Reimbursement, except as otherwise ordered by this Court.

**C.     The Bidding Procedures**

5.     The Bidding Procedures attached hereto as <u>Exhibit 1</u> are hereby  approved and incorporated herein by reference.  The Bidding Procedures shall govern the bids and proceedings related to the Auction and the sale of the Assets.  The Debtors are authorized to take all actions necessary or appropriate to implement the Bidding Procedures.

6.     Subject to this Order and the Bidding Procedures, the Debtors, in the exercise of their reasonable business judgment and in a manner consistent with their fiduciary duties and applicable law, and in consultation with the Consultation Parties, shall have the right to: (a) determine which bidders qualify as "Qualified Bidders" and which bids qualify as "Qualified Bids"; (b) determine the amount of each minimum overbid; (c) determine which Qualified Bid(s) is the highest or otherwise best bid(s) for the Assets (a "<u>Successful Bid</u>") and which Qualified

Bid(s) are the next highest and best bid(s) after the Successful Bid (the "Back-Up Bids"); (d) reject any bid that is (i) inadequate or insufficient, not in conformity with the requirements of this Order or any other order of the Court, the Bidding Procedures, the Bankruptcy Code or other applicable law or (iii) contrary to the best interests of the Debtors and their estates; (e) adjourn or cancel the Auction with respect to any or all of the Assets in accordance with the Bidding Procedures; and (f) adjourn the Sale Hearing with respect to a Sale Transaction involving any or all of the Assets in accordance with the Bidding Procedures.

7. In accordance with the Bidding Procedures, the Debtors, in the exercise of their reasonable business judgment and in a manner consistent with their fiduciary duties and applicable law, in consultation with the Consultation Parties, shall have the right to modify the Bidding Procedures, including to: (a) extend or waive deadlines or other terms and conditions set forth herein; (b) adopt new rules and procedures for conducting the bidding and Auction process; (c) if applicable, provide reasonable accommodations to a Stalking Horse Bidder; and (d) otherwise modify the Bidding Procedures to further promote competitive bidding for, and maximizing the value of, the Assets.

**D.   Bid Deadline and Auction**

8. Each person other than the Stalking Horse Bidder that intends to participate in the Auction must submit in writing to the Notice Parties (as defined in the Bidding Procedures) a Qualified Bid on or before **August 21, 2020 at 4:00 p.m. (Eastern Time)** (the "Bid Deadline").

9. If the Debtors receive more than one Qualified Bid for the Assets (inclusive of a Stalking Horse Bid), the Debtors shall conduct an Auction for the Assets.  With respect to Assets

for which the Debtors receives one Qualified Bid, the Debtors, in their reasonable business judgment, may consummate the Sale Transaction with the applicable Qualified Bidder (subject to Court approval).

10. The Auction, if required, will be conducted at the offices of Warner Norcross + Judd LLP, 1500 Warner Building, 150 Ottawa Avenue, NW, Grand Rapids, Michigan 49503 on **August 24, 2020 at 10:00 a.m. (Eastern Time)**, or such other date, time, and location (including by video conference) as designated by the Debtors after providing notice to the Notice Parties and all parties entitled to attend the Auction. The Auction shall be recorded and transcribed.

11. In the event the Debtors determine not to hold an Auction for some or all of the Assets, the Debtors shall promptly file with the Court and serve on the Notice Parties, a notice containing the following information (as applicable): (a) a statement that the Auction for the relevant Assets has been cancelled; (b) the identity of the Successful Bidder; (c) a copy of the Successful Bid or a summary of the material terms of such bid, including any assumption or assignment of Contracts contemplated thereby; and (d) the date, time and location of the Sale Hearing.

12. Only a Qualified Bidder that has submitted a Qualified Bid shall be eligible to participate in the Auction, subject to any other limitations as the Debtors may reasonably impose in accordance with the Bidding Procedures. Qualified Bidders participating in the Auction must appear in person at the Auction or through a duly authorized representative who has the ability to bind such Qualified Bidder. The Debtors may establish a reasonable limit on the number of representatives and/or professional advisors that may appear on behalf of or accompany each

Qualified Bidder at the Auction. Notwithstanding the foregoing, the Auction shall be conducted openly, and all creditors, their counsel, and any necessary advisors, shall be permitted to attend so long as such parties provide counsel for the Debtors two (2) business days' written notice of their intent to attend the Auction (subject to any security screening procedures set forth in the Notice of Auction and Sale Hearing).

