# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al*[1]

          Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

Jointly Administered

## ORDER SETTING BAR DATES FOR PROOFS OF CLAIM

The Court having reviewed the Debtors' *Motion for Entry of Order Setting Bar Dates for Proofs of Claim* (the "Bar Date Motion")[2] which was filed with this Court pursuant to sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Bar Date Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Bar Date Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Bar Date Motion and opportunity for a

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Bar Date Motion.

hearing on the Bar Date Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Bar Date Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. The bar dates for the filing of proofs of claim or interests in these cases are as follows:

    a. **General Bar Date**. Except as otherwise set forth herein, the last date and time for any entity to file proofs of claim based on claims against any Debtor that arose or are deemed to have arisen prior to June 3, 2020 (the "Petition Date") is **September 12, 2020** (the "General Bar Date"); [3]

    b. **Governmental Bar Date**. The last date and time for any governmental unit (as defined in section 101(27) of the Bankruptcy Code) to file proofs of claim based on pre-petition claims is **November 30, 2020** (the "Governmental Bar Date"); and

    c. **Rejection Damages Bar Date**. The last date and time for any entity holding claims arising from the Debtors' rejection of executory contracts and unexpired leases is **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) the date that is thirty days following entry of the order approving the Debtors' rejection of the applicable executory contract or unexpired lease** (the "Rejection Damages Bar Date").

2. Except as otherwise set forth herein, each of the following entities holding claims against the Debtors must file proofs of claim on or before the applicable bar date:

    a. any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to share in any distribution in any of these chapter 11 cases;

    b. any entity who believes that its claim is improperly classified in the Debtors' Schedules or is listed in an incorrect amount and who desires to

---

[3] Requests for allowance of an administrative expense pursuant to Section 503(b)(9) of the Bankruptcy Code must be asserted by filing a motion in the Debtors' lead bankruptcy case.

        have its claim allowed in a different classification or amount other than that identified in the Schedules; and

    c.    any entity that believes that its prepetition claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the schedules.

3.    The following requirements shall apply with respect to filing and preparing each proof of claim:

    a.    *Contents*. Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form B 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is ink.

    b.    *Identification of the Debtor Entity*. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A Proof of Claim filed under the joint administration case number (No. 20-01947) or otherwise without identifying a specific Debtor, will be deemed as filed only against Barfly Ventures, LLC.

    c.    *Supporting Documentation*. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that the creditor shall be required to transmit such writings to counsel for the Debtors, the Committee and/or any trustee appointed in these cases upon request no later than ten days from the date of such request.

    d.    *Timely Filing*. Each proof of claim must be filed with the Clerk of the United States Bankruptcy Court for the Western District of Michigan so as to be received on or before the applicable bar date either by:

        (i)    electronic submission through the website of the United States Bankruptcy Court for the Western District of Michigan, www.miwb.uscourts.gov), or

        (ii)    by non-electronic means by mailing the claim to: U.S. Bankruptcy Court for the Western District of Michigan, 1 Division Ave N, Room 200, Grand Rapids, MI 49503.

>A creditor electronically filing a proof of claim against any of the Debtors or their respective estates must file that proof of claim only in the particular chapter 11 case of the Debtor against whom such claim is asserted.

4. Any entity who is required, but fails, to file a proof of claim in accordance with this Order on or before the applicable bar date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

5. The Bar Date Notice that was attached as **Exhibit B** to the Bar Date Motion is approved. Debtors shall modify the Bar Date Notice only by inserting the bar dates set forth in paragraph 1 of this Order.

6. Debtors shall, within 24 hours of the entry of this Order, serve a copy of this Order, the Bar Date Notice, and a blank proof of claim form (Official Form B 410) on:

   (1) the United State Trustee;

   (2) all persons that have filed a request for notices in these Chapter 11 cases;

   (3) all known entities holding potential claims against the Debtors; and

   (4) all parties included on the Debtors' creditor matrix to the extent not included above.

7. The terms and conditions of this Order shall be immediately effective and enforceable.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Bar Date Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of Order.

**END OF ORDER**

Prepared by:
Rozanne M. Giunta
WARNER NORCROSS + JUDD LLP
715 E. Main Street, Suite 110
Midland, Michigan 48640
Telephone: (989) 698-3758
rgiunta@wnj.com
Counsel for the Debtors

**IT IS SO ORDERED.**



**Dated August 13, 2020**

James W. Boyd
United States Bankruptcy Judge