## UNITED STATES BANKRUPTCY COURT
## <u>WESTERN DISTRICT OF MICHIGAN</u>

In re:

BARFLY VENTURES, LLC, *et al,*[1]

                 Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

## DEBTORS' THIRD OMNIBUS MOTION FOR ENTRY OF AN ORDER REJECTING CERTAIN UNEXPIRED LEASES AND TO ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES AND TO APPROVE LANDLORD AGREEMENTS RELATED TO SAME

> **IF YOU HAVE RECEIVED THIS MOTION AND ARE A COUNTERPARTY TO AN AGREEMENT WITH BARFLY VENTURES, LLC OR ANY OF ITS DEBTOR AFFILIATES LISTED BELOW, PLEASE REVIEW THIS MOTION IN ITS ENTIRETY, INCLUDING <u>EXHIBIT A</u> ATTACHED TO THIS MOTION, TO DETERMINE IF THIS MOTION AFFECTS YOUR AGREEMENT AND YOUR RIGHTS THEREUNDER**

The above-captioned debtors and debtors in possession (the "<u>Debtors</u>"), by and through their undersigned counsel, file *Debtors' Third Omnibus Motion for Entry of an Order Rejecting Certain Unexpired Leases and to Abandon any Remaining Personal Property Located at the Leased Premises and to Approve Landlord Agreements Related to Same* (the "<u>Motion</u>") for entry of an order authorizing the rejection of certain unexpired leases of non-residential real property

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

(the "Rejected Leases"), each as set forth on **Exhibit A**, effective as of the date listed on each

exhibit (the "Rejection Effective Date").  In support of this Motion, the Debtors respectfully state

as follows:

## Jurisdiction and Venue

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.    The statutory and rule predicates for the relief sought herein are sections 365(a) and

554(a) of title of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3.    On June 3, 2020 (the "Petition Date"), the Debtors commenced these cases by filing

voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors have

continued in the possession of their property and have continued to operate and manage their

business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

4.    On June 23, 2020, the Office of the United States Trustee, pursuant to section

1102(a)(1) of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors (the

"Committee").

## Relief Requested

5.    Debtors seek the entry of an order, pursuant to sections 365, 554, and 363 of the

Bankruptcy Code and Bankruptcy Rule 6006, (a) authorizing and approving the Debtors' rejection

of the Rejected Leases, effective as of the Rejection Effective Date indicated on **Exhibit A**[2], (b) authorizing the Debtors to abandon any personal property located at the leased premises on the Rejection Effective Date, and (c) to approve the landlord agreements related to Rejected Leases.

6.    Debtors have already ceased or will cease operating by the Rejection Effective Date at the following restaurants (the "Leased Premises"):

| Debtor | Landlord | Restaurant Address | Rejection Effective Date |
|---|---|---|---|
| HopCat-Kansas City, LLC | Hood Westport, LLC Tholen Westport, LLC Irving Westport, LLC Manager: CAD Management, LLC | 401 Westport Road, Kansas City, Missouri 64111 | August 31, 2020 |
| HopCat-Lexington, LLC | Victorian Square, LLC | 410 West Short Street, Lexington, Kentucky 40507 | August 31, 2020 |
| HopCat-Madison, LLC | 222 Venture, LLP | 222 West Gorham Street, Madison, Wisconsin 53703 | August 31, 2020 |
| HopCat-Minneapolis, LLC | Nicollet Residences, LLC | 415 Nicollet Mall, Minneapolis, Minnesota 55401 | August 31, 2020 |

7.    As set forth in detail below, the relief requested is in the best interest of the Debtors' estates and creditors because the Debtors have ceased or will cease operations at the Leased Premises, have no further use for the Leased Premises, have vacated or will vacate each of the Leased Premises by the Rejection Effective Date, and the Debtors, in the exercise of their business judgment, do not believe that that the Rejected Leases have any net value to the Debtors' estates.

