UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al.*,[1]

Debtors.

_____/

Chapter 11
Hon. James W. Boyd
Jointly Administered
Case No. 20-01947-jwb

## SUPPLEMENTAL PROTECTIVE OBJECTON OF JK EAST BELTLINE REAL ESTATE LLC TO DEBTORS' PROPOSED SALE ORDER RE: ADEQUATE ASSURANCE

NOW COMES JK East Beltline Real Estate LLC, by its undersigned counsel, and for its Supplemental Protective Objection to the Debtors' Proposed Sale Order Re: Adequate Assurance, states as follows:

1. On June 3, 2020, Debtors commenced a voluntary case under Chapter 11 of Title 11 of the U.S. Code in the U.S. Bankruptcy Court for the Western District of Michigan.

2. JK East Beltline Real Estate LLC and HopCat – GR Beltline, LLC ("Debtor") entered into a nonresidential real estate lease dated September 28, 2017 for the premises located at 2183 East Beltline Avenue NE, Grand Rapids, Michigan where the Debtor operates a Bar and Restaurant (the "Lease").  BarFly Ventures, LLC guaranteed the Lease obligations.

3. On July 9, 2020, the Debtors filed a motion (the "Motion" Doc:#127) seeking

---

[1] The Debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274) 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), **HopCat– GR Beltline, LLC** (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a KC, LLC and TikiCat)(6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat- Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon)(4255).

various forms of relief, including the entry of an order (the "Sale Order") authorizing the sale of substantially all of the Debtors' assets free and clear of all liens, claims, encumbrances and other interests, and the assumption and assignment of certain related unexpired leases, including, *inter alia,* the JK East Beltline Real Estate LLC Lease with HopCat – GR Beltline, LLC.

4.   On August 19, 2020 JK East Beltline Real Estate LLC filed a Protective Objection to Debtors' Proposed Sale Order Re: Adequate Assurance (DN 268). The issues raised in the Protective Objection and the Exhibit attached therewith regarding the Liquor License remain at issue, except that payments have been received for July and August and applied to post-petition rental obligations of the Debtor.

5.   Subsequent to filing the Protective Objection, counsel for the Stalking Horse Bidder and CIP Administrative, LLC, as Administrative Agent e-mailed JK East Beltline Real Estate LLC's undersigned counsel a letter addressed 'To Whom It May Concern' titled 'Evidence of Adequate Assurance of Future Performance' and dated August 21, 2020 ("Evidence Letter"). A copy of the Evidence Letter is attached hereto as Exhibit A.

6.   The Evidence Letter, while long on words, is palpably short on actual information. The last sentence in Paragraph 2 states: "This letter and the attachments are being provided to you in accordance with paragraph 29 of the *Order (A) Approving Bidding Procedures and Scheduling Sale Hearing, (B) Approving the Form of the Asset Purchase Agreement, Including the Bid Protections, and (C) Granting Related Relief* [Docket No. 184], entered in the Sellers' chapter 11 cases on July 22, 2020." No attachments were included and nothing further has been provided to JK East Beltline Real Estate LLC either directly or

through its counsel.

7. While the Evidence Letter discloses that the Buyer is a newly created entity called Project BarFly, LLC formed by the Secured Lenders, it provides little to no hard information regarding the financial integrity and business stability of Project BarFly, LLC:

- There is no identification of the individual or individuals who will be operating and managing Project BarFly, LLC or running its HopCat – GR Beltline location.

- There is no identification of whether anyone associated with Project BarFly, LLC has ever owned or operated bars, restaurants or businesses similar to the Debtors'.

- There is no detail with respect to the capitalization of Project BarFly, LLC. The Evidence Letter summarily states that "The Buyer will be capitalized by a revolving credit facility to fund the working-capital and growth-capital needs of the business comprising the assets acquired through the Acquisition." No amounts or supporting financials are provided. Is the credit facility $1 Million or $10 Million?

- There is no information at all about the projected cash flow or the projected operating performance of Project BarFly, LLC.

- There is no indication of the manner or timing as to when the Debtors or Project BarFly, LLC will satisfy its obligations to cure the pre-petition defaults to bring the unexpired leases and executory contracts current either generally, or, specifically with respect to JK East Beltline Real Estate, LLC.

8. It appears that the Debtors and Buyer believe it is the obligation of the landlords to affirmatively seek information instead of the Buyer providing the landlords with the type of information normally provided by any party seeking to lease commercial real property. Bankruptcy Code 11 U.S.C. §365(b) puts an affirmative duty on the Debtors/Buyer to provide adequate assurance to the landlord, not for the landlords to seek out the information they require.

9. Also, Bankruptcy Code 11 U.S.C. §365(l) permits JK East Beltline Real Estate, LLC as lessor to require a deposit or other security for the performance of the obligations under the assigned lease, substantially the same as would have been required upon the initial leasing to a similar tenant. This requirement has not been discussed.

10. Given the de minimis amount of financial information provided by Project BarFly, LLC, its failure to provide any information about the parties who would actually be operating the Buyer, or the net worth of any proposed guarantor to its Lease, JK East Beltline Real Estate LLC has not been provided with adequate assurance of future performance.

11. At the present time, JK East Beltline Real Estate LLC is not in a position to evaluate the adequacy of Buyer as a tenant for its property. As a landlord, JK East Beltline Real Estate LLC routinely requires financial information regarding a tenant's proposed assignee, needs to know who is in management of the transferee and other similar information to evaluate the financial stability and business integrity of the proposed transferee. No material documentation regarding the financial status and projected business operations of the Buyer have been provided to date.

12. JK East Beltline Real Estate LLC has stipulated to an adjournment of the Sale

4

and Cure Hearings to September 15, 2020 and, while it anticipates that the Debtors and Stalking Horse Bidder will continue meaningful communications, the purported "Evidence" of adequate assurance of future performance is insufficient, rendering it imprudent, impractical and impossible for JK East Beltline Real Estate LLC to consent to the assumption and assignment of the HopCat – GR Beltline, LLC Lease at this time.

WHEREFORE, JK East Beltline Real Estate LLC prays that the Court deny the relief requested until such time as the Debtors and Project BarFly, LLC have complied with the requirements under the Bankruptcy Code to cure the prepetition defaults and provide adequate assurance that the Buyer will be able to perform all the obligations under the HopCat – GR Beltline, LLC Lease, in addition to such other and further relief as is just.

Respectfully submitted,

WARDROP & WARDROP, P.C.
Counsel for **JK East Beltline Real Estate LLC**

Dated: August 26, 2020

By: _____
Robert F. Wardrop II (MI Bar P31639)
Denise D. Twinney (MI Bar P40735)
300 Ottawa Avenue, NW, Suite 150
Grand Rapids, MI 49503
Telephone: (616) 459-1225
Facsimile: (616) 459-7273
E-Mails: bkfilings@wardroplaw.com
robb@wardroplaw.com
denise@wardroplaw.com

500501082520.Supplemental Protective Objection

5