**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BARFLY VENTURES, LLC, et al.,[1] | ) | Case No. 20-01947-jwb |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**MOTION FOR ORDER PROVIDING ADEQUATE PROTECTION OF PACA CLAIM**

Now comes creditor Gordon Food Service, Inc. ("GFS") hereby files its Motion for Order Providing Adequate Protection of PACA Claim (the "Motion"). In support of its Motion, GFS hereby states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory bases for the relief requested herein are sections 105, 361, and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a *et seq.* ("PACA").

**BACKGROUND**

3. GFS and certain of the Debtors are party to that certain Distribution Agreement dated April 23, 2018 (the "Distribution Agreement"). In addition to the Distribution Agreement,

---

[1] The Debtors and the last four digits of their federal employment identification number are: Barfly Ventures, LLC (8379); 9 Volt, LLC (d/b/a HopCat) (1129); 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684); GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130); E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334); HopCat-Ann Arbor, LLC (5229); HopCatChicago, LLC (7552); HopCat-Concessions, LLC (2597); HopCat-Detroit, LLC (8519); HopCatGR Beltline, LLC (9149); HopCat-Holland, LLC (7132); HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970); HopCat-Kalamazoo, LLC (8992); HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242); HopCat-Lexington, LLC (6748); HopCat-Lincoln, LLC (2999); HopCat-Louisville, LLC (0252); HopCat-Madison, LLC (9108); HopCatMinneapolis, LLC (8622); HopCat-Port St. Lucie, LLC (0616); HopCat-Royal Oak, LLC (1935); HopCat-St. Louis, LLC (6994); Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

CO\6500649.2

for each delivery location, GFS had the Debtors execute a Customer Account Application (collectively the "Applications," and with the Distribution Agreement, the "Agreements"). A copy of the Agreements is attached hereto as **Exhibit A**.

4. On June 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtor is currently operating as a debtor-in-possession.

5. Prior to the filing of their Chapter 11 cases, the Debtors ordered and received goods from GFS, including goods that qualify as "perishable agricultural commodities" under PACA (the "PACA Goods"). An accounting of the PACA Goods is attached hereto as **Exhibit B**. With each shipment, GFS provided the Debtors with an invoice itemizing the goods it delivered (the "Prepetition Invoices").[1]

## ARGUMENT

6. PACA establishes a statutory trust (the "PACA Trust") over all perishable agricultural commodities received by a dealer of said goods, and "all inventories of food or other products derived of perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products" for the benefit of unpaid suppliers or sellers of such commodities (the "PACA Trust"). 7 U.S.C. § 499e(c)(2). As authorized under PACA, the Secretary of the United States Department of Agriculture has promulgated regulations implementing the statutory scheme, including those specifically regarding the PACA trust. *See* 7 C.F.R. § 46.46. Courts have relied on these regulations while construing and enforcing PACA. *See, e.g., Tom Lange Co., Inc. v. Kornblum & Co., Inc. (In re Kornblum & Co., Inc.)*, 81 F.3d

---

[1] GFS previously provided the Debtors with copies of all invoices and with an accounting of its claim under PACA at the commencement of the case. The invoices are too voluminous to attach hereto, but can be made available to the Court upon request and to other parties in interest upon reasonable request. A representative Prepetition Invoice is attached hereto as **Exhibit C**.

280, 286 (2d Cir. 1996); *Sanzone–Palmisano Co. v. M. Seaman Enter., Inc.*, 986 F.2d 1010, 1011 n.1 (6th Cir. 1993). Under these cases, a PACA claimant, as a seller of eligible goods, has a trust claim against qualifying inventory and proceeds that trumps the claims and even the liens of the buyer's creditors. *In re Cherry Growers, Inc.*, 576 B.R. 569, 572 (Bankr. W.D. Mich. 2017).

7. PACA imposes PACA Trust obligations on commission merchants, dealers, or brokers of perishable agricultural commodities who fail to pay suppliers and sellers of such commodities. 7 U.S.C. § 499e. The Debtors are "dealers" as that term is defined in PACA because they are engaged in the business of buying perishable agricultural commodities in wholesale and jobbing quantities. 7 U.S.C. §499a(b)(6). GFS is a supplier and seller of perishable agricultural commodities, and all relevant times, has been the holder of an active PACA license bearing number 19162585. To perfect its interest in a PACA Trust, a PACA licensee can, among other things, include language on its invoices and billing statements giving notice to a purchaser of the licensee's intent to preserve its rights under PACA.

