## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al,*[1]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

### STIPULATION TO ENTRY OF ORDER GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PURSUE CAUSES OF ACTION ON BEHALF OF THE DEBTORS' BANKRUPTCY ESTATES

Barfly Ventures, LLC, et al. (collectively, the "Debtors") and the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et. al. (the "Committee") state as follows in support of the entry of the *Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Causes of Action on Behalf of the Debtors' Bankruptcy Estates* attached hereto as **Exhibit 1** (the "Proposed Order"):

1.  On June 3, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code.

2.  The Debtors continue to operate their businesses as debtors in possession as permitted under sections 1107 and 1108.[2]

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

[2] Unless otherwise specified, statutory references set forth herein are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. References to the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __."

3.     On June 25, 2020, the Office of the United States Trustee for the Western District of Michigan appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 [Doc. No. 85].

4.     Pursuant to section 1103(c), the Committee is charged with various duties including, but not limited to, "investigat[ing] the acts, conduct, assets, liabilities and financial condition of the debtor..."  Moreover, section 1109(b) provides that "[a] party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter."

5.     In furtherance of its statutory duties, the Committee has engaged in a preliminary investigation of certain claims and causes of action that the estates may have (the "Sellers Claims") against one of their principles, Mark A. Sellers III ("Sellers").  Although its analysis of the Sellers Claims are in their early stages, the Committee believes that the estates may have certain merit worthy claims against Sellers.

6.     Any such claims and causes of action constitute property of the Debtors' bankruptcy estates and/or rights of the Debtors.  As such, only the Debtors are currently vested with authority and standing to pursue such claims and causes of action.

7.     Sellers filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 11, 2020 [Bankr. W.D. Mich. 20-02619] (the "Sellers Bankruptcy Case").

8.     On August 19, 2020, the Court entered the *Order and Notice of Claims Bar Date* [Doc. No. 20] in the Sellers Bankruptcy Case which, among other things, established September 30, 2020 as the deadline for parties to assert claims in the Sellers Bankruptcy Case.

9.     The Debtors and the Committee hereby stipulate to grant the committee derivative standing, thereby permitting the Committee to prosecute the Sellers Claims on behalf of the

Debtors' bankruptcy estates by, among other things, filing a proof of claim in the Sellers Bankruptcy Case. *See e.g., Canadian Pacific Forest Prods., Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.),* 66 F.3d 1436, 1438 (6th Cir. 1995) (bankruptcy courts authorized to grant derivative standing to permit creditors to pursue causes of action on behalf of estate); *Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567-68 (3d Cir. 2003) (same); *Fogel v. Zell*, 221 F.3d 955, 965 (7th Cir. 2000) (same).

**WHEREFORE,** the Debtors and the Committee respectfully request that the Court: (i) enter the Proposed Order, and (ii) grant any additional relief it deems appropriate.

Respectfully submitted by,

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **JAFFE RAIT HEUER & WEISS, P.C.** |
| | By:___/s/ Paul R. Hage_____ |
| By: _/s/ John W. Lucas | Paul R. Hage (P70460) |
| John W. Lucas | 27777 Franklin Road, Suite 2500 |
| Jason Rosell | Southfield, MI 48034 |
| 150 California Street, 15th Floor | Telephone: (248) 351-3000 |
| San Francisco, California 94111 | phage@jaffelaw.com |
| Telephone: (415) 263-7000 | |
| jlucas@pszjlaw.com | -and- |
| jrosell@pszjlaw.com | |
| | **SUGAR FELSENTHAL GRAIS & HELSINGER, LLP** |
| -and - | |
| | Michael A. Brandess |
| **WARNER NORCROSS + JUDD LLP** | Elizabeth Vandesteeg |
| | 30 N. LaSalle Street, Suite 3000 |
| Rozanne M. Giunta (P29969) | Chicago, IL 60602 |
| Elisabeth M. Von Eitzen (P70183) | Telephone: (312) 704-9400 |
| 1500 Warner Building | mbrandess@sfgh.com |
| 150 Ottawa Avenue, NW | evandesteeg@sfgh.com |
| Grand Rapids, Michigan 49503 | |
| Telephone: (616) 752-2000 | *Counsel to the Committee* |
| evoneitzen@wnj.com | |
| | |
| *Counsel to the Debtors* | |
| | |
| Dated: September 14, 2020 | |

**Exhibit 1**
**(Proposed Order)**

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al*,[3]

　　　　　　　Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

## ORDER GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PURSUE CAUSES OF ACTION ON BEHALF OF THE DEBTORS' BANKRUPTCY ESTATES

Upon the *Stipulation to Entry of Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Causes of Action on Behalf of the Debtors' Bankruptcy Estates* (the "Stipulation") filed by the Debtors[4] and the Committee; and the Court having reviewed the Stipulation;

**IT IS HEREBY ORDERED THAT:**

1.　　　The Committee is granted derivative standing and authority to prosecute the Sellers Claims on behalf of the Debtors' bankruptcy estates by, among other things, filing a proof of claim in the Sellers Bankruptcy Case.

2.　　　The Committee is authorized to take all actions it deems necessary or appropriate in connection with the authority granted in this Order, with the full rights and privileges of the

---

[3] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

[4] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Stipulation.

Debtors including, but not limited to, the right to enter into settlement negotiations and, subject to court approval, to settle the Sellers Claims.

3.      Except as otherwise expressly provided in the Stipulation and this Order, all parties reserve all of their rights, claims and defenses with respect to all matters, including with respect to the Sellers Claims.  For the avoidance of doubt, nothing in this Order or the Stipulation shall in any way constitute an admission by the Debtors regarding the validity of the Sellers Claims.

4.      This Court shall retain jurisdiction over all matters related to the interpretation, implementation, and enforcement of the Stipulation and this Order.

**END OF ORDER**

*Order prepared and submitted by:*

JAFFE RAITT HEUER & WEISS, P.C.
Paul R. Hage (P70460)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 840-9079)
phage@jaffelaw.com