UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
_____

In re:

BARFLY VENTURES, LLC, et al.,[1]

      Debtors.
_____/

Case No. BG 20-01947
Chapter 11
(Jointly Administered)

**ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR
VIRTUAL HEARING ON DEBTORS' SALE MOTION**

PRESENT:  HONORABLE JAMES W. BOYD
                   United States Bankruptcy Judge

On September 25, 2020, a hearing on the Debtors' motion to sell substantially all of their assets free and clear of all liens, claims and encumbrances (the "Sale Motion," *see* Dkt. No. 127) was held before this court. After taking initial argument on the Sale Motion, the court referred the contested matter to the court's Alternative Dispute Resolution ("ADR") Program. When ADR proved unsuccessful, the court determined to adjourn the Sale Hearing to October 13, 2020 at 9:00 a.m. The court determined to issue this scheduling order, setting deadlines for disclosure of witnesses and completion of limited discovery. Because the adjourned Sale Hearing will be conducted by Zoom videoconferencing, this order also outlines additional procedures for the virtual hearing.

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat- Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. **Disclosure of Witnesses**.  The Debtors, CIP Administrative, LLC (the "Administrative Agent"), the Official Committee of Unsecured Creditors (the "Committee"), and the Office of the United States Trustee shall each file a list identifying any lay or expert witnesses they intend to call in this contested matter with the court, and serve a copy upon all opposing counsel, on or before **September 30, 2020**.

2. **Discovery**.  The parties are permitted to engage in good faith discovery in this contested matter.  Discovery shall be completed by no later than **October 6, 2020**, unless extended by agreement of the parties.

3. **Submission of Electronic Exhibits to Court and Opposing Counsel**.  By no later than **October 9, 2020** at **2:00 p.m. Eastern Time**, the parties shall email electronic copies of any exhibits they intend to offer into evidence to the court at carrie_foster@miwb.uscourts.gov and to all opposing counsel.  The electronic exhibits must include *all* exhibits a party intends to rely upon at the evidentiary hearing, even if the exhibits have already been docketed as attachments other pleadings.

4. **Form of Electronic Exhibits**.  The exhibits shall be in PDF format and *should be combined into a single PDF file*.  Each individual exhibit should be *labeled* and *bookmarked* to ensure easy navigation.

5. **Objections to Exhibits Based on Authenticity**. Unless a written objection is filed with the court and a copy of the objection served upon the proponent of the exhibit on or before **October 12, 2020**, exhibits submitted electronically will be received into evidence at the hearing without the necessity of any further <u>authentication</u>; however, the parties may object to an exhibit for other reasons, such as hearsay or relevancy, and may argue the weight of an exhibit at the hearing.

6. **Remote Witness Testimony**.  In accordance with Federal Rule of Civil Procedure 43(a) (made applicable to this matter by Federal Rule of Bankruptcy

Procedure 9017), a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom for good cause and in compelling circumstances. The court finds that the COVID-19 pandemic constitutes good cause and presents compelling circumstances that justify permitting witnesses to testify by contemporaneous transmission from a different location ("Remote Witnesses").

7. **Responsibility for Remote Witnesses**. The party sponsoring a Remote Witness shall be responsible for supplying: (a) the Zoom hyperlink, Meeting ID, and password and (b) copies of all exhibits to the Remote Witness before the virtual hearing. If a Remote Witness does not have access to a program for viewing PDF files during the hearing, the party sponsoring the Remote Witness shall ensure the Remote Witness has a printed copy of all exhibits.

8. **Swearing-In of Remote Witnesses**. All Remote Witnesses shall be sworn in over Zoom videoconferencing and such testimony will have the same effect and be binding on the Remote Witness in the same manner as if such Remote Witness was sworn in by the judge or courtroom deputy in-person in open court. To the extent there is an error or malfunction with the videoconferencing system, the Remote Witness may be sworn in and testify via telephone only.

9. **Additional Safeguards**. As an additional safeguard for the allowance of Remote Witness testimony, the court may require the Remote Witness and/or the sponsoring party to provide information such as: (a) the location of the Remote Witness (city, state, country); (b) the place from which the Remote Witness will testify (e.g., home or office); (c) whether anyone is or will be in the room with the Remote Witness during the testimony, and if so, who and for what purpose; and (d) whether the Remote Witness will have access to any documents other than exhibits provided to the court and the parties, and if so, what documents.

10. **Appearing at the Adjourned Sale Hearing**. Parties who would like to appear at the evidentiary hearing on October 13, 2020 should consult the court's website, https://www.miwb.uscourts.gov/covid-19-notices, for information on

how to register. Parties who were registered to appear at the September 25, 2020 hearing do not need to re-register.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon: (a) counsel for the Debtors; (b) counsel for the Administrative Agent; (c) counsel for the Committee; (d) the Office of the United States Trustee; and (e) all parties registered to receive electronic notice through the court's CM/ECF system.

**END OF ORDER**

**IT IS SO ORDERED.**



**Dated September 28, 2020**

James W. Boyd
United States Bankruptcy Judge