## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al,*[1]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

## FINAL APPLICATION FOR APPROVAL OF
## CHAPTER 11 FEES OF MASTODON VENTURES, INC.

Mastodon Ventures, Inc. ("Mastodon") files its *Final Application for Approval of Chapter 11 Fees of Mastodon Ventures, Inc.* (the "Application"), and respectfully states as follows:

1.      On June 3, 2020 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      Mastodon was the duly appointed and acting investment banker to the Debtors.

3.      Mastodon incurred certain fees in connection with this case.

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

4.      The fees which are the subject of this Application were incurred from the Petition

Date through September 30, 2020 (the "Application Period").[2]

5.      During the Application Period, Mastodon's fees generally concerned the following

matters:

| Task | July | August | September |
|---|---|---|---|
| Create and distribute marketing materials and updates | 70% | 20% | 10% |
| Support buyer diligence | 10% | 60% | 70% |
| Interaction with company legal advisors-/court calls | 5% | 5% | 5% |
| Interaction with company FA - | 5% | 5% | 5% |
| Negotiation of transaction related documents | 5% | 5% | 5% |
| Update Company Board/management/prep buyer calls | 4% | 4% | 4% |
| Update UCC professionals | 1% | 1% | 1% |
| TOTAL | 100% | 100% | 100% |

6.      Pursuant to the *Order (I) Authorizing the Retention and Employment of Mastodon*

*Ventures, Inc. as Investment Banker to the Debtors Nunc Pro Tunc to the Petition Date, (II)*

*Waiving the Information Requirements of Local Rule 2016-2(d), and (III) Granting Related Relief*

(the "Retention Order"), Mastodon is entitled to the following fees:

(a)      Monthly fee of $25,000 for July, August, and September for a total of

$75,000.00.

(b)      Success fee in the amount of $350,000.00 (contingent on the sale closing).

7.      Pursuant to the *Order Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses of Professionals* (the "Procedures Order"), Mastodon has received

$60,000 of the monthly service fees.

8.      Mastodon has not incurred any expenses.

---

[2] Mastodon incurred additional fees from October 1, 2020 through the date of this Application, but Mastodon has agreed to waive these fees.

9.      No compensation has been paid or promised to Mastodon pursuant to this Application, except as set forth in paragraph 7.

10.     The services were necessary and proper and were rendered in the course of administration of the estate. The charges are reasonable and just and should be paid.

11.     Under the Retention Order, Mastodon is not required to maintain or submit to the Court records of detailed time entries in connection with the professional services it rendered.

12.     The $350,000 success fee will only be due and payable to Mastodon once the sale of Debtors' assets as provided for in the *Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of All Lines, Claims, Encumbrances, and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (Dkt. No. 363) closes.

13.     This is Mastodon's first and final application for compensation as investment banker for the Debtor.

14.     Under the Procedures Order, service of the paper copies of this Application is limited to Debtors, Debtors' Counsel, Counsel to the Unsecured Creditors' Committee, the United States Trustee, and Counsel to Congruent Credit Opportunities Fund III, LP, Main Street Capital Corporation, and HMC Income Fund, Inc. c/o, CIP Administrative, LLC.

        **WHEREFORE,** Mastodon requests that the Court enter an order attached as Exhibit A (a) awarding Mastodon compensation in the amount of $425,000, (b) approving the compensation of this Application as a final expense under 11 U.S.C. § 330; (c) allowing such compensation as a chapter 11 administrative expense claim of the estate pursuant to 11 U.S.C. § 503(b) and 507(a)(2); and (d) awarding Mastodon such other and further relief as the Court may deem just or proper.

Date: October 15, 2020

/s/ Robert S. Hersch
Robert S. Hersch
Senior Managing Director
Mastodon Ventures, Inc.
918 Congress Ave, Suite 100
Austin, TX 78701
Telephone: 512-498-1212
Email: rhersch@mastodonventures.com

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al,*[1]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

## ORDER APPROVING APPLICATION FOR PAYMENT OF
## PROFESSIONAL FEES OF MASTODON VENTURES, INC.

This matter has come before this Court upon the *Final Application for Approval of Chapter 11 Fees of Mastodon Ventures, Inc.* (the "Application"). Mastodon Ventures, Inc. ("Mastodon") is seeking payment of compensation in the total amount of $425,000 (of which $60,000 Debtors have already paid). This Court has reviewed the Application and determined that the fees sought therein are reasonable, were necessary, were actually incurred, and should be allowed and paid. Notice of the Application was properly given and no objections have been filed.

IT IS THEREFORE ORDERED:

1.    The Application is Granted.

2.    Mastodon is granted, on a final basis, compensation as follows:

      a.    Monthly fee of $25,000 for July, August, and September for a total of
            $75,000.00.

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

b. Success fee in the amount of $350,000.00 (contingent on the sale closing).

3. Debtors have already paid Mastodon Ventures, Inc. $60,000.00 of the $75,000 monthly fees pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Procedures Order").

4. Debtors are authorized and directed to pay the remaining monthly fees of $15,000.00 to Mastodon.

5. Debtors are authorized and directed to pay the $350,000.00 success fee only upon the closing on the sale of Debtors' assets as set forth in the *Order (I) Authorizing the Sale of Substantially all of the Debtors' Assets Free and Clear of All Lines, Claims, Encumbrances, and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (Dkt. No. 363).

6. This Court retains exclusive jurisdiction and power to resolve any dispute arising from or related to this Order.

**END OF ORDER**

*Order prepared and submitted by:*
WARNER NORCROSS + JUDD LLP
Elisabeth M. Von Eitzen (P70183)
1500 Warner Building
150 Ottawa Avenue, NW
Telephone: (616) 752-2418
evoneitzen@wnj.com
Counsel for Debtors

20798784-1