# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al*,[1]

             Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

## ORDER GRANTING DEBTORS' FIFTH OMNIBUS MOTION FOR ENTRY OF AN ORDER REJECTING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND TO ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES

Upon consideration of *Debtors' Fifth Omnibus Motion for Entry of an Order Rejecting Certain Executory Contracts and Unexpired Leases and to Abandon any Remaining Personal Property Located at the Leased Premises* (the "Motion")[2] of the the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order, pursuant to section 365 of Bankruptcy Code; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1. The Motion is GRANTED to the extent set forth herein.

2. The Rejected Contracts and Rejected Leases listed on the attached **Exhibit A** attached are rejected effective as of the date indicated on **Exhibit A**.

3. The Debtors are authorized to abandon any Remaining Personal Property located in the Corporate Office at 35 Oakes Street, SW, #400, Grand Rapids, Michigan 49503 pursuant to 11 U.S.C. § 554(a).

4. Within three (3) business days after entry of this Order, the Debtors will serve this Order on the Counterparty to each Rejected Contract or Rejected Lease.

5. The Counterparty to the Rejected Contract or Rejected Lease must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Contract or Rejected Lease or the rejection, breach, or termination of such Rejected Contract or Rejected Lease pursuant to the deadlines set forth in the *Order Setting Bar Dates for Proofs of Claim* (the "Bar Date Order") (Dkt. 248), failing which such claim or claims by the Counterparty will be forever barred. The Bar Date Order provides that the Rejection Damages Bar Date is the later of (a) the General Bar Date (September 12, 2020) or the Governmental Bar Date (November 30, 2020, as applicable, **or** (b) the date that is thirty days following entry of this Order. For the avoidance of doubt, nothing contained herein is intended to limit or otherwise affect the amount or type of claims that may be asserted by a Counterparty to a Rejected Contract or Rejected Lease against the Debtors.

6. Debtors and any other party-in-interest reserve all rights to contest any such rejection damage claim and to contest the characterization of each Rejected Contract or Rejected Lease, as executory or not, and to contest whether such Rejected Contract or Rejected Lease may have terminated prior to the Petition Date, or otherwise. Debtors do not waive any claims that they

may have against the Counterparty to any Rejected Contract or Rejected Lease, whether or not such claims are related to such Rejected Contract or Rejected Lease.  For the avoidance of doubt, nothing contained herein limits or otherwise affects the claims or defenses of the Counterparties to the Rejected Contract or Rejected Lease and all such claims and defenses are reserved.

7. Notwithstanding anything to the contrary contained in the Motion or this Order, the rights and claims of the Counterparties to the Rejected Contracts or Rejected Leases with respect to third parties are unaffected and reserved.

8. Notwithstanding the possible applicability of Rules 6004(g), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order is immediately effective and enforceable upon its entry.

9. Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**END OF ORDER**

*Order prepared and submitted by:*
WARNER NORCROSS + JUDD LLP
Elisabeth M. Von Eitzen (P70183)
1500 Warner Building
150 Ottawa Avenue, NW
Telephone: (616) 752-2418
evoneitzen@wnj.com
*Counsel for Debtors*