UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| BARFLY VENTURES, LLC, *et al.*,[1] | : | Case No. 20-01947-jwb |
| Debtors. | : | Jointly Administered |

**STIPULATION BY AND AMONG THE DEBTORS,
THE BUYER, AND THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE ENTRY OF AN AMENDED SALE ORDER**

This Stipulation (the "Stipulation") is entered into by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors"), Project BarFly LLC (together with its permitted successors, designees, and assigns, "Buyer"), and the Official Committee of Unsecured Creditors of the Debtors (the "Committee" and together with the Debtors and Buyer, the "Parties") for the purposes of amending the sale order [Docket No. 363] to authorize the Debtors to enter into a transition services agreement with the Buyer to facilitate the orderly transfer of liquor licenses:

**RECITALS**

A.   On October 15, 2020, the Court entered its *Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and*

---

[1]   The Debtors and the last four digits of their federal employment identification number are: Barfly Ventures, LLC (8379); 9 Volt, LLC (d/b/a HopCat) (1129); 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684); GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130); E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334); HopCat-Ann Arbor, LLC (5229); HopCat-Chicago, LLC (7552); HopCat-Concessions, LLC (2597); HopCat-Detroit, LLC (8519); HopCat-GR Beltline, LLC (9149); HopCat-Holland, LLC (7132); HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970); HopCat-Kalamazoo, LLC (8992); HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242); HopCat-Lexington, LLC (6748); HopCat-Lincoln, LLC (2999); HopCat-Louisville, LLC (0252); HopCat-Madison, LLC (9108); HopCat-Minneapolis, LLC (8622); HopCat-Port St. Lucie, LLC (0616); HopCat-Royal Oak, LLC (1935); HopCat-St. Louis, LLC (6994); Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

DOCS_SF:104385.3

*Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts And Unexpired Leases, and (III) Granting Related Relief* [Docket No. 363] (the "<u>Sale Order</u>").

B.     Pursuant to the Sale Order, the Debtors are authorized to sell substantially all of their assets, including liquor licenses, to the Buyer pursuant to that certain *Asset Purchase Agreement*, dated as of July 9, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "<u>Purchase Agreement</u>").

C.     The Purchase Agreement initially contemplated the entry of a transition services agreement to facilitate the orderly transition of the purchased assets, including liquor licenses, to the Buyer.  However, prior to the sale hearing, the Buyer informed the Debtors that it did not believe that a transition services agreement was necessary to effect the transactions contemplated in the Purchase Agreement.  Accordingly, the Buyer and Debtors agreed to modify the Purchase Agreement to remove the reference to the transition services agreement.

D.     In light of the this decision regarding a potential transition services agreement, the Sale Order, as proposed by the Debtors and as entered by this Court, provided that "the Debtors and Buyer are not entering into a transition agreement with respect to the Liquor Licenses (or otherwise) and as of the Closing Date the purchase and sale of alcohol shall be undertaken solely by the Buyer who will be solely responsible for the purchase and sale of alcohol related to the Continuing Restaurants."  Sale Order at ¶ 13.  The Sale Order also provided that "the Debtors shall have no post-Closing Date obligations to purchase or sell alcohol under the Liquor Licenses and all such sales shall be conducted by the Buyer, under existing Liquor Licenses to the greatest extent allowable under applicable law."  Sale Order at ¶ 15.

E.     Since the entry of the Sale Order, the Debtors and Buyer have met and conferred and agreed that a transition services agreement is desirable for providing the highest likelihood for

alcohol sales to continue uninterrupted during the transition of ownership from the Debtors to the Buyer after the Closing.

F.   The Parties desire to amend the Sale Order to authorize the Debtors to enter into a transition services agreement to facilitate the transfer of the liquor licenses and to continue to purchase and sell alcohol under the liquor licenses in accordance with such transition services agreement.

### STIPULATION

NOW, THEREFORE, the Parties, intending to be legally bound upon the joint execution and Bankruptcy Court approval of this Stipulation, agree as follows:

1.   <u>Amended Sale Order</u>.  The Parties agree and consent to the entry of the amended Sale Order in the form attached hereto as <u>Exhibit 1</u> (the "<u>Amended Sale Order</u>").  A comparison of the Amended Sale Order to the Sale Order is attached hereto as <u>Exhibit 2</u>.[2]

2.   The person who executes this Stipulation by or on behalf of each respective Party represents that he/she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

3.   This Stipulation may be executed in multiple counterparts, any of which may be transmitted by electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation.

*[Remainder of page intentionally left blank]*

---

[2] The exhibits are not included in the Blackline and remain unchanged from the original Sale Order.

Dated:  October 21, 2020        **WARNER NORCROSS + JUDD LLP**

/s/ *Elisabeth M. Von Eitzen*
Rozanne M. Giunta (P29969)
Stephen B. Grow (P39622)
Elisabeth M. Von Eitzen (P70183)
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2000

--and--

**PACHULSKI STANG ZIEHL & JONES LLP**

John W. Lucas (admitted *pro hac vice*)
Jason Rosell (admitted *pro hac vice*)
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 263-7000

*Counsel to the Debtors and Debtors in Possession*


**PAUL HASTINGS LLP**

*/s/ Matthew. M. Murphy*
Matthew M. Murphy, Esq.
Nathan S. Gimpel, Esq.
71 South Wacker Drive
Suite 4500
Chicago, Illinois 60606
Telephone:     (312) 499-6000
Facsimile:     (312) 499-6100
mattmurphy@paulhastings.com
nathangimpel@paulhastings.com

*Counsel for CIP Administrative, LLC and Project BarFly LLC*

**JAFFE RAIT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
phage@jaffelaw.com

-and-

**SUGAR FELSENTHAL GRAIS & HELSINGER, LLP**

Michael A. Brandess
Elizabeth Vandesteeg
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
(312) 704-9400
mbradness@sfgh.com
evandesteeg@sfgh.com

*Counsel for the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et al.*

20835894-1

DOCS_SF:104385.3