UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al,*[1]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

Jointly Administered

**STIPULATION TO ENTRY OF ORDER GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PURSUE CAUSES OF ACTION ON BEHALF OF THE DEBTORS' BANKRUPTCY ESTATES**

Barfly Ventures, LLC, et al. (collectively, the "Debtors") and the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et. al. (the "Committee") state as follows in support of the entry of the *Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Causes of Action on Behalf of the Debtors' Bankruptcy Estates* attached hereto as **Exhibit 1** (the "Proposed Order"):

1. On June 3, 2020 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of title 11 of the United States Code.[2]

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

[2] Unless otherwise specified, statutory references set forth herein are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. References to the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __."

2. On June 25, 2020, the Office of the United States Trustee for the Western District of Michigan appointed an Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 [Doc. No. 85].

3. Pursuant to section 1103(c), the Committee is charged with various duties including, but not limited to, "investigat[ing] the acts, conduct, assets, liabilities and financial condition of the debtor..." Moreover, section 1109(b) provides that "[a] party in interest, including . . . a creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter."

4. In furtherance of its statutory duties, the Committee has engaged in a preliminary investigation of certain claims and causes of action that the estates may have (collectively, the "Affiliate Claims") against two entities who are affiliates of the Debtors and/or their principle, Mark A. Sellers III: (i) MSSH, LLC d/b/a Max's South Seas Hideaway ("MSSH"), and (ii) Authentiki, LLC ("Authentiki"). Although its analysis of the Affiliate Claims are in their early stages, the Committee believes that the estates may have certain merit worthy claims against such entities.

5. Any such claims and causes of action constitute property of the Debtors' bankruptcy estates and/or rights of the Debtors. As such, only the Debtors are currently vested with authority and standing to pursue such claims and causes of action.

6. MSSH [20-03323-jwb] and Authentiki [20-03322-jwb] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on October 29, 2020 (the "Affiliate Bankruptcy Cases").

7. The Debtors and the Committee hereby stipulate to grant the committee derivative standing, thereby permitting the Committee to prosecute the Affiliate Claims on behalf of the

Debtors' bankruptcy estates by, among other things, filing a proof of claim in the Affiliate Bankruptcy Cases. *See e.g., Canadian Pacific Forest Prods., Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.),* 66 F.3d 1436, 1438 (6th Cir. 1995) (bankruptcy courts authorized to grant derivative standing to permit creditors to pursue causes of action on behalf of estate); *Official Comm. of Unsecured Creditors of Cybergenics Corp.*, 330 F.3d 548, 567-68 (3d Cir. 2003) (same); *Fogel v. Zell*, 221 F.3d 955, 965 (7th Cir. 2000) (same).

**WHEREFORE,** the Debtors and the Committee respectfully request that the Court: (i) enter the Proposed Order, and (ii) grant any additional relief it deems appropriate.

Respectfully submitted by,

**PACHULSKI STANG ZIEHL & JONES LLP**

By:   /s/ John W. Lucas
John W. Lucas
Jason Rosell
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 263-7000
jlucas@pszjlaw.com
jrosell@pszjlaw.com

-and -

**WARNER NORCROSS + JUDD LLP**

Rozanne M. Giunta (P29969)
Elisabeth M. Von Eitzen (P70183)
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2000
evoneitzen@wnj.com

*Counsel to the Debtors*

Dated: November 9, 2020

**JAFFE RAIT HEUER & WEISS, P.C.**

By:     /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
phage@jaffelaw.com

-and-

**SUGAR FELSENTHAL GRAIS & HELSINGER, LLP**

Michael A. Brandess
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Telephone: (312) 704-9400
mbrandess@sfgh.com

*Counsel to the Committee*

**Exhibit 1**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re:<br><br>BARFLY VENTURES, LLC, *et al*,[3]<br><br>Debtors.<br>_____/ | Chapter 11<br>Case No. 20-01947-jwb<br>Hon. James W. Boyd<br><br>Jointly Administered |

### ORDER GRANTING DERIVATIVE STANDING TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PURSUE CAUSES OF ACTION ON BEHALF OF THE DEBTORS' BANKRUPTCY ESTATES

Upon the *Stipulation to Entry of Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Causes of Action on Behalf of the Debtors' Bankruptcy Estates* (the "Stipulation") filed by the Debtors[4] and the Committee; and the Court having reviewed the Stipulation;

**IT IS HEREBY ORDERED THAT:**

1. The Committee is granted derivative standing and authority to prosecute the Affiliate Claims on behalf of the Debtors' bankruptcy estates by, among other things, filing a proof of claim in the Affiliate Bankruptcy Cases.

---

[3] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

[4] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Stipulation.

      2.      The Committee is authorized to take all actions it deems necessary or appropriate in connection with the authority granted in this Order, with the full rights and privileges of the Debtors including, but not limited to, the right to enter into settlement negotiations and, subject to court approval, to settle the Affiliate Claims.

      3.      Except as otherwise expressly provided in the Stipulation and this Order, all parties reserve all of their rights, claims and defenses with respect to all matters, including with respect to the Affiliate Claims. For the avoidance of doubt, nothing in this Order or the Stipulation shall in any way constitute an admission by the Debtors regarding the validity of the Affiliate Claims.

      4.      This Court shall retain jurisdiction over all matters related to the interpretation, implementation, and enforcement of the Stipulation and this Order.

**END OF ORDER**

*Order prepared and submitted by:*

JAFFE RAITT HEUER & WEISS, P.C.
Paul R. Hage (P70460)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 840-9079
phage@jaffelaw.com