UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

    Barfly Ventures, LLC, et al,[1]             Case No. BG20-01947
                                                    Chapter 11
                                                    Honorable James W. Boyd

                                                    Jointly Administered

                       Debtors./


UNITED STATES TRUSTEE'S MOTION REQUESTING THE AUTHORITY TO APPOINT
CHAPTER 11 TRUSTEE, OR ALTERNATIVELY
FOR THE CONVERSION OF THESE CASES TO ONE UNDER CHAPTER 7

Andrew R. Vara, United States Trustee for Regions 3 and 9 (the "United States Trustee"), pursuant to his authority under 11 U.S.C. Section 307 and 28 U.S.C. Section 586(a)(3), requests that the Court authorize the appointment of a Chapter 11 Trustee for each of these Chapter 11 cases pursuant to 11 U.S.C. Section 1104(a), or alternatively that the Court convert these cases to ones under Chapter 7 of the

---

[1] The Debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat)(6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon)(4255).

1

Bankruptcy Code pursuant to 11 U.S.C. Section 1112(b) for cause, for the following reasons:

1.  Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code.[2]

2.  Upon information and belief, the debtors' businesses consisted of operating 19 restaurants featuring casual dining and craft beers. (DN 4, paragraph 5.) The Chapter 11 filings were caused by a variety of factors, including but not limited to the COVID 19 pandemic, which has had a deleterious effect on the debtors' businesses. (DN 4, page 9, para. 20.)

3.  Prior to filing their Chapter 11 petitions, the debtors obtained an unsecured loan of approximately $6.6 million under the CARES Act (the "PPP loan"). The debtors' intent in obtaining this loan was to allow them to stabilize their business operations and continue to operate until the COVID-19 pandemic was over and the debtors were able to reopen their businesses. (DN 4, page 10, paragraphs 22 and 23.)

---

[2] This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See, United States Trustee v. Columbia Gas Sys., Inc., (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-6 (3d Cir. 1994)(noting that the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc., (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990)(describing the United States Trustee as a "watchdog"). *See also,* H.R. Rep. No. 95-595, at 4, 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 5966, 6049*; see also, e.g.*, *In re South Beach Secs.*, 606 F.3d 366, 370, 371 (7th Cir. 2010); *Curry v. Castillo (In re Castillo),* 297 F.3d 940, 951 (9th Cir. 2002); *In re Charges of Unprofessional Conduct 99-37 v. Stuart*, 249 F.3d 821, 824 (8th Cir. 2001); *A-1 Trash Pickup v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 776 (4th Cir. 1986).

4.      The debtors filed their petitions for relief under Chapter 11 on June 3, 2020.

5.      On July 9, 2020, the debtors filed a motion asking for the Court's approval of a sale of substantially all the debtors' business operations and related assets [DN 127]. The debtors obtained a stalking horse credit bid from an affiliate of their pre-petition lenders to start the bidding.

6.      In response to the motion, on July 17, 2020, the United States Trustee expressed, among other things, concern that the sale terms may not be beneficial to the estates or the creditors [DN 172].

7.      Upon information and belief, no competing bids were filed, and therefore, no auction was held. The debtors proceeded with the sale to the stalking horse bidder. (DN 314.)

8.      The Court held a status conference on the proposed sale on September 15, 2020. During that status conference the debtors reported to the Court that the PPP loan proceeds would be exhausted before the confirmation of any plan.

9.      The United States Trustee objected to the proposed sale for several reasons, including the argument that as the sale was a credit bid with no cash component, approval of the sale as proposed would not make the confirmation of a plan of reorganization more likely, but instead would lead to a secondary insolvency and a dismissal or conversion to Chapter 7, and that the terms of the proposed sale would be be disadvantageous to the estates and their creditors. (DN 328.)

10. The Unsecured Creditors' Committee also filed an objection to the proposed sale. (DN 329.)

11. The sale hearing was set for September 25, 2020. (DN 311.)

12. Late in the evening of September 24, 2020, the debtors filed an amended stalking horse agreement, a revised proposed sale order, and a wind down budget. (DN 334.)

13. The filing of the revised documents the evening before did not resolve the objections of the Committee and the United States Trustee.

14. After the conclusion of the opening statements, the Court referred the parties to mediation to be directed by the Honorable John T. Gregg. (DN 336.)

15. After several hours of mediation, Judge Gregg filed a Report Following Mediation stating that the result of the mediation effort was that the dispute had not been settled. (DN 337.)

16. After the mediation effort concluded, the Court reconvened the hearing and adjourned the hearing to October 13, 2020 at 9:00 am Eastern time for an evidentiary hearing by Zoom. (DN 339.)

17. The Court approved the proposed sale at the hearing on October 13, 2020. This approval was set forth in an Order of the Court approving the sale entered on October 15, 2020. (DN 363.)

18. On November 12, 2020, the debtors and the Official Committee of Unsecured Creditors filed a Joint Motion for the entry of an order: 1) substantively

consolidating the debtors' estates; 2) authorizing the wind down of the estates; 3) authorizing the rejection of contracts and leases; and 4) authorizing the debtors to certify that the estates may be converted to Chapter 7. (DN 388.) Attached to this Joint Motion was a proposed Initial Order (DN 388, page 17), and a proposed order converting the Debtors' Chapter 11 cases to Chapter 7. (DN 388, page 21.) (Hereinafter, The "Joint Motion.")

