UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al,*[1]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

Jointly Administered

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO CLAIM NO. 108 FILED BY MARK SELLERS III

The Official Committee of Unsecured Creditors of Barfly Ventures, LLC, *et al.* (the "Committee") hereby submits its objection (the "Objection") to Claim No. 108 (the "Claim") filed in the bankruptcy case of Barfly Ventures, LLC ("Ventures") by Mark Sellers III ("Sellers"). In support of the Objection, the Committee respectfully states as follows:

### Jurisdiction and Venue

1.  The Court has jurisdiction over this matter under sections 1334 and 157(a) of title 28 of the United States Code. This is a core proceeding under section 157(b)(2)(A) of title 28 of

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

the United States Code. Venue is proper in this district under sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory basis for the relief requested in this Objection is section 502 of the Bankruptcy Code[2] and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure.

### Background

3. On June 3, 2020 (the "Petition Date") the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The petitions were signed by Sellers.

4. That same day, the Debtors filed the *Declaration of Mark A. Sellers, III in Support of First Day Motions* [Doc. No. 4] (the "Declaration"). Therein, Sellers stated that the Declaration was based on his "personal knowledge of and familiarity with the Debtors' operations and finances." *See* Declaration, ¶ 2.

5. On July 10, 2020, Ventures filed its bankruptcy schedules [Doc. No. 130] (the "Ventures' Schedules"). There is no reference in the Ventures' Schedules to any debt owed to Sellers.

6. On July 17, 2020, the Debtors held their meeting of creditors pursuant to section 341(a). Sellers served as the Debtors' authorized representative at that meeting.

7. On July 23, 2020, the Debtors filed the *Motion for Entry of Order Setting Bar Dates for Proofs of Claim* [Doc No. 185] (the "Bar Date Motion") seeking, among other things, to establish a bar date for non-governmental creditors to file claims against the Debtors' estates.

---

[2] The Bankruptcy Code is set forth in 11 U.S.C. §§ 101 *et seq*. Specific sections of the Bankruptcy Code are identified herein as "section __." Similarly, specific rules from the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __."

2

8. On August 13, 2020, the Court granted the Bar Date Motion by entering the *Order Setting Bar Dates for Proofs of Claims* [Doc. No. 248] (the "Bar Date Order"). The Bar Date Order established September 12, 2020 as the claims bar date (the "Claims Bar Date") and provides, in pertinent part:

> Any entity who is required, but fails, to file a proof of claim in accordance with this Order on or before the applicable bar date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Moreover, such creditor shall be prohibited from voting to accept or reject any plan filed in these chapter 11 cases, participating in any distribution in these chapter 11 cases on account of such claim, or receiving further notices regarding such claim.

Bar Date Order, ¶ 4. According to a certificate of service filed by the Debtors on August 14, 2020 [Doc. No. 252], Sellers and his counsel received notice of the Bar Date Order.

9. On August 11, 2020, Sellers filed his own chapter 11 case in this Court. That case is pending under case number 20-02619-jwb (the "Sellers Case"). On August 31, 2020, Sellers filed schedules (the "Sellers Schedules") in the Sellers Case [Sellers' Case, Doc. No. 34]. The Sellers Schedules make no reference to the Claim (e.g., any debt owed by Ventures to Sellers).

10. On November 17, 2020, Sellers filed the Claim in the Ventures case in the amount of $1,244,310.41 for "Compensation due under Employment Agreement." The Claim provides that $6,820.00 should be treated as a priority claim under section 507(a)(2). An amended proof of claim was filed on November 25, 2020.

11. Sellers has not sought leave from the Court to seek approval of the late filing. No other excuse has been provided for its tardiness.

12. On November 12, 2020, after extensive negotiations, the Debtors and the Committee filed a joint motion seeking to substantively consolidate and convert the Debtors'

3

bankruptcy cases to chapter 7 [Doc. No. 388] (the "<u>Conversion Motion</u>"). A hearing on the Conversion Motion was held on December 10, 2020.

## **<u>Objection</u>**

13. Section 502(b) provides that:

> [if an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> * * *
>
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law….

11 U.S.C. § 502(b).

14. Bar dates are strictly enforced by bankruptcy courts. *See e.g., In re Eagle–Picher Industries, Inc.,* 158 B.R. 713, 716 (Bankr. S.D. Ohio 1993) ("Clearly, bar dates must be enforced except in unusual circumstances."); *Midland Cogeneration Venture Ltd. v. Enron Corp. (In re Enron Corp.),* 419 F.3d 115, 123 (2d Cir. 2005) ("the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced – where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar."); *In re Keene Corp.,* 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995) ("The bar date is akin to a statute of limitations, and must be strictly observed."); *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.),* 937 F.2d 833, 840 (2d Cir. 1991) ("[A] bar order does not function merely as a procedural gauntlet, but as an integral part of the reorganization process.").

