UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et. al.*,[1]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL &
JONES LLP, AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION
FOR THE PERIOD FROM JUNE 3, 2020 THROUGH MARCH 1, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered on June 30, 2020 [Docket No. 113] (the "Compensation Procedures Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits its *First and Final Application for Compensation and for*

---

[1] The Debtors and the last four digits of their federal employment identification number are: Barfly Ventures, LLC (8379); 9 Volt, LLC (d/b/a HopCat) (1129); 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684); GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130); E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334); HopCat-Ann Arbor, LLC (5229); HopCat-Chicago, LLC (7552); HopCat-Concessions, LLC (2597); HopCat-Detroit, LLC (8519); HopCat-GR Beltline, LLC (9149); HopCat-Holland, LLC (7132); HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970); HopCat-Kalamazoo, LLC (8992); HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242); HopCat-Lexington, LLC (6748); HopCat-Lincoln, LLC (2999); HopCat-Louisville, LLC (0252); HopCat-Madison, LLC (9108); HopCat-Minneapolis, LLC (8622); HopCat-Port St. Lucie, LLC (0616); HopCat-Royal Oak, LLC (1935); HopCat-St. Louis, LLC (6994); Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

*Reimbursement of Expenses for the Period of June 3, 2020 through March 1, 2021* (the "Final Application").[2]

By this Final Application PSZ&J seeks a final allowance of (i) compensation in the amount of $358,230.00; (ii) actual and necessary expenses in the amount of $1,439.46; and (iii) $2,500.00 for the preparation of the Final Application; for a total final award of $362,169.46 and payment of the unpaid portion of such fees and expenses for the period June 3, 2020 through March 1, 2021 (the "Compensation Period").

**Background**

1. On June 3, 2020 (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in these chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about June 30, 2020, the Court signed the Compensation Procedures Order, authorizing certain professionals ("Professionals") to submit monthly fee statements ("Monthly Statements") for compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Compensation Procedures Order further provides, among

---

[2] If the Firm incurs any other fees or expenses after the filing of the Application, the Firm will supplement the application for the Court's consideration in accordance with the procedures set forth below.

other things, that if no objections are made within seven (7) days after service of the Monthly Statement the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Professionals may also file and serve interim fee applications approximately every 120 days. All fees and expenses paid are on an interim basis until final allowance by the Court. Pursuant to the Compensation Procedures Order, PSZ&J has submitted five Monthly Statements for services rendered and expenses incurred from June 3, 2020 through and including October 31, 2020 and has received payment of 80% of fees and 100% of expenses on account of its five filed Monthly Statements. As of the date of this Final Application, PSZ&J has not received any objections to its Monthly Statements.

4.  The retention of PSZ&J, as Counsel for the Debtors, was approved effective as of June 3, 2020 by this Court's *Order Authorizing and Approving the Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date* entered on July 22, 2020 [Docket No. 187] (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses. PSZ&J agreed with the Debtors to charge its regularly hourly rates but reduce its fees to the extent that the blended-hourly attorney rate exceeds $750 per hour on a cumulative basis. The discounts reflected herein are a result of such agreement.

## PSZ&J's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5. In connection with professional services rendered to the Debtors in this case during the Compensation Period, PSZ&J seeks allowance and payment of compensation in the total amount of $358,230.00 and reimbursement of expenses in the amount of $1,429.46, plus the sum of $2,500.00 for the preparation of this Final Application for a total final allowance of $362,169.46 (the "Total Compensation").

6. Of the Total Compensation amount requested, PSZ&J has already been paid a total of $272,155.69 in fees, and $1,049.13 in expenses, pursuant to the terms of the monthly fee notice procedures detailed in the Compensation Procedures Order, under which PSZ&J was permitted to receive 80% of the fees sought and 100% of expenses sought, on a monthly basis, subject to approval through a subsequent interim and/or final fee application process (*see* Monthly Statements; Docket Numbers 192, 263, 322, 349 and 396). This Final Application now seeks final approval of the total amount of fees and expenses through March 1, 2021, including the monthly amounts previously received and the remaining 20% holdback amounts for those months.

7. PSZ&J agreed with the Debtors to charge its regularly hourly rates but wrote-off fees to the extent that the blended-hourly attorney rate exceeded $750 per hour on a cumulative basis. Therefore, the amounts sought under each Monthly Statement summarized below are net of a total write-off of $22,450.00:

