UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al*,[1]

Debtors.

_____/

Chapter 11
Case No. 20-01947-jwb
Hon. James W. Boyd

*Jointly Administered*

**FIRST AND FINAL FEE APPLICATION OF WARNER NORCROSS + JUDD LLP
FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES AS COUNSEL TO DEBTORS**

NOW COMES Warner Norcross + Judd LLP ("**WNJ**") and hereby files this *First and Final Fee Application of Warner Norcross + Judd LLP For Payment of Compensation And Reimbursement of Expenses as Counsel to Debtors* (the "Application"), and respectfully states as follows:

**CASE BACKGROUND**

1. On June 3, 2020 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. WNJ files this Application pursuant 11 U.S.C. §§ 330 and 331.

4. On July 22, 2020, the Court entered an order approving WNJ's employment as counsel for the Debtors, retroactive to June 3, 2020 (the "Employment Order").

5. On June 3, 2020, the Court entered its *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Procedures Order").

6. Under the Procedures Order, the retained professionals, including WNJ, filed with the Court and served monthly statements of fees and expenses on the Notice Parties (as defined in the Procedures Order). If no timely objections were filed, Debtors were authorized to pay each professional 80% of the fees and 100% of the expenses requested in each monthly statement.

## REQUEST FOR COMPENSATION

7. In connection with professional services rendered to Debtors in this case during the post-petition time period spanning from June 3, 2020 through March 5, 2021 (the "Compensation Period"), WNJ seeks allowance and payment of compensation in the amount of $259,294.00 and reimbursement of expenses in the amount of $54,787.87.

8. In support of this Application, the following exhibits are attached:

- Exhibit A – Summary of Timekeepers and Summary of Compensation Requested by Project Category

- Exhibit B – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for June 2020

- Exhibit C – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for July 2020

- Exhibit D – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for August 2020

- Exhibit E – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for September 2020

- Exhibit F – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for October 2020

- Exhibit G – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for November 2020

- Exhibit H – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for December 2020

- Exhibit I – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for January 2021

- Exhibit J – Detailed time entries related to the compensation requested, along with the detail of expenses incurred for February 1 through March 5, 2021

9.  WNJ served monthly statements for interim compensation and expense reimbursement for the months of June-November 2020 (each, a "Monthly Statement" and collectively, the Monthly Statements)[2] as set forth below:

| Monthly Period | Fees | Expenses | Fees & Expenses Paid Per Compensation Order | Outstanding Balance |
|---|---|---|---|---|
| June 2020 | $59,901.50 | $49,470.47 | $97,391.67 | $11,980.30 |
| July 2020 | $54,092.00 | $257.74 | $43,531.34 | $10,818.40 |
| August 2020 | $24,061.00 | $1,059.30 | $20,308.10 | $4,812.20 |
| September 2020 | $50,470.00 | $22.60 | $40,398.60 | $10,094.00 |
| October 2020 | $47,967.50 | $18.20 | $38,392.20 | $9,593.50 |
| November 2020 | $6,727.00 | $3,528.40 | $8,910.00 | $1,345.40 |
| **TOTAL** | **$243,219.00** | **$54,356.71** | **$248,931.91** | **$48,643.80** |

---

[2] See Dkt. Nos. 191 (June), 265 (July), 325, (August), 369 (September), 401 (October), and 423 (November).

10. In addition, WNJ incurred the following fees and costs for December 2020, January 2021, February 2021, and March 1-5, 2021:

| Monthly Period | Fees | Expenses | Total Fees & Expenses |
|---|---|---|---|
| December 2020 | $2,851.00 | $0.00 | $2,851.00 |
| January 2021 | $3,175.50 | $15.00 | $3,190.50 |
| February-March 1-5 2021 | $10,048.00 | $416.16 | $10,464.16 |
| **TOTAL** | **$16,075.00** | **$431.16** | **$16,506.16** |

11. WNJ's legal services in this case are described in detail in the time entries located in Exhibits B-J. Significant categories of services provided and time spent include:

