**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 20-01947-jwb |
| BARFLY VENTURES, LLC, *et al*,[1] | Hon. James W. Boyd |
| Debtors. | *Jointly Administered* |
| _____/ | |

**ORDER AUTHORIZING THE RETENTION, EMPLOYMENT, AND COMPENSATION OF PLANTE & MORAN, PLLC AND GRANTING RELATED RELIEF**

Upon consideration of the application (the "Application")[2] of Barfly Ventures, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order"), pursuant to sections 327 and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and the Local Rules (including the Fee Memorandum), (i) authorizing and approving the retention of Plante & Moran, PLLC ("Plante Moran") as accountant to the Debtors under the terms and conditions of the engagement letter effective March 2, 2021 (the "Agreement"), a copy of which is attached to the Application as Exhibit A, (ii) approving the Agreement; (ii) authorizing Debtors to pay Plante Moran $94,000.00 from the proceeds

---

[1] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

available under the Wind-Down Budget plus expenses not to exceed $6,000.00, and (iii) waiving the requirement for Plante Moran to file a fee application; and upon consideration of the Application and all related pleadings, including the Feenstra Declaration and the First Day Declaration; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334, and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order; and it appearing that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court finding, based on the Feenstra Declaration, that Plante Moran (i) does not hold an interest adverse to the interests of the estates and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Application is approved.

2. Pursuant to sections 327 and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Plante Moran as their accountant, on the terms and conditions set forth in the Application and the Agreement.

3. The fees and expenses payable to Plante Moran pursuant to the Agreement are subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and not subject to the standard of review set forth in section 330 of the Bankruptcy Code.

4. Plante Moran will be compensated and reimbursed in accordance with the terms of the Agreement.

5.    Plante Moran is granted an allowed administrative expense under section 503(b)(20 for professional fees in the amount of $94,000.00 and expenses (up to $6,000.00) upon submission of an acceptable invoice to the Debtors for all services and expenses incurred in connection with the services provided under the Agreement.  Plante Moran is not required to submit a fee application for its services under the Agreement.

6.    Upon completion of the Tax Services, the Debtors are authorized and directed to pay Plante Moran the fees and expenses allowed under this Order.

7.    To the extent that there may be any inconsistency between the Agreement, the Application, and this Order, the terms of this Order govern.

8.    The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of the Agreement, the Application, and this Order.

END OF ORDER

*Order Prepared By:*
WARNER NORCROSS + JUDD LLP
Elisabeth M. Von Eitzen (P70183)
1500 Warner Building
150 Ottawa Avenue, NW
Grand Rapids, Michigan 49503
Telephone: (616) 752-2000
*Counsel to the Debtors and Debtors in Possession*
21500186-2

**IT IS SO ORDERED.**

**Dated May 11, 2021**

James W. Boyd
United States Bankruptcy Judge