13. Each Qualified Bidder participating in the Auction shall confirm in writing on the record that (a) it has not engaged in any collusion with respect to the Auction or the submission of any bid for any of the Assets; and (b) the Qualified Bid that gained the Qualified Bidder admission to participate in the Auction constitutes a binding, good-faith and *bona fide* offer to purchase the Assets identified in such bid.

14. Immediately following the closing of the Auction, the Debtors shall file with the Court and serve on the Notice Parties a notice setting forth the results of the Auction (the "Notice of Auction Results"), which shall (a) identify each Successful Bidder and each Back-Up Bidder; (b) include a copy of each Successful Bid and each Back-Up Bid or a summary of the material terms of such bids, including any assumption and assignment of Contracts contemplated thereby; and (c) set forth the date, time and location of the Sale Hearing and any other relevant dates or other information necessary to reasonably apprise the Notice Parties of the outcome of the Auction.

**E.      Sale Noticing and Objection Procedures**

15.     The Notice of Auction and Sale Hearing, substantially in the form attached hereto as Exhibit 2, is approved, and no other or further notice of the proposed sale of the Assets, the Auction, the Sale Hearing or the Sale Objection Deadline shall be required if the Debtors serve the Notice of Auction and Sale Hearing in the manner provided in the Bidding Procedures and this Order.

16.     By no later than three (3) calendar days after entry of this Order, the Debtors will cause the Notice of Auction and Sale Hearing and a copy of this Order to be sent by first-class mail, postage prepaid, to the following: (a) the Office of the United States Trustee for Region 9; (b) counsel to the Committee; (c) counsel to the Administrative Agent; (d) all non-Debtor parties to the Contracts and any parties who are known to claim interests therein; (e) all government agencies and entities required to receive notice under the Bankruptcy Rules; and (f) all parties that have requested notice or otherwise appeared in these chapter 11 cases (collectively, the "Sale Notice Parties").

17.     On or before three (3) calendar days after entry of this Order, the Debtors will serve the Notice of Auction and Sale Hearing on all creditors appearing on the Debtors' creditor matrix.

18.     Within two (2) business days after the conclusion of the Auction, the Successful Bidder shall complete and execute all agreements, contracts, instruments and other documents necessary to consummate the Successful Bid.  Consummation of any Sale Transaction pursuant to a Successful Bid shall be subject to Court approval.

19. All Good Faith Deposits shall be returned to each bidder not selected by the Debtors as the Successful Bidder or a Back-Up Bidder no later than seven (7) calendar days following the conclusion of the Auction.

20. All objections to any Sale Transaction (each, a "Sale Objection"), including (a) any objection to the sale of any Assets free and clear of liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code to a Successful Bidder and/or a Back-Up Bidder (as applicable) and (b) any objection to the entry of any Sale Order shall be (i) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; (ii) be filed with the Court; and (ii) served by no later than **August 25, 2020 at 5:00 p.m. (Eastern Time)** (the "Sale Objection Deadline") on the following: (i) counsel for the Debtors; (ii) counsel for the Administrative Agent; and (iii) counsel for the Committee (collectively, the "Objection Notice Parties").

21. Any party who fails to file and serve a timely Sale Objection in accordance with the terms of this Order shall be forever barred from asserting, at the Sale Hearing or thereafter, any Sale Objection, including to the consummation or performance of the applicable Sale Transaction(s) and the transfer of Assets to the applicable Successful Bidder free and clear of liens, claims, interests and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and shall be deemed to "consent" to such sale for purposes of section 363(f) of the Bankruptcy Code.

22. The Sale Hearing shall be held before the Court on **August 27, 2020 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel and interested parties may be heard; *provided*, the Debtors may seek an adjournment of the Sale Hearing, consistent with the Bidding Procedures.

The hearing will be conducted by videoconferencing using the Zoom Cloud Meeting Program/App. Any party or attorney who wishes to appear at the hearing must register by no later than **August 26, 2020 at 1:00 p.m**. Eastern time. Information about registration is available on the Court's website under Covid-19 Notices, https://www.miwb.uscourts.gov/covid-19-notices.

### F.     Assumption and Assignment Procedures

23.     The Notice of Assumption and Assignment, substantially in the form attached hereto as Exhibit 3, is approved, and no other or further notice of the Debtors' proposed Cure Costs with respect to the Contracts listed on a Notice of Assumption and Assignment is necessary or required.