---

[2]  The Debtors reserve all rights with respect to the characterization of the Rejected Leases and any rejection or other damages that may be asserted.

8.      Absent the relief requested, Debtors may continue to be obligated to pay rent or other charges in respect of the Rejected Leases, even though Debtors no longer operate the Leased Premises and may have no other productive uses Leased Premises.  The prompt rejection of the Rejected Leases will reduce Debtors' expenses and maximize the value of Debtors estate.

9.      To the extent notice of the Debtors' intention to reject the Rejected Leases has not been previously provided or to the extent not previously rejected by the Debtors, the filing and service of this Motion serves as notice to the Counterparties of the Debtors' intention to reject the Rejected Leases listed on **Exhibit A**.

## Rejection of Unexpired Leases

10.      Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may … reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992).   "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also Leasing Service Corp. v. First Tenn. Bank Nat'l Assoc.*, 826 F.2d 434, 436 (6th Cir. 1987).

11.      The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the trustee.  *See NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *see also JRT, Inc. v. TCBY Systems, Inc. (In re JRT, Inc.)*, 121 B.R. 314, 321 (Bankr. W.D. Mich. 1990) ("In determining whether a contract is burdensome, courts have utilized a business judgment test.").  The business judgment standard

mandates that a court approve a trustee's business decision unless the decision is the product of bad faith, whim or caprice. *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

12.     Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

13.     If the trustee's or debtor's business judgment has been reasonably exercised, a court should approve the assumption or rejection of an unexpired lease or executory contract. *See, e.g., NLRB v. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

14.     In applying the business judgment standard, courts show great deference to the trustee's or debtor's decisions to reject. *See e.g., NRLB V. Bildisco & Bildisco*, 462 U.S. at 523 (1984); *In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003) (court should approve a debtor's decision to reject a contract unless that decision is the product of bad faith or a gross abuse of discretion); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

15.     Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Rejected Leases effective as of the Rejection Effective Date in order to avoid the possibility of incurring any additional expenses and costs.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date).  Furthermore, a court may permit retrospective rejection to avoid unduly exposing a debtor's estate to unwarranted postpetition administrative or other expenses.  *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (N.D. Tex. 1996); *see also In re Thinking Mach. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation."); *In re Jamesway Corp.*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Col. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

16.     The Debtors seek to reject the Rejected Leases, in accordance with principles of sound business judgment, based on the belief that the Rejected Leases are, and will continue to be, a burden to the Debtors' estates.  The Debtors have terminated their operations at the particular locations subject to the Rejected Leases, have no further use for and have vacated the Leased Premises, and the Rejected Leases no longer provide any economic benefit to the Debtors in connection with their operations at such locations.  Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net value that can be realized from an attempt to market and assign the Rejected Leases.[3]  As a result, the Debtors have determined that the cost

---

[3]  The Debtors reserve all of their rights with respect to the determination of whether any Rejected Lease has been or will have been terminated or breached.  Moreover, nothing herein may be deemed an admission that the Rejected Leases are enforceable obligations of the Debtors, are executory in nature, or that any of the landlords identified on Exhibit A have a valid claim against

to the Debtors of continuing to occupy the Leased Premises under the Rejected Leases, and of performing their obligations under the Rejected Leases and incurring unnecessary administrative expenses, will exceed any realistic sales price, and that rejection of the Rejected Leases is thus in the best interests of the Debtors' estates and creditors.  Finally, the Debtors do not believe that the value of any Rejected Lease will increase in the immediate future.  For all of the above reasons, the Debtors submit that rejection of the Rejected Leases is in the best interests of the Debtors' estates and creditors, and other parties in interest.

## Abandonment of Remaining Personal Property

17.     As discussed above, the Debtors have ceased operations at the locations subject to the Rejected Leases.  The Debtors believe that they have already removed or will remove by the Rejection Effective Date all of their owned personal property assets (the "Remaining Personal Property") currently located at the Leased Premises that has a value that would benefit the estates.