8. Assets subject to a PACA Trust are preserved in a non-segregated floating trust and may be commingled with non-trust assets. 7 C.F.R. § 46.46(b). Funds held in a PACA Trust are not property of a debtor's bankruptcy estate. 11 U.S.C. § 541(d); *Kornblum*, 81 F.3d at 284. Because of the floating nature of the PACA Trust, there is no tracing requirement with respect to PACA Trust assets. *Sanzone-Palmisano Co.*, 986 F.2d at 1013. Instead, the purchaser bears the burden of proving assets are from a non-trust source. *Sanzone-Palmisano Co.*, 986 F.2d at 1014; *In re Fresh Approach, Inc.*, 51 B.R. 412, 422 (Bankr. N.D. Tex. 1985). While the *Sanzone-Palmisano Co.* noted that it may be "virtually impossible" for most PACA purchasers to trace the source of their assets, "it is the outcome that Congress intended." *Sanzone-Palmisano Co.*, 986 F.2d at 1013. As the trustee of a PACA Trust, a debtor-in-possession is required to conform its conduct to that of a fiduciary for the PACA Trust beneficiaries. *In re Cherry Growers, Inc.*, 576 B.R. at 576. A PACA

Trust beneficiary is entitled to immediate payment if it so requests. *In re Fresh Approach, Inc.*, 51 B.R. 419 (citing *Matter of Quality Holstein Leasing*, 752 F.2d 1009, 1012 (5th Cir.1985)); *In re W.L. Bradley Co., Inc.*, 75 B.R. 505, 514 (Bankr. E.D. Pa. 1987); *but see In re Cherry Growers, Inc.*, 576 B.R. at 578 (finding, at least where estate has sufficient assets to satisfy PACA claims, PACA Trust beneficiary is entitled only to adequate protection and not immediate payment).

9. The Debtors have failed to pay GFS for amounts due and owing under the Prepetition Invoices, including amounts due and owing for PACA Goods. Each such invoice contained the language required by 7 U.S.C. § 499e(c)(4) to preserve and perfect GFS's interest in the PACA Trust. *See, e.g.*, Exhibit C. As a result, a PACA Trust exists for the benefit of GFS until Debtors make "full payment of the sums owing in connection with perishable agricultural commodities transactions." 7 U.S.C. § 499e(c)(2). This includes any interest and attorney's fees, which GFS is entitled to recover under the Agreement. *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701 (2nd Cir. 2007); *Middle Mountain Land and Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220 (9th Cir. 2002); *Country Best v. Christopher Ranch, LLC*, 361 F.3d 629 (11th Cir. 2004); *In re Fleming Companies, Inc.*, 316 B.R. 809, 815 (D. Del. 2004); *JC Produce Inc. v. Paragon Steakhouse Restaurants*, 70 F.Supp.2d 1119, 1123 (E.D. Cal. 1999); *E. Armata Inc. v. Platinum Funding Corp.*, 887 F.Supp. 590, 595 (S.D.N.Y. 1995); *Morris Okun, Inc. v. Zimmerman, Inc.*, 814 F.Supp. 346, 351 (S.D.N.Y. 1993).

10. Section 363(e) of the Bankruptcy Code provides:

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

11 U.S.C. § 363(e). A PACA Trust beneficiary is entitled to seek adequate protection of its interest in the PACA Trust under section 363(e). *In re Cherry Growers, Inc.*, 576 B.R. at 576.

11. As noted on Exhibit B, as of the filing of this Motion, the principal balance due for the PACA Goods totals $315,320.96. Further, accrued interest currently totals $29,214.18. And the attorney's fees GFS has incurred thus far pursuing amounts due under PACA (as opposed to attorney's fees spent on other matters in these bankruptcy cases) totals $4,650. Accordingly, GFS currently holds a claim under PACA totaling $349,185.14 (the "PACA Claim"), which shall continue to increase as additional interest and attorneys' fees are incurred.

12. Given recent events, the Debtors have accelerated their use of funds from the Debtors' general operating account, which has the necessary effect of reducing the funds available to satisfy PACA claims. While entitled to immediate payment of its PACA Claim, GFS only asks that the Court grant adequate protection by ordering the Debtors to establish a segregated account and fund same with operating account cash sufficient to satisfy the PACA Claim.

13. Nothing herein shall be construed as a waiver and GFS hereby reserves all rights in remedies it has with respect to any amounts due and owing.

WHEREFORE, GFS hereby requests that the Court enter an order:

A. Finding that GFS's PACA Claim constitutes a valid claim under PACA and is entitled to all of the protections therein;

B. Finding that the Debtors' assets are subject to a floating PACA Trust sufficient to satisfy GFS's PACA Claim;

C. Requiring Debtors to transfer, as adequate protection, funds in an amount sufficient to satisfy the PACA Claim from their operating account to a separate, segregated account to be held in trust for GFS pending resolution of these proceedings pursuant to section 363(e) of the Bankruptcy Code;

D. For such further relief as is just and proper.

Respectfully submitted,

**ICE MILLER LLP**

*/s/ Jason M. Torf*
Jason M. Torf
200 W. Madison Street, Suite 3500
Chicago, IL 60606-3417
Telephone: (312) 726-6244
Facsimile: (312) 726-6214
Email: Jason.Torf@icemiller.com

-and-

John C. Cannizzaro
250 West Street, Suite 700
Columbus, OH 43215
Telephone: (614) 462-1070
Facsimile: (614) 232-6923
Email: John.Cannizzaro@icemiller.com

*Counsel for Gordon Food Service, Inc.*