19. According to the Joint Motion, the sale closed on October 26, 2020, at 12:01 a.m. (Eastern Time). (DN 388, page 4, para. 11.) The Joint Motion further states that as a result of the closing, "the Debtors are no longer operating their businesses and have transferred substantially all of their assets to the Purchaser" but that the debtors are obligated by a Management Agreement and a Transition Agreement to provide certain transition services to the Purchaser, including among other things, "the purchase and sale of alcohol inventory at certain restaurant locations until appropriate liquor licenses can be obtained by the Purchaser." DN 388, at pages 4 to 5, para. 11.) Among the other results of the sale, the Joint Motion also reports, the estates will have an expenses fund of $225,000 and a wind-down budget sufficient to fund the projected wind-down costs and to pay the projected Chapter 11 administrative claims in full. (DN 388, page 5, para. 12.)

20. The Joint Motion alleges that these cases should be converted to Chapter 7 because cause for conversion exists, including a likely continuing loss to or diminution of the estates and the absence of a reasonable likelihood of rehabilitation.

(DN 388, page 12, para. 35 to 38.) The Joint Motion asks that the Court issue the conversion order once the debtors certify that that certain milestones have been achieved. (DN 388, pages 13 and 14, para. 39 to 41.)

### *Argument*

21. Section 1104 of the Bankruptcy Code provides as follows:

    (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
    (1) for cause… or
    (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

22. Section 1112(b)(1) of the Bankruptcy Code provides as follows:

    (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
    (4) For purposes of this subsection, the term "cause" includes –
       (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.

23. The Court should authorize the appointment of a Chapter 11 Trustee pursuant to Section 1104(a) or Section 1112(b), for the reason that in the Joint Motion the debtors and the Unsecured Creditors Committee have affirmatively alleged that

6

cause to convert these cases to Chapter 7 exists, in that there is a substantial or continuing loss to or diminution of the estate and an absence of a reasonable likelihood of rehabilitation.

*The Court Should Authorize the Appointment of a Chapter 11 Trustee at This Time*

24. The Debtors and the Official Unsecured Committee have asked for the conversion of these cases to Chapter 7, but not until after the completion of certain milestones. Although the milestones in themselves are not objectionable, the completion of these tasks will take some time. The Joint Motion proponents argue that these tasks can only and must be completed in Chapter 11.

25. The Joint Motion is set for hearing on December 10, 2020. If we wait until the milestones are achieved before converting to Chapter 7 and appointing an independent fiduciary, we may be trying to find such an independent fiduciary on New Year's Eve, or on some other holiday.

26. An independent Chapter 11 Trustee should be appointed now. This Chapter 11 Trustee could complete the milestones, perhaps with some assistance from the debtors.

27. Upon information and belief, the principal of the debtor, Mr. Sellers, may have directed one or more of the debtors to make a distribution to his former wife under their divorce settlement. The Official Unsecured Creditors' Committee has filed

a proof of claim in Mr. Seller's personal Chapter 11, and has obtained a limited extension of the time in which to file an objection to Mr. Seller's discharge, or an objection to the dischargeability of the debt owed to the estate. A Chapter 11 Trustee should be authorized now and appointed, without waiting for the completion of the milestones. That Chapter 11 Trustee could make sure that no deadlines were missed and that any claims or actions against Mr. Sellers or his estate were not lost through lack of funds, inadvertence or missed deadlines.

28. Instead of converting the cases to Chapter 7 at some future date to be determined by the debtors, as contemplated by the debtors, the Court should authorize the appointment of Chapter 11 Trustee in each of these cases. A Chapter 11 Trustee could review the cases for causes of action that should be pursued for the benefit of the estates or the creditors. These causes of action may include a cause of action to recover the funds the principal, Mr. Sellers, directed one or more of the debtors to make to his former wife as part of their divorce settlement. Reviewing that transaction, and pursuing its recovery, would present a conflict of interest for Mr. Sellers.

29. The appointment of a Chapter 11 Trustee is preferable to leaving these cases in the hands of current management. As noted above, the principal of the debtors, Mr. Sellers, appears to be subject to conflicts of interest because he caused the debtors to fund his divorce settlement with his ex-wife. Furthermore, Mr. Sellers has another conflict because he has guaranteed all the secured debts in these cases.

Mr. Sellers has testified at his 341 meeting that these guarantees were the cause for the filing of his personal Chapter 11 petition.

30. Inasmuch as these cases appear to be headed to Chapter 7 anyway, if the appointment of a Chapter 11 Trustee is not authorized now, the Court should put these cases into the hands of a Chapter 7 Trustee now.

For all the above reasons, the United States Trustee asks that the Court authorize the appointment of a Chapter 11 Trustee or Trustees for these cases, or alternatively, convert these cases to cases under Chapter 7, or that the Court grant such other relief as the Court may deem just.

                                  Respectfully submitted,
                                  ANDREW R. VARA
                                  United States Trustee
                                  Regions 3 and 9

Date:_____          By:_____
                                  By: */s/ Michael V. Maggio*
                                  Michael V. Maggio
                                  Trial Attorney
                                  Office of the United States Trustee
                                  United States Department of Justice
                                  The Ledyard Building, Second Floor
                                  125 Ottawa Avenue NW, Suite 200R
                                  Grand Rapids, Michigan 49503
                                  Tel: (616) 456-2002, ext. 114