15. In this case, Sellers filed the Claim months after the Claims Bar Date. Sufficient notice of the Claims Bar Date was provided. Sellers did not provide any excuse for the late filing. He did not seek leave of Court to file a late filed claim.

16.     Moreover, Sellers is not a typical party in interest. By his own admission, he founded the Debtors and has personal knowledge and information about the Debtors' finances. Sellers meaningfully participated in Ventures' case, and served as the Debtors' authorized representative.  Sellers had several months to file a claim before the Claims Bar Date. He failed to do so until two months later.

17.     The Debtors' cases will likely be converted to cases under chapter 7 in the near future.  The Committee has undertaken comprehensive negotiations with the Debtors, their prepetition lenders and key unsecured creditors in the hope of procuring a distribution for unsecured creditors. Allowing the Claim could materially depress any recovery to such unsecured creditors.

## Reservation of Rights

18.     The Claim should be disallowed because it was not timely filed. However, should the Court deny this Objection, the Committee reserves, on behalf of itself and any chapter 7 trustee to be appointed in these cases, the right to object to the Claim on alternative grounds. This reservation is particularly relevant given that a chapter 7 trustee will likely undertake a more comprehensive review of the relationship and transactions between Sellers and the Debtors in the coming months.

## Notice

19.     Notice of this Objection has been given to (a) Sellers; (b) the Office of the United States Trustee; and (c) all other parties that requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee submits that no further notice is necessary or required.

5042657.v2

**WHEREFORE**, the Committee respectfully requests that the Court: (i) disallow the Claim, and (ii) grant the Committee such other and further relief as the Court may deem just and proper.

Respectfully submitted by,

**JAFFE RAIT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
phage@jaffelaw.com

-and-

**SUGAR FELSENTHAL GRAIS & HELSINGER, LLP**

Michael A. Brandess
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Phone: (312) 704-9400
mbrandess@sfgh.com

*Counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et al.*

Dated: December 22, 2020.

**Exhibit 1**
**(Notice)**

5042657.v2

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al,*[3]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

Jointly Administered

**NOTICE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OBJECTION TO CLAIM NO. 108 FILED BY MARK SELLERS III**

The Official Committee of Unsecured Creditors of Barfly Ventures, LLC *et al.* (the "Committee") has filed an objection to your claim in this bankruptcy case.

**Your claim may be reduced, modified, or eliminated. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to eliminate or change your claim, then on or before **January 21, 2021**, you or your lawyer must:

1. File with the Court, at the address below, a written response to the objection. Unless a written response is filed and served by the date stated above, the Court may decide that you do not oppose the objection to your claim.

United States Bankruptcy Court for the Western District of Michigan
1 Division Ave N, Room 200
Grand Rapids, MI 49503

---

[3] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

5042657.v2

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2. A copy of your response must also be mailed to counsel for the Committee:

>Jaffe Raitt Heuer & Weiss, P.C.
>Attn: Paul R. Hage
>27777 Franklin, Suite 2500
>Southfield, MI 48034
>phage@jaffelaw.com

If you or your attorney does not take these steps, the Court may decide that you do not oppose the objection to your claim, in which event the objection may be sustained without a hearing.

Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
phage@jaffelaw.com

-and-

**SUGAR FELSENTHAL GRAIS & HELSINGER, LLP**

Michael A. Brandess
30 N. LaSalle Street, Suite 3000
Chicago, IL 60602
Phone: (312) 704-9400
mbrandess@sfgh.com

*Counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et al.*

Dated: December 22, 2020.

5042657.v2

**Exhibit 2**
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al,*[4]

                Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

Jointly Administered

### ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO CLAIM NO. 108 FILED BY MARK SELLERS III

Upon the *Official Committee of Unsecured Creditors' Objection to Claim No. 108 Filed by Mark Sellers III* (the "Objection") filed by the Official Committee of Unsecured Creditors seeking entry of an order disallowing and expunging Claim No. 108 filed by Mark Sellers (the "Claim"); and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334; due and proper notice of the objecting having been given; and the Court having reviewed the Objection and finding that good and sufficient cause exists for the relief provided herein;

**IT IS HEREBY ORDERED THAT:**

---

[4] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

5042657.v2

1. The Objection is sustained.

2. The Claim is disallowed and expunged in its entirety pursuant to section 502(b) of the Bankruptcy Code.

3. This Court shall retain jurisdiction over all matters related to the interpretation, implementation, and enforcement of the Stipulation and this Order.

**END OF ORDER**

*Order prepared and submitted by:*

JAFFE RAITT HEUER & WEISS, P.C.
Paul R. Hage (P70460)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 840-9079)
phage@jaffelaw.com

5042657.v2