| Monthly Period | Docket No. | Fees | Less Discount | Expenses | Total Requested | Total Paid per Compensation Procedures Order | Outstanding Balance |
|---|---|---|---|---|---|---|---|
| June 2020 | 192 | $97,817.50 | ($9,775.00) | $6.65 | $88,049.15 | $88,049.15 | $0.00 |
| July 2020 | 263 | $86,932.50 | ($5,562.50) | $652.09 | $82,022.09 | $74,486.88 | $7,535.21 |
| August 2020 | 322 | $34,465.00 | ($1,975.50) | $355.84 | $32,845.34 | $0.00 | $32,845.34 |
| September 2020 | 349 | $60,230.00 | ($3,534.50) | $0.00 | $56,695.50 | $45,356.40 | $11,339.10 |
| October 2020 | 396 | $81,880.00 | ($727.50) | $390.39 | $81,542.89 | $65,312.39 | $16,230.50 |
| Stub Period (November 2020 – March 1, 2021) | N/A | $19,355.00 | ($875.00) | $34.49 | $18,514.49 | $0.00 | $18,514.49 |
| Totals | | $380,680.00 | ($22,450.00) | $1,439.46 | $359,669.46 | $273,204.82 | $86,464.64 |

8. Upon approval of this Final Application, the unpaid balance of $86,464.64 may be paid by the Debtors to PSZ&J. This amount consists of 67,950.15 (the remaining 20% holdback from the Monthly Statements), $18,480.00 in fees and $34.39 in expenses (the full amount of fees and expenses sought for the period of November 1, 2020 through March 1, 2021.

9. PSZ&J's legal services in these cases are described in detail in the time entries included in the Monthly Statements. In further support of this Final Application the following Exhibits are attached, **for file copy only**, as follows:

Exhibit A   Itemization of fees and expenses included in First Monthly Statement [Docket No. 192];

Exhibit B   Itemization of fees and expenses included in Second Monthly Statement [Docket No. 263];

Exhibit C   Itemization of fees and expenses included in Third Monthly Statement [Docket No. 322];

Exhibit D   Itemization of fees and expenses included in Fourth Monthly Statement [Docket No. 349];

Exhibit E   Itemization of fees and expenses included in Fifth Monthly Statement [Docket No. 396]; and

Exhibit F   Itemization of fees and expenses incurred during the stub period of November 1, 2020 through March 1, 2021.

10. The services rendered by PSZ&J during the Compensation Period are grouped into various categories, and the attorneys and paraprofessionals who rendered those services are identified—along with the number of hours spent by each individual and the total compensation sought for each category—in the attachments to this Final Application. Brief descriptions of the services rendered by PSZJ during the Compensation Period, by category, follow:

**A.    Asset Disposition**

11. The Firm, among other things: (i) prepared for and conducted a sale process with the Debtors' professionals, including preparation of a stalking horse asset purchase agreement, confidentiality agreement, and sale and bid procedures motion; (ii) addressed sale issues; (iii) conferred with estate professionals regarding the potential sale of FF&E; (iv) addressed lease rejection issues; addressed sale projections and wind-down budget; and (v) addressed post sale hearing issues.

    Total Hours: 280.40   Total Fees: $227,635.00

**B.    Bankruptcy Litigation**

12. The Firm, among other things, addressed liquor license issues at various leased locations.

    Total Hours: 3.00   Total Fees: $2,175.00

**C.    Business Operations**

13. The Firm addressed various operational issues of the Debtors, including, but not limited to: (i) post-petition order deliveries; (ii) post-petition customer programs and use

of credit cards; (iii) analyzing post-petition budgets; and (iv) assisting the Debtors with the preparation of their monthly operating reports.

      Total Hours: 10.20   Total Fees: $8,085.00

**D.** **Case Administration**

   14. The Firm maintained a work in progress report, communicated with the Debtors' professionals regarding monthly operating report issues; performed research regarding conversion of the cases and prepared a motion to convert and substantively consolidate in connection therewith, and addressed wind down issues post conversion.

      Total Hours: 32.90   Total Fees: $24,002.50

**E.** **Corporate Governance/ Board Matters**

   15. The Firm attended regular board meetings to discuss case status and operational matters.

      Total Hours: 7.90   Total Fees: $6,397.50

**F.** **Claims Administration/ Objection**

   16. The Firm, among other things: (i) addressed inquiries from creditors regarding various claim issues, analyzed PACA claims; (ii) performed research regarding enforcement of loan right issues; (iii) addressed PPP use issues; and (iv) prepared a complaint regarding PPP funds and use.

      Total Hours: 24.70   Total Fees: $19,717.50

G.   **Compensation of Professionals**

17.   The Firm, among other things, prepared its monthly fee statements, conferred with estate professionals regarding fees and prepared the instant Final Application.