(a) *Case Administration (206.8 hours)*. During the Compensation Period, WNJ assisted Debtors with the general administration of its bankruptcy case, and otherwise responded to general issues that confronted the Debtors. Those services included: preparing and filing the bankruptcy petitions and assisting Debtors with the preparation and filing of their Schedules and Statements of Financial Affairs; preparing for the initial debtor conference with the U.S. Trustee's Office; advising Debtors with respect to issues pertaining to business operations and budget matters; negotiating with Debtors' creditors and other stakeholders; preparing and filing various motions with the Court, including (i) first day motions to determine adequate assurance for utilities, for authority to pay employee wages and benefits, and other administrative matters essential to the continued operation of the Debtors' businesses, and (ii) motions authorizing Debtors to case professionals; attending multiple hearings before the Bankruptcy Court on filed motions and contested matters; communicating with counsel for the Official Committee of Unsecured Creditors (the "**Committee**") and other stakeholders regarding the case; and preparing or submitting notices and orders to the Court.

  (b) *Asset Disposition (65.2 hours)*. WNJ provided substantial assistance in connection with the sale of Debtors' assets, including negotiating the terms of the agreement between Debtors and Project BarFly, LLC; drafting and filing the related sale motions, proposed orders, and supporting declarations.

  (c) *Assumption and Rejection of Leases and Contracts (134.7 hours) and Real Estate (78.5 hours)*. Debtors had over 100 executory contracts. WNJ assisted Debtors in reviewing these various contracts and determining whether to and when to reject these contracts. WNJ drafted and filed six omnibus motions to reject these leases and executory contracts and related court orders. Further, Debtors operated over a dozen restaurants and leased each one of those properties. WNJ attorneys had numerous communications with landlords related to lease issues, including rent payments, restaurant closings, personal property, real estate taxes, and trade fixtures. WNJ negotiated, drafted, and finalized lease amendments with landlords.

  (d) *Fee/Employment Applications (63.3 hours)*. WNJ prepared and filed the WNJ employment application and assisted Rock Creek Advisors, LLC, Mastadon Ventures, Inc., and Pachulski Stang Ziehl & Jones LLP with their respective applications. WNJ further drafted and filed Mastadon's final fee application. WNJ prepared, reviewed, and filed WNJ's monthly fee statements and reviewed the fee statements filed by the Committee professionals. WNJ drafted its final fee applications and numerous exhibits and assisted the other Debtor professionals with the same.

12. *Expenses.* WNJ also incurred various expenses in these Chapter 11 cases.

| Description | Amount |
|---|---|
| Filing Fee | $41,208.00 |
| Federal Express Charges | $4,138.26 |
| Motion Fees | $377.00 |
| Photocopies | $1,812.00 |
| Postage | $4,143.71 |
| Priority Mail Charges | $3,108.90 |
| **TOTAL** | **$54,787.87** |

13. All expenses incurred by WNJ in connection with its representation of the Debtors were ordinary and necessary expenses. WNJ charges its clients for out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, Court filing fees, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying and scanning charges, travel expenses, expenses for working meals, computerized research, and transcription costs. WNJ charged Debtors for these expenses in a manner and at rates consistent with charges made generally to WNJ's other clients.

14. Based upon the foregoing, WNJ satisfies the standards required under the bankruptcy laws for receiving the requested compensation and expense reimbursements.

15. WNJ requests that the Court authorize Debtors to pay the unpaid balance of all fees and expenses allowed by the Court.

16. To date, WNJ has been paid a total of $248,931.91 by the Debtors for its postpetition fees and expenses incurred in these Chapter 11 cases during the Compensation Period pursuant to the Procedures Order. This amount has not been shared, and no agreement or understanding exists between WNJ and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 cases. The

outstanding amount owed to PSZ&J for unpaid fees and expenses during the Compensation Period will be $65,149.96, plus any supplemental fees incurred as set forth below.