24.     By no later than three (3) business days after the Court's entry of the Bidding Procedures Order, the Debtors shall file with the Court and serve on the applicable Counterparties the Notice of Assumption and Assignment. The Notice of Assumption and Assignment shall identify the calculation of the Cure Amounts that the Debtors believe must be paid to cure all defaults under the Assigned Contracts. If the Debtors or Successful Bidder identify additional executory contracts or unexpired leases that might be assumed by the Debtors and assigned to the Successful Bidder or that were not set forth in the original Notice of Assumption and Assignment, the Debtors will promptly file with the Court and send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.[4]

---

[4] The inclusion of any contract or unexpired lease of nonresidential real property on any Notice of Assumption and Assignment or Supplemental Notice of Assumption and Assignment shall not be an admission by the Debtors or their estates that any such contract or unexpired lease so included is an executory contract. Nor shall the inclusion of any contract or unexpired lease on any Notice

25. Any objection to the Debtors' proposed Cure Amounts (each such objection, a "Cure Objection") shall be: (a) in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; (b) filed with the Court; and (c) served on the Objection Notice Parties by no later fourteen (14) days after service of the Notice of Assumption and Assignment (the "Cure Objection Deadline").

26. The Debtors, in consultation with the Consultation Parties, and the objecting Counterparty shall first confer in good faith to attempt to resolve the Cure Objection without Court intervention. If the parties are unable to consensually resolve the Cure Objection prior to the commencement of the Sale Hearing, the Court shall make all necessary determinations relating to the applicable Cure Amounts and Cure Objection at the Sale Hearing. All other objections to the Debtors' proposed assumption and assignment of the Debtors' right, title and interest in, to and under a Contract shall be heard at the Sale Hearing.

27. If a timely Cure Objection cannot otherwise be resolved by the parties, the Cure Objection may be heard at the Sale Hearing or, at the Debtors' option, be adjourned to a subsequent hearing (each such Cure Objection, an "Adjourned Cure Objection"). An Adjourned Cure Objection may be resolved after the closing date of the applicable Sale Transaction. Upon resolution of an Adjourned Cure Objection and the payment of the applicable cure amount, if any, the Contract that was the subject of such Adjourned Cure Objection shall be deemed assumed and

---

of Assumption and Assignment or Supplemental Notice of Assumption and Assignment constitute an admission of liability by the Debtors or their estates or effectuate the assumption or assignment of such contract or lease, absent entry of an order of the Court approving the assumption and/or assignment of such contract or lease of nonresidential real property in conjunction or as part of the Sale Order.

assigned to the applicable Successful Bidder as of the closing date of the applicable Sale Transaction.

28. If a Counterparty fails to file with the Court and serve on the Objection Notice Parties a timely Cure Objection, the Counterparty forever shall be barred from asserting any objection with regard to the cost to cure any defaults under the applicable Contract. The Cure Amounts set forth in the applicable Notice of Assumption and Assignment shall be controlling and will be the only amount necessary to cure outstanding defaults under the Contract and satisfy the requirements of section 365(b) of the Bankruptcy Code, and the Counterparty to the Contract shall be bound by and deemed to have consented to the Cure Amounts.

29. In accordance with the Bidding Procedures, Qualified Bids shall be accompanied by information sufficient to demonstrate the Successful Bidder's proposed form of, and ability to provide, adequate assurance of future performance with respect to each Contract to be assumed and assigned ("Adequate Assurance Information"). The Debtors shall use commercially reasonable efforts to furnish all available Adequate Assurance Information to the applicable Counterparties as soon as reasonably practicable following their receipt of such information pursuant to the terms of the Notice of Assumption and Assignment. Counterparties shall be required to keep confidential any nonpublic Adequate Assurance Information, and Counterparties shall be permitted to file such nonpublic Adequate Assurance Information, if necessary, under seal without further order of the Court.

30. Any objection to the proposed assumption and assignment of a Contract, the subject of which objection is a Successful Bidder's (or any other relevant assignee's) proposed form of

adequate assurance of future performance with respect to such Contract (each such objection, an "<u>Adequate Assurance Objection</u>") shall (a) be in writing and state, with specificity, the legal and factual bases thereof and include any appropriate documentation in support thereof; be filed with the Court; and (c) served on the Objection Notice Parties by no later than **August 26, 2020 at 4:00 p.m. (Eastern Time)**.

31. The Debtors and a Counterparty that has filed an Adequate Assurance Objection shall first confer in good faith to attempt to resolve the Adequate Assurance Objection without Court intervention. If the parties are unable to consensually resolve the Adequate Assurance Objection prior to the commencement of the Sale Hearing, the Adequate Assurance Objection and all issues of adequate assurance of future performance of the applicable Successful Bidder (or any other relevant assignee) shall be determined by the Court at the Sale Hearing.