18.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Debtors have determined that the Remaining Personal Property is either: (i) burdensome to the estate to the extent that costs associated with removal and storage of this property is likely to exceed any net proceeds from the property; or (ii) of inconsequential value and benefit to the estate.  Accordingly, abandonment of the Remaining Personal Property reflects Debtors' exercise of sound business judgment and is in the best interests of Debtors, their estates, their creditors, and other parties in interest.

---

Debtors as a result of the lease rejection.  In any event, the Debtors do not believe that assumption of the Rejected Leases is in the best interests of their estates or their creditors and thus seek to reject the Rejected Leases pursuant to this Motion.

**Landlord Agreements**

19.    Debtors negotiated agreements with the following landlords regarding the payment of post-petition rent:

| Debtor | Landlord |
|---|---|
| HopCat-Kansas City, LLC | Hood Westport, LLC; Tholen Westport, LLC; Irving Westport, LLC; Manager: CAD Management, LLC |
| HopCat-Lexington, LLC | Victorian Square, LLC |
| HopCat-Minneapolis, LLC | Nicollet Residences, LLC |

20.    These landlord agreements provide in part, that, notwithstanding the provisions of 11 U.S.C. § 365(d) or other relevant Bankruptcy Code provisions, the relevant Debtor was able to pay reduced or no post-petition rent until and unless the respective lease was assumed.  Further, if the relevant lease was rejected, the respective landlord's post-petition rent claims will be treated as general unsecured claims.  Copies of the landlord agreements are attached as **Exhibit B**.

21.    Entry into the landlord agreements should be authorized under section 363(b) of the Bankruptcy Code.  Section 363(b)(1) provides, in relevant part, that "the trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course, property of the estate." Courts apply the business judgment standard when evaluating transactions under section 363(b). *In re Global Home Prods, LLC,* 369 B.R. 778, 783 (Bankr. D. Del. 2007).

22.    Entering into the landlord agreements benefits Debtors' estates because it reduces the amount of administrative expenses that Debtors would otherwise be required to pay in the event the relevant leases are rejected.  Thus, the Debtors' decision to enter into the landlord agreements is a sound exercise of their business judgment and is in the best interest of the Debtors', their estates, their creditors, and all parties in interest.

**Reasonable Notice Has Been Provided**

23.     Bankruptcy Rule 9014 provides, in part, that "reasonable notice and opportunity for hearing shall be afforded the party against whom the relief is sought." *See* Fed. R. Bankr. P. 9014(a).[4]  The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for a hearing "as [are] appropriate in the particular circumstances").

24.     The landlords of the Rejected Leases (the "**Landlords**") have received notice of Debtors' intent to reject the Rejected Leases by notice of this Motion.  Additionally, upon receipt of this Motion, the Landlords will receive notice of the effective date of the rejection and will have had an opportunity to object.  *See, e.g.*, *In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject).

25.     Since Debtors have already vacated, or will vacate by the Rejection Effective Date, the Leased Premises and will turn over possession on or before the Rejection Effective Date, Debtor submits that making the rejection for those premises effective as of August 31, 2020 is appropriate.  *See, e.g.*, *Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608-09 (2d Cir. 2007) (holding bankruptcy court did not abuse its discretion in finding balance of equities favored making rejection of a nonresidential lease of real property retroactive to date tenant vacated premises, as tenant's action provided landlord with opportunity to relet premises); *In re Amber's Stores*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed

---

[4] Rule 9014 is made applicable to a motion to reject by Bankruptcy Rule 6006(a), which provides that "[a] proceeding to . . . reject . . . an executory contract or unexpired lease, other than as part of a plan, is governed by Rule 9014." Fed. R. Bankr. P. 6006(a).

rejected as of the petition date due to equities of the case where debtor vacated premises and served motion to reject lease as soon as possible).