Total Hours:  8.40          Total Fees:  $5,470.00

H.   **Compensation of Processionals/ Others**

18.   The Firm billed minimal time to this category addressing retention issues of estate professionals.

Total Hours:  .10           Total Fees:  $72.50

I.   **Employee Benefits/ Pension**

19.   The Firm reviewed and analyzed employment and severance agreements and addressed issues in connection therewith.

Total Hours:  2.90          Total Fees:  $2,232.50

J.   **Executory Contracts**

20.   The Firm addressed several issues in connection with lease rejections, lease amendments and lease payments; prepared a motion to reject leases and prepared cure notices in connection therewith; addressed equipment removal issues from leased locations

Total Hours:  13.60         Total Fees:  $10,370.00

K.   **First Day**

21.   The Firm reviewed and analyzed objections to certain of the Debtors' "first day" motions, made revisions to final orders in connection therewith; addressed issues with the U.S. Trustee; and revised "second day" motions;

      Total Hours: 13.80   Total Fees: $10,242.50

**L.** **<u>Financing</u>**

  22. The Firm, among other things: (i) reviewed and analyzed the PPP fund analysis; (ii) addressed PPP fund use issues; analyzed waterfall projections; (iii) reviewed the lender settlement agreement regarding use of cash collateral; (iv) performed research in connection with SBA PPP Rules and Regulations regarding use and forgiveness of loan; and (v) analyzed PPP objection and addressed issues in connection with use of loan proceeds.

      Total Hours: 27.50   Total Fees: $21,537.50

**M.** **<u>General Creditors' Committee</u>**

  23. The Firm, among other things, responded to inquiries regarding the formation of a creditors' committee, conferred with counsel for the appointed official committee of unsecured creditors (the "<u>Committee</u>") and addressed informal information requests; addressed sale issues with the Committee; and conferred with the Committee regarding general

      Total Hours: 9.80   Total Fees: $7,995.00

**N.** **<u>Hearings</u>**

  24. The Firm prepared for and attended the various hearings held during the pendency of theses cases.

      Total Hours: 26.50   Total Fees: $20,822.50

**O.** **<u>Insurance Coverage</u>**

  25. The Firm addressed insurance financing and D&O coverage issues.

      Total Hours: .90   Total Fees: $617.50

P.    **Retention of Professionals**

26.    Time billed to this category relates to the preparation of the Firm's retention application.

    Total Hours: .80    Total Fees: $630.00

Q.    **Retention of Professionals/ Other**

27.    The Firm assisted estate professionals with the preparation and filing of their retention applications and addressed issues in connection therewith.

    Total Hours: 6.00    Total Fees: $4,530.00

R.    **Schedules/ SoFA**

28.    The Firm, among other things, addressed issues related to requesting an extension of time to prepare the schedules of assets and liabilities and statements of financial affairs for each of the Debtors.

    Total Hours: .20    Total Fees: $165.00

S.    **Stay Litigation**

29.    The Firm reviewed the order granting Innovo's stay relief motion.

    Total Hours: .10    Total Fees: $72.50

T.    **U.S. Trustee Related Issues**

30.    The Firm, among other things: (i) prepared for and participated in the initial debtor interview (the "IDI"); (ii) responded to inquiries from the U.S. Trustee regarding the IDI; and (iii) prepared for and attended the section 341(a) meeting of creditors;

    Total Hours: 9.60    Total Fees: $7,910.00

31. The compensation sought under this Final Application represents a fair and reasonable amount for the services rendered during the Compensation Period, given the criteria set forth in section 330 for evaluating applications for compensation, namely:

    a.    the time spent on such services;

    b.    the rates charged for such services;

    c.    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    d.    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    e.    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    f.    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

32. Detailed itemizations of all expenses incurred during the Compensation Period are included in **Exhibits A-F** attached hereto and incorporated herein by reference. A summary of the expenses incurred by category during the Compensation Period are as follows:

| Expense Category | Amount |
|---|---|
| Working Meals | $ 36.56 |
| Conference Call | $227.87 |
| CourtLink – Online Research | $ 78.41 |
| Federal Express | $ 18.25 |
| Filing Fee | $ 70.00 |
| Lexis/Nexis – Legal Research | $275.67 |
| Pacer – Court Research | $434.40 |
| Transcript | $298.30 |
| **Grand Total** | **$1,439.46** |

33. All expenses incurred by PSZ&J in connection with its representation of the Debtors were ordinary and necessary expenses. It is PSZ&J's policy to charge its clients in all areas of practice for all other out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, Court filing fees, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZ&J charged the Debtors for these expenses in a manner and at rates consistent with charges made generally to PSZ&J's other clients. PSZ&J believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

34. This Final Application is PSZ&J's first request for allowance of fees and expenses as an administrative expense for services performed as counsel to the Debtors. Under this Final Application, PSZ&J seeks an order (a) allowing and approving on a final basis Total Compensation to PSZ&J of $360,730.00 for professional services rendered, and reimbursement of $1,439.46 for actual and necessary expenses incurred by PSZ&J during the Compensation Period; and (b) authorizing payment to PSZ&J for amounts approved under the Final Application to the extent not already paid by the Debtors pursuant to the Compensation Procedures Order.