17. No previous application for the relief sought herein has been made to this or any other court.

**SUPPLEMENTAL FEES**

18. Because there may be other actions that need to be taken prior to conversion of these cases in order to aid the soon to be appointed chapter 7 trustee in successfully maximizing the recovery to unsecured creditors, WNJ may need to continue providing some services between the date of the filing of this Application and the conversion date. It would be problematic if WNJ was obliged to cease all work following the filing of this Application.

19. Accordingly, no later than eight days before submitting its proposed order approving this Application, WNJ will file a supplemental fee statement with any additional time or expenses incurred ("Supplemental Fee Statement") subsequent to the Compensation Period. WNJ will serve the Supplemental Fee Statement on the notice parties set forth in the Procedures Order and such notice will provide that such parties will have a period of seven days to file any objections to the Supplemental Fee Statement. If no objections are timely filed, then the fees and expenses set forth in the Supplemental Fee Statement will, subject to Court approval, likewise be deemed allowed on a final basis.

20. The foregoing procedure is appropriate in this case because: (i) WNJ estimates that the aggregate fees and expenses set forth in the Supplemental Fee Statement will be minimal, (ii) the funds to be utilized to pay amounts requested in the Supplemental Fee Statement are capped by the Wind-Down Budget, (iii) the funds to be utilized to pay amounts requested in the Supplemental Fee Statement will not impact the estate because, pursuant to the

Sale Order, any unused funds will be returned to the Prepetition Secured Lenders upon conversion of these cases, and (iv) any fees and expenses exceeding that cap set forth in the Wind-Down Budget will be voluntarily disallowed.

## NOTICE

21. Under the Procedures Order, WNJ will provide notice of this Application through the Court's ECF system to: (a) the Office of the United States Trustee for the Western District of Michigan; (b) counsel to the Official Committee of Unsecured Creditors; and (c) parties who have filed a notice of appearance with the Clerk of the Court and requested notice of filings in these cases. Additionally, WNJ will provide notice of this Application, by U.S. Mail, to: (i) BarFly Ventures, LLC, c/o Mark A. Sellers, III, 35 Oakes Street, SW, Suite 400, Grand Rapids, Michigan 49503, email: mark@barflyventures.com; (ii) the Office of the United States Trustee, 125 Ottawa Street, Suite 200R, Grand Rapids, Michigan 49503 (Attn. Michael Maggio), email: michael.v.maggio@usdoj.gov; (iii) Sugar Felsenthal Grais & Helsinger, LLP, 30 N. La Salle Street, Suite 3000, Chicago, IL 60602 (Attn: Michael S. Brandeess), email: mbrandess@sfgh.com; (iv) Jaffe Rait Heuer & Weiss, P.C., 27777 Franklin Road, Suite 2500, Southfield, MI 48034 (Attn: Paul r. Hage), email: phage@jaffelaw.com; (v) Rayman & Knight, 141 E Michigan Ave # 301, Kalamazoo, Michigan 49007 (Attn: Steve Rayman), email: slr@raymanknight.com; and (vi) Paul Hastings LLP, 71 South Wacker Drive, Suite 4500, Chicago, Illinois 60606 (Attn: Nathan S. Gimpel), email: nathangimpel@paulhastings.com.

22. This constitutes good and sufficient notice and WNJ does not need to provide any other or further notice.

**WHEREFORE,** WNJ requests that the Court enter an order (a) awarding WNJ compensation in the amount of $259,294.00 in fees and $54,787.87 in expenses, (b)

allowing such compensation as an administrative expense claim of Debtors' estate pursuant to 11 U.S.C. § 503(b) and 507(a)(2); and (c) awarding WNJ such other and further relief as the Court may deem just or proper.

Dated: March 5, 2021

Respectfully submitted,

WARNER NORCROSS & JUDD LLP

/s/ Elisabeth M. Von Eitzen
Elisabeth M. Von Eitzen (P70183)
150 Ottawa Avenue, NW Suite 1500
Grand Rapids, MI 49503
(616) 752-2000
evoneitzen@wnj.com

21068288-1