32. If a Counterparty fails to file with the Court and serve on the Objection Notice Parties a timely Adequate Assurance Objection, the Counterparty shall be forever barred from asserting any objection to the assumption and/or assignment of a Contract with regard to adequate assurance of future performance. The applicable Successful Bidder (or any other relevant assignee) shall be deemed to have provided adequate assurance of future performance with respect to a Contract in accordance with sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code and, if applicable, section 365(b)(3) of the Bankruptcy Code, notwithstanding anything to the contrary in the Contract or any other document.

33. Successful Bidders (including the Stalking Horse Bidder, if any, or Back-Up Bidder ultimately named a Successful Bidder) may, pursuant to the terms of an applicable asset purchase

agreement executed with the Debtors, designate (a) for assumption and assignment to the applicable Successful Bidder (or other relevant assignee) Contracts that were not originally included among the Assets to be acquired in connection with the applicable Successful Bid or for which the Successful Bidder had not determined to acquire or exclude as of the filing of the Notice of Auction Results and (b) Contracts that previously were included among the Assets to be acquired in connection with the applicable Successful Bid or for which the Successful Bidder had not determined to acquire or exclude as of the filing of the Notice of Auction Results as "excluded assets" that will not be assigned to or otherwise acquired by the Successful Bidder, by providing written notice of such designation to the Debtors.  The Debtors shall use commercially reasonable efforts to, as soon as reasonably practicable after the Debtors receive notice of any such designation and in any event within two (2) business days thereof, file with the Court and serve on the applicable Counterparties, a Designation Notice containing sufficient information to apprise Counterparties of the designation of their respective Contracts.

34. As soon as reasonably practicable after the closing of a Sale Transaction, and in any event within two (2) business days thereof, the Debtors shall file with the Court and serve on the applicable Counterparties, a notice containing the list of Contracts that the Debtors assumed and assigned pursuant to any asset purchase agreement with a Successful Bidder.

35. The inclusion of a Contract or Cure Amounts with respect to any Contract on any Notice of Assumption and Assignment, shall not constitute or be deemed a determination or admission by the Debtors, any Successful Bidder or any other party that such Contract is an executory contract or an unexpired lease within the meaning of the Bankruptcy Code, and shall

not be a guarantee that such Contract ultimately will be assumed or assigned. The Debtors reserve all of their rights, claims and causes of action with respect to each Contract listed on any Notice of Assumption and Assignment.

**G.     Other Related Relief**

36.     All persons and entities that participate in the Auction or bidding for Asset during the sale process shall be deemed to have knowingly and voluntarily (a) consented to the core jurisdiction of the Court to enter any order related to the Bidding Procedures, the Auction, or any other relief requested in the Motion or granted in this Order; (b) waived any right to a jury trial in connection with any disputes relating to the Bidding Procedures, the Auction or any other relief requested in the Motion or granted in this Order; and (c) consented to the entry of a final order or judgment in connection with any disputes relating to the Bidding Procedures, the Auction or any other relief requested in the Motion or granted in this Order, if it is determined that the Court would lack Article III jurisdiction to enter such a final order or judgment absent the consent of the relevant parties.

37.     Notwithstanding the applicability of any of Bankruptcy Rules 6004(h), 6006(d), or any other provisions of the Bankruptcy Rules, the terms and provisions of this Order shall be immediately effective and enforceable upon its entry and any applicable stay of the effectiveness and enforceability of this Order is hereby waived.

38.     The automatic stay pursuant to section 362 of the Bankruptcy Code shall be hereby lifted with respect to the Debtors to the extent necessary, without further order of the Court, to allow the Stalking Horse Bidder to deliver any notice provided for in the Stalking Horse

Agreement, including, without limitation, a notice terminating the Stalking Horse Agreement, and allow the Stalking Horse Bidder to take any and all actions permitted under the Stalking Horse Agreement in accordance with the terms and conditions thereof.

39. The Debtors are authorized to take all steps necessary or appropriate to implement the relief granted in this Order.

40. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

41. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

**END OF ORDER**

*Order prepared and submitted by:*

PACHULSKI STANG ZIEHL & JONES LLP
John W. Lucas
Jason Rosell
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 263-7000
and
WARNER NORCROSS + JUDD LLP
Elisabeth M. Von Eitzen (P70183)
1500 Warner Building
150 Ottawa Avenue, NW
Telephone: (616) 752-2418
evoneitzen@wnj.com
*Proposed Counsel to the Debtors*

**IT IS SO ORDERED.**




James W. Boyd
United States Bankruptcy Judge

**Dated July 22, 2020**