26.     Bankruptcy Rule 6006(f), in relevant part, requires that a motion to reject multiple executory contracts or unexpired leases:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;
>
> (2) list parties alphabetically and identify the corresponding contract or lease;
>
> . . .
>
> (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and
>
> (6) be limited to no more than 100 executory contracts or unexpired leases.

The purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of the parties to the Rejected Leases.  Counterparties must be able to locate their lease and readily determine whether their lease is being rejected.  Debtors have complied with the foregoing requirements of Bankruptcy Rule 6006(f).

27.     The Debtors may have claims against the Landlords arising under, or independently of, the Rejected Leases.  The Debtors do not waive such claims by the filing of this Motion or by the rejection of the Rejected Leases.

## Notice

28.     Notice of this Motion will be served on: (a) the Office of the United States Trustee for the Western District of Michigan; (b) counsel to the Committee; (c) Congruent Credit Opportunities Fund III, LP, Main Street Capital Corporation, and HMC Income Fund, Inc. c/o, CIIP Administrative, LLC (Debtors' secured lender); (d) the Landlords; and (e) creditors having

requested notice or otherwise appeared in this case.  Debtors submit that no other or further notice need be given in light of the circumstances of these cases.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the attached form, (i) granting the Motion, (ii) approving the rejection of the Rejected Leases effective as of the Rejection Effective Date, (iii) authorizing the Debtors to abandon any Remaining Personal Property at the Leased Premises on the Rejection Effective Date; (iv) approve Debtors' entry into the landlord agreements attached as Exhibit B to this Motion; and (v) granting such other and further relief as the Court may deem proper.

Dated: August 26, 2020                   Respectfully submitted,

                                         WARNER NORCROSS + JUDD LLP

                                         /s/ Elisabeth M. Von Eitzen
                                         Rozanne M. Giunta (P29969)
                                         Elisabeth M. Von Eitzen (P70183)
                                         Stephen B. Grow (P39622)
                                         1500 Warner Building
                                         150 Ottawa Avenue, NW
                                         Grand Rapids, Michigan 49503
                                         Telephone: (616) 752-2000

                                         PACHULSKI STANG ZIEHL & JONES LLP
                                         John W. Lucas
                                         Jason Rosell
                                         Steven W. Golden
                                         150 California Street, 15th Floor
                                         San Francisco, California 94111
                                         Telephone: (415) 263-7000

                                         *Counsel to the Debtors*

20573374-1

**EXHIBIT A**

**(Rejected Leases)**

## UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES TO BE REJECTED

| Non-Debtor Counterparty | Notice Address(es) | Debtor Lessee (Guarantor) | Leased Premises Address | Rejection Effective Date |
|---|---|---|---|---|
| 222 Venture, LLP | c/o Urban Land Interests, LLC 10 East Doty Street, Suite 300 Madison, Wisconsin 53703 | HopCat-Madison, LLC | 222 West Gorham Street, Madison, Wisconsin 53703 | August 31, 2020 |
| Hood Westport, LLC; Tholen Westport, LLC; Irving Westport, LLC | c/o CAD Management, LLC Attn: Wesley J. Carrillo 1100 Main Street, Suite 2121 Kansas City, Missouri 64105 | HopCat-Kansas City, LLC (Barfly Ventures, LLC) | 401 Westport Road, Kansas City, Missouri 64111 | August 31, 2020 |
| Nicollet Residences, LLC | c/o AEW Management LP 465 Nicollet Mall Minneapolis, Minnesota 55401 | HopCat-Minneapolis, LLC (BarFly Ventures, LLC) | 415 Nicollet Mall, Minneapolis, Minnesota 55401 | August 31, 2020 |
| Victorian Square, LLC | 401 West Main Street, Suite 313 Lexington, Kentucky 40507 | HopCat-Lexington, LLC (Mark A. Sellers, III) | 410 West Short Street, Lexington, Kentucky 40507 | August 31, 2020 |