35. PSZ&J received payment from the Debtors during the year prior to the Petition Date in the approximate amount of $148,474.35. To date, PSZ&J has been paid a total of $273,204.82 by the Debtors for its postpetition fees and expenses incurred in these Chapter 11 cases during the Compensation Period pursuant to the Compensation Procedures Order. Such amount has not been shared, and no agreement or understanding exists between PSZ&J and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these chapter 11 cases. Presuming this Final Application is approved in its entirety, the outstanding amount owed to PSZ&J for unpaid fees and expenses during the Compensation Period will be $88,964.64.

## SUPPLEMENTAL FEES

36. Because there may be other actions that need to be taken prior to conversion of these cases in order to aid the soon to be appointed chapter 7 trustee in successfully maximizing the recovery to unsecured creditors, PSZ&J may need to continue providing some services between the date of the filing of this Final Application and the conversion date. It would be problematic if PSZ&J was obliged to cease all work following the filing of this Final Application.

37. Accordingly, no later than eight days before submitting its proposed order approving this Final Application, PSZ&J will file a supplemental fee statement with any additional time or expenses incurred (the "Supplemental Fee Statement") subsequent to the Compensation Period. PSZ&J will serve the Supplemental Fee Statement on the notice parties set forth in the Compensation Procedures Order and such notice will provide that such parties will have a period of seven days to file any objections to the Supplemental Fee Statements. If no

objections are timely filed, then the fees and expenses set forth in the Supplemental Fee Statement will, subject to Court approval, likewise be deemed allowed on a final basis.

38. The foregoing procedure is appropriate in this case because: (i) PSZ&J estimates that the aggregate fees and expenses set forth on the Supplemental Fee Statement will be minimal, (ii) the funds to be utilized to pay amounts requested in the Supplemental Fee Statement are capped by the Wind-Down Budget, (iii) the funds to be utilized to pay amounts requested in the Supplemental Fee Statement will not impact the estate because, pursuant to the Sale Order, any unused funds will be returned to the Prepetition Secured Lenders upon conversion of these cases, and (iv) any fees and expenses exceeding that cap set forth in the Wind-Down Budget will be voluntarily disallowed.

## NOTICE

39. In compliance with Bankruptcy Rule 2002(a)(6), Local Bankruptcy Rule 2016- 2(c), and the Compensation Procedures Order, PSZ&J will provide notice of this Final Application through the Court's ECF system to: (a) the Office of the United States Trustee for the Western District of Michigan; (b) counsel to the Official Committee of Unsecured Creditors; and (c) parties who have filed a notice of appearance with the Clerk of the Court and requested notice of filings in these cases. Additionally, PSZJ will provide notice of this Final Application, by electronic mail, to: (i) BarFly Ventures, LLC, c/o Mark A. Sellers, III, 35 Oakes Street, SW, Suite 400, Grand Rapids, Michigan 49503, email: mark@barflyventures.com; (ii) the Office of the United States Trustee, 125 Ottawa Street, Suite 200R, Grand Rapids, Michigan 49503 (Attn. Michael Maggio), email: michael.v.maggio@usdoj.gov; (iii) Sugar Felsenthal Grais & Helsinger, LLP, 30 N. La Salle Street, Suite 3000, Chicago, IL 60602 (Attn: Michael S. Brandeess), email: mbrandess@sfgh.com; (iv) Jaffe Rait Heuer & Weiss, P.C., 27777 Franklin Road, Suite 2500, Southfield, MI 48034 (Attn: Paul r. Hage), email: phage@jaffelaw.com; (v) Rayman & Knight, 141 E Michigan Ave # 301,

Kalamazoo, Michigan 49007 (Attn: Steve Rayman), email: slr@raymanknight.com; and (vi) Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 (Attn: Nathan S. Gimpel), email: nathangimpel@paulhastings.com. PSZ&J submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**WHEREFORE,** PSZ&J requests that the Court enter an order substantially in the form attached hereto (a) awarding PSZ&J compensation on a final basis in the amount of **$360,730.00** in fees and **$1,439.46** in expenses, (b) allowing such compensation as an administrative expense claim of the Debtors' estates pursuant to 11 U.S.C. § 503(b) and 507(a)(2); (c) authorizing the unpaid balance of such approved compensation to be paid by the Debtors; and (d) awarding PSZ&J such other and further relief as the Court may deem just or proper.

Dated:  March 5, 2021

**WARNER NORCROSS + JUDD LLP**

/s/ *Elisabeth M. Von Eitzen*
Rozanne M. Giunta (P29969)
Stephen B. Grow (P39622)
Elisabeth M. Von Eitzen (P70183)
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2000

**PACHULSKI STANG ZIEHL & JONES LLP**

John W. Lucas (admitted *pro hac vice*)
Jason Rosell (admitted *pro hac vice*)
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 263-7000

*Counsel to the Debtors and Debtors in Possession*