## **EXHIBIT B**

**(Landlord Agreements)**

## AGREEMENT REGARDING PAYMENT OF RENT

HOPCAT-KANSAS CITY, LLC ("**Debtor**") and HOOD WESTPORT, LLC, a Missouri limited liability company, THOLEN WESTPORT, LLC, a Missouri limited liability company, LEPE WESTPORT, LLC, a Missouri limited liability company, and IRVING WESTPORT, LLC, a Missouri limited liability company, the owners, as tenants-in-common, of the Property, by CAD MANAGEMENT, LLC, a Missouri limited liability company ("**CAD**"), their Agent and Property Manager ("**Landlord**" and collectively with Debtor, "**the Parties**") enter into this Agreement Regarding Payment of Rent effective July 2nd, 2020 (the "**Agreement**").

### RECITALS

A.     Debtor leases the following premises from Landlord:

| Store Location ("Leased Premises") | Date of Lease ("Lease") |
|---|---|
| 401 Westport Road, Kansas City, MO 64111 | Triple Net Retail Lease dated May 18, 2016, as amended by a First Amendment to Triple Net Retail Lease dated December 18, 2016 and the Second Amendment to Triple Net Retail Lease dated November 25, 2019. |

B.     On June 3, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States District Court for the Western District of Michigan (the "**Bankruptcy Court**"), Case No. 20-01962, which is being jointly administered with BarFly Ventures, LLC, the Debtor's parent company, Case No. 20-01947 (collectively, the "**Bankruptcy Case**").

C.     Under the Lease, Debtor is obligated to pay Landlord rent, common area maintenance ("**CAM**"), additional rent, and other charges, costs, or expenses chargeable to Debtor under the Lease (collectively, "**Rent**").

D.     From April 1, 2020 to June 30, 2020, Debtor owes Landlord $106,733.73 in unpaid Rent (the "**Pre-Petition Unpaid Rent**"). Landlord acknowledges and agrees that Landlord has received payment in full of all Rent owing as of the Petition Date by the Debtor other than the Pre- Petition Unpaid Rent.

E.     The Landlord further agrees that the Pre-Petition Unpaid Rent is an unsecured pre-petition claim and that Landlord may not demand or otherwise attempt to collect the Pre-Petition Unpaid Rent while the automatic stay applies in the Bankruptcy Case.

F.     Debtor will continue to occupy the Leased Premises through the date Debtor either rejects or assumes the Lease under 11 U.S.C. § 365 (the "**Post-Petition Period**").

G.          Debtor acknowledges Landlord is entitled to monthly Rent in the amount of $35,577.91, from July 1, 2020 until the Lease is rejected or assumed (the "**Post-Petition Rent**"),

Remainder of page is blank

for the continued possession of the Leased Premises. The Post-Petition Rent is an administrative expense under 11 U.S.C. § 365(d) and 11 U.S.C. § 503(b).

## AGREEMENT

1.      **Post-Petition Rent Waiver**. While the Parties acknowledge Landlord is entitled to Post-Petition Rent for the continued possession of the Leased Premises, Landlord hereby agrees to reduce the monthly Post-Petition rent to $25,000 for July 2020 and $25,000 for August 2020, each payable on or before the fifth (5th) day of the respective month.Therefore, notwithstanding the requirements of 11 U.S.C. § 365(d), 11 U.S.C. § 503(b), and 11 U.S.C. § 363 and any other like provision in the Bankruptcy Code, the Parties agree that Debtor is not obligated to pay the remaining Post-Petition Rent that would otherwise be due except as set forth in Paragraphs 2, 3, and 4 of this Agreement.

2.      **Rejection of Lease**. If the Debtor's estate ultimately rejects the Lease pursuant to 11 U.S.C. § 365, both the Pre-Petition Unpaid Rent and the remaining Post-Petition Rent will be treated as general unsecured claims in the Bankruptcy Case.

3.      **Acceptance of the Lease.** If the Debtor's estate ultimately assumes the Lease pursuant to 11 U.S.C. § 365, Debtor or its assignee must cure the defaults by paying both the Pre-Petition Unpaid Rent, the waived Post-Petition Rent, and  any Post-Petition Rent then due.

4.      **Assumption of Lease**. In the event the Lease is assumed pursuant to 11 U.S.C. § 365, Debtor (or its assignee) must cure the defaults by paying both the Pre-Petition Unpaid Rent and the remaining Post-Petition Rent then due.

5.      **Notice.** Debtor agrees to provide Landlord notice by July 20, 2020 if it will to remain in possession of the Leased Premises for the month of August. If Debtor does not provide notice to Landlord that it will remain in possession of the Leased Premises for the month of August, Debtor shall reject the Lease and surrender the premises to Landlord on or before August 1, 2020. In connection with the sale of the Debtor's business, Debtor agrees to provide Landlord notice of the assumption of the lease or rejection of Lease.  In the event Debtor rejects the Lease, Debtor agrees to surrender the Premises on or before September 1, 2020, and shall comply with all other terms of the Lease prior to the rejection of the Lease, except as otherwise agreed to herein.

6.      **Right of First Refusal.**  In the event the Lease is rejected, Landlord shall have and maintain a right of first refusal to purchase all furniture, fixtures, and equipment (including all Trade Fixtures as defined in the Lease, bars and bar equipment) (collectively, the "Equipment) on the same terms and conditions granted to any person or entity not a party to the Lease or this Agreement.   Debtor and/or Debtor's estate shall notify Landlord, in writing, of the terms and conditions of the proposed purchase within 3 days of a third-party's written offer to purchase the Equipment along with any contract for the purchase of the Equipment.   Landlord shall have ten (10) business days to reject the offer or invoke its right of first refusal and purchase the equipment on the same terms as stated therein.

7.      **Terms of Lease Unchanged.**  Except as expressly stated herein, the terms and obligations contained in the Lease remain unchanged and shall remain in full force and effect.

8.      **Bankruptcy Court Approval.** Debtor will seek entry of an order that incorporates the provisions set forth herein and authorizes Debtor to enter into this Agreement. This Agreement will be null and void if the Court does not enter an order approving this Agreement. The Bankruptcy Court will retain jurisdiction over any disputes under this Agreement.

This Agreement is effective on the date set forth above.

**DEBTOR: HOPCAT-KANSAS CITY, LLC**

By: _____

   Interim CEO

Its: Authorized Signer

20340790-3

**LANDLORD:  HOOD  WESTPORT, LLC,  THOLEN  WESTPORT,  LLC, LEPE WESTPORT, LLC, and IRVING WESTPORT,  LLC,  by  CAD MANAGEMENT, LLC**

By: _____
   Andrew J Hood

Its: _____

## AGREEMENT REGARDING PAYMENT OF RENT

HOPCAT-LEXINGTON, LLC ("**Debtor**") and VICTORIAN SQUARE, LLC ("**Landlord**" and collectively with Debtor, "**the Parties**") enter into this Agreement Regarding Payment of Rent effective _____, 2020 (the "**Agreement**").

### RECITALS

A.    Debtor leases the following premises from Landlord:

| Store Location ("Leased Premises") | Date of Lease ("Lease") |
|---|---|
| 410 West Short Street, Lexington, KY 40507 | November 19, 2014, as amended by the First Amendment to Lease Agreement dated June 26, 2015 |

B.    On June 3, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States District Court for the Western District of Michigan (the "**Bankruptcy Court**"), Case No. 20-01963, which is being jointly administered with BarFly Ventures, LLC, the Debtor's parent company, Case No. 20-01947 (collectively, the "**Bankruptcy Case**").

C.    Under the Lease, Debtor is obligated to pay Landlord rent, common area maintenance ("**CAM**"), additional rent, and other charges, costs, or expenses chargeable to Debtor under the Lease (collectively, "**Rent**").

D.    From January 1, 2020 to June 30, 2020, Debtor owes Landlord $106,129.44 in unpaid Rent (the "**Pre-Petition Unpaid Rent**"). Landlord acknowledges and agrees that Landlord has received payment in full of all Rent owing as of the Petition Date by the Debtor other than the Pre-Petition Unpaid Rent.

E.    The Landlord further agrees that the Pre-Petition Unpaid Rent is an unsecured pre-petition claim and that Landlord may not demand or otherwise attempt to collect the Pre-Petition Unpaid Rent while the automatic stay applies in the Bankruptcy Case.

F.    Debtor will continue to occupy the Leased Premises through the date Debtor either rejects or assumes the Lease under 11 U.S.C. § 365 (the "**Post-Petition Period**").

G.    Debtor acknowledges Landlord is entitled to monthly Rent in the amount of $17,688.24, from July 1, 2020 until the Lease is rejected or assumed (the "**Post-Petition Rent**"), for the continued possession of the Leased Premises.  The Post-Petition Rent is an administrative expense under 11 U.S.C. § 365(d) and 11 U.S.C. § 503(b) and is adequate protection for the use and occupancy of the Leased Premises under 11 U.S.C. § 363.

## AGREEMENT

1.        **Post-Petition Rent Waiver**.   While the Parties acknowledge Landlord is entitled to Post-Petition Rent for the continued possession of the Leased Premises, Landlord hereby agrees to waive Debtor's obligation to pay Post-Petition Rent.   Therefore, notwithstanding the requirements of 11 U.S.C. § 365(d), 11 U.S.C. § 503(b), and 11 U.S.C. § 363 and any other like provision in the Bankruptcy Code, the Parties agree that Debtor is not obligated to pay Post-Petition Rent except as set forth in Paragraphs 2 and 3 of this Agreement.

2.        **Rejection of Lease**.  If the Debtor's estate ultimately rejects the Lease pursuant to 11 U.S.C. § 365, both the Pre-Petition Unpaid Rent and the Post-Petition Rent will be treated as general unsecured claims in the Bankruptcy Case.

3.        **Assumption of Lease**. In the event the Lease is assumed pursuant to 11 U.S.C. § 365, Debtor (or its assignee) must cure the defaults by paying both the Pre-Petition Unpaid Rent and the Post-Petition Rent then due.

4.        **Bankruptcy Court Approval.** Debtor will seek entry of an order that incorporates the provisions set forth herein and authorizes Debtor to enter into this Agreement.  This Agreement will be null and void if the Court does not enter an order approving this Agreement.  The Bankruptcy Court will retain jurisdiction over any disputes under this Agreement.

This Agreement is effective on the date set forth above.

**DEBTOR: HOPCAT-LEXINGTON, LLC**

By: _____
        Mark A. Sellers, III

Its: Authorized Signer _____

**LANDLORD: VICTORIAN SQUARE, LLC**

By: _____
        *Jeffrey R Anderson*

Its: Co-Manager _____

20340711-1

*Execution Version*

### AGREEMENT REGARDING PAYMENT OF RENT

HOPCAT MINNEAPOLIS, LLC ("**Debtor**") and NICOLLET RESIDENCES, LLC ("**Landlord**" and collectively with Debtor, "**the Parties**") enter into this Agreement Regarding Payment of Rent effective July 1, 2020 (the "**Agreement**").

### RECITALS

A.      Debtor leases the following premises from Landlord:

| Store Location ("Leased Premises") | Date of Lease ("Lease") |
|---|---|
| 415 Nicollet Mall, Minneapolis, MN 55401 | March 1, 2017, as amended by the First Amendment to Retail Lease dated June 12, 2017 |

B.      On June 3, 2020 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States District Court for the Western District of Michigan (the "**Bankruptcy Court**"), Case No. 20-01969, which is being jointly administered with BarFly Ventures, LLC, the Debtor's parent company, Case No. 20-01947 (collectively, the "**Bankruptcy Case**").

C.      Under the Lease, Debtor is obligated to pay Landlord rent, common area maintenance ("**CAM**"), taxes, additional rent, and other charges, costs, or expenses chargeable to Debtor as more fully described in the Lease (collectively, "**Rent**").

D.      From March 1, 2020 to June 30, 2020, Debtor owes Landlord $73,836.93 in unpaid Rent, plus all other charges, costs and expenses due under the Lease  (collectively, the "**Pre-Petition Unpaid Rent**"). Landlord acknowledges and agrees that Landlord has received payment in full of all Rent owing as of the Petition Date by the Debtor other than the Pre-Petition Unpaid Rent.

E.      The Landlord further agrees that the Pre-Petition Unpaid Rent is an unsecured pre-petition claim and that Landlord may not demand or otherwise attempt to collect the Pre-Petition Unpaid Rent while the automatic stay applies in the Bankruptcy Case.

F.      Debtor will continue to occupy the Leased Premises through the date Debtor either rejects or assumes the Lease under 11 U.S.C. § 365 (the "**Post-Petition Period**").

G.      Debtor acknowledges Landlord is entitled to monthly payments of Rent in the amount of $ (i) 22,191.80, for the month of July,2020, and  (ii) $22,696.38 from August 1, 2020 until the Lease is rejected or assumed (the "**Post-Petition Rent**"), for the continued possession of the Leased Premises.  The Post-Petition Rent is an administrative expense under 11 U.S.C. § 365(d) and 11 U.S.C. § 503(b) and is adequate protection for the use and occupancy of the Leased Premises under 11 U.S.C. § 363.

*Execution Version*

# AGREEMENT

1.       **Post-Petition Rent Waiver**.  While the Parties acknowledge Landlord is entitled to the Post-Petition Rent for the continued possession of the Leased Premises, Landlord hereby agrees to waive Debtor's obligation to pay Post-Petition Rent accruing through August 31, 2020. Therefore, notwithstanding the requirements of 11 U.S.C. § 365(d), 11 U.S.C. § 503(b), and 11 U.S.C. § 363 and any other like provision in the Bankruptcy Code, the Parties agree that Debtor is not obligated to pay Post-Petition Rent except as set forth in Paragraphs 2 and 3 of this Agreement.

2.       **Rejection of Lease**.  If the Debtor and/or the Debtor's estate ultimately rejects the Lease pursuant to 11 U.S.C. § 365, both the Pre-Petition Unpaid Rent and the Post-Petition Rent will be treated as allowed general unsecured claims in the Bankruptcy Case, without prejudice to Landlord's right to seek additional lease rejection damages to the fullest extent allowable under 11 U.S.C. § 365.

3.       **Assumption of Lease**. In the event the Lease is assumed pursuant to 11 U.S.C. § 365, Debtor (or its assignee) must pay both the Pre-Petition Unpaid Rent and the Post-Petition Rent then due as "cure" in satisfaction of 11 U.S.C. § 365(b)(1)(A) and otherwise satisfy 11 U.S.C. § 365, unless Landlord agrees to waive such requirements in writing in a separate agreement.

4.       **Bankruptcy Court Approval.** Debtor will seek entry of an order that incorporates the provisions set forth herein and authorizes Debtor to enter into this Agreement.  This Agreement will be null and void if the Court does not enter an order approving this Agreement.  The Bankruptcy Court will retain jurisdiction over any disputes under this Agreement.

This Agreement is effective on the date set forth above.

**DEBTOR: HOPCAT MINNEAPOLIS, LLC**

**LANDLORD: NICOLLET RESIDENCES, LLC**

By: _____
    Mark A. Sellers, III

By: _____
    Jim Young

Its: <u>Authorized Signer</u>

Its: <u>Authorized Signer</u>

20327803-2