**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Hon. James W. Boyd |
| BARFLY VENTURES, LLC , *et al.*,[1] | ) | Jointly Administered |
| | ) | Case No. 20-01947-jwb |
| Debtors. | ) | |

---

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF JAFFE RAITT HEUER & WEISS, P. C. AS COUNSEL FOR THE CHAPTER 7 TRUSTEE

Thomas M. Bruinsma, interim Chapter 7 Trustee (the "Trustee") of the substantively consolidated estate of the above-captioned debtors (collectively, the "Debtors") hereby submits this application (the "Application") seeking this Court's approval of the employment of Jaffe Raitt Heuer & Weiss, P.C. ("Jaffe") as counsel in this chapter 7 bankruptcy case. In support of the Application, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue of these chapter 7 cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The substantively consolidated debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat) (1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company) (2130), E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat- GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat) (6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat- Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon) (4255).

3.      The statutory basis for the relief requested herein is section 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.      On June 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On January 26, 2021, the Court entered the *Order Substantively Consolidating the Debtors' Estates, Authorizing the Conversion of the Debtors' Cases to a Case Under Chapter 7 and Granting Related Relief* [Doc. No. 438] wherein the Court substantively consolidated the Debtors estates.

6.      On May 18, 2021, the Debtors' chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code pursuant to the *Order Converting the Debtors' Chapter 11 Cases to Chapter 7, Rejecting Contracts and Granting Related Relief* [Doc. No. 486] (the "Conversion Order").  Pursuant to the Conversion Order, the Trustee was appointed to serve as interim Chapter 7 Trustee.

## Relief Requested

7.      By this Application, the Trustee requests authority to retain and employ Jaffe as his counsel in this chapter 7 case pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8.      Section 327(a) of the Bankruptcy Code provides that a trustee, subject to court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

9.      Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

10.     Pursuant to Bankruptcy Rule 2014, an application for retention must include:

> specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

A.      **Necessity and Qualifications**

11.     The Trustee requires experienced and knowledgeable counsel to render essential professional services in this converted, substantively consolidated chapter 7 case. Jaffe has substantial bankruptcy, restructuring, and litigation expertise, including representation of chapter 7 trustees, and is well qualified to perform these services and represent the Trustee's interests in this chapter 7 case. In addition, the Trustee believes that Jaffe's prior engagement as counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC (the "Committee") in the Debtors' chapter 11 cases will significantly aid the Trustee given Jaffe's familiarity with these Debtors and the case while otherwise reducing costs to the estate associated with document review and investigation by legal counsel otherwise unfamiliar with this case.

**B.    Services to be Rendered**

12.    The Trustee contemplates that Jaffe will render general legal services to the Trustee as needed throughout the course of this chapter 7 case including, but not limited to: (a) investigating the Debtors' assets and liabilities; (b) advising Trustee of his obligations and duties under the Bankruptcy Code; (c) executing Trustee's decisions by filing motions, objections, adversary proceedings, and other relevant documents with the Court; (d) appearing before the Court on all matters in this case; (e) assisting the Trustee in the administration of this case; (f) assisting in the analysis and prosecution of avoidance actions and other causes of action; and (g) taking such other actions as are requested by the Trustee for the benefit of the estate.

**C.    Proposed Compensation**

13.    Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to Jaffe on an hourly basis.  The standard hourly rates of the attorneys and paraprofessionals presently designated to represent the Trustee are: (i) Partners: $380 - $510; (ii) Associates: $195 - $275; and (iii) Paralegals: $235.  The hourly rates set forth above are subject to periodic, typically annual, adjustments to reflect economic and other conditions.  Jaffe will also seek reimbursement of actual, necessary expenses that it incurs on behalf of the Trustee.

14.    Jaffe will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of legal services by category and the nature of services rendered.

15.    Jaffe will submit interim and final applications for allowance and payment of fees and any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, local rules and orders of this Court.

**D.    Disinterestedness**

16.    On July 7, 2020, the Committee filed the *Application for Order Authorizing Employment of Jaffe Raitt Heuer & Weiss, P.C. as Counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC, et. al., Nunc Pro Tunc to June 25, 2020* [Doc. No. 123] (the "Jaffe Retention Application") seeking to retain Jaffe as its co-counsel.

17.    In conjunction with the Jaffe Retention Application, Jaffe filed its *Declaration of Disinterestedness and Disclosure Statement of Jaffe Raitt Heuer & Weiss, P.C.* [Doc. No. 123-2] (the "First Declaration") and its *Supplemental Declaration of Disinterestedness and Disclosure Statement of Jaffe Raitt Heuer & Weiss, P.C.* [Doc. No. 181] (the "Second Declaration" and, collectively, the "Jaffe Declarations").  As set forth in the Jaffe Declarations, to the best of the Jaffe's knowledge, neither Jaffe nor any of its attorneys had (or have) any connection with any party in interest, their attorneys or accountants, other than as set forth in the Jaffe Declarations.

18.    Jaffe's retention as counsel to the Committee was approved by the Court pursuant to the *Order Authorizing Employment of Jaffe Raitt Heuer & Weiss, P.C. as Counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et. al., Nunc Pro Tunc to June 25, 2020* [Doc. No. 232].

19.    Jaffe continues to monitor its relationships with parties in interest in these chapter 11 cases, as set forth in the *Second Supplemental Declaration of Disinterestedness and Disclosure Statement of Jaffe Raitt Heuer & Weiss, P.C.* attached hereto as **Exhibit 2**.  Based on such review, Jaffe continues to believe that it: (i) is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code; and (ii) does not hold any interest materially adverse to the Trustee, the Debtors or their estate.  Should Jaffe, through its continuing efforts, learn of any

new connections of the nature described above, Jaffe will promptly file a supplemental declaration, as contemplated by Bankruptcy Rule 2014(a).

**WHEREFORE,** the Trustee respectfully requests the entry of an order substantially in the form attached hereto as **Exhibit 1**: (a) authorizing the Trustee to employ and retain Jaffe as his counsel in this chapter 7 case, effective May 19, 2021, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, and (b) granting such other and further relief as is just and proper.

Respectfully submitted by,

**THOMAS M. BRUINSMA, CHAPTER 7 TRUSTEE**

Dated: June 3, 2021

By: /s/ Thomas M. Bruinsma
Thomas M. Bruinsma

-and-

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Paul R. Hage
Judith Greenstone Miller (P29208)
Jay L. Welford (P34471)
Paul R. Hage (P70460)
27777 Franklin, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
phage@jaffelaw.com

6

**<u>Exhibit 1</u>**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Hon. James W. Boyd |
| BARFLY VENTURES, LLC , *et al.*,[2] | ) | Jointly Administered |
| | ) | Case No. 20-01947-jwb |
| Debtors. | ) | |

**ORDER AUTHORIZING EMPLOYMENT OF JAFFE RAITT HEUER & WEISS, P.C.**
**AS COUNSEL FOR THE CHAPTER 7 TRUSTEE**

This matter having come before the Court upon the *Application for Order Authorizing Employment of Jaffe Raitt Heuer & Weiss, P.C. as Counsel for Chapter 7 Trustee* (the "Application") filed by Thomas M. Bruinsma, interim Chapter 7 Trustee (the "Trustee") of the substantively consolidated estate of the above-captioned debtors (collectively, the "Debtors") seeking entry of an order authorizing and approving the employment of Jaffe Raitt Heuer & Weiss, P.C. ("Jaffe") as counsel to the Trustee pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the Court having reviewed the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estate and its creditors; and the Trustee having

---

[2] The substantively consolidated Debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat- GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat)(6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat- Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon) (4255).

provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      The Trustee is authorized to employ Jaffe as his counsel in this chapter 7 case, pursuant to section 327(a) and 328(a) of the Bankruptcy Code, for the purposes set forth in the Application and pursuant to the terms set forth in the Application, effective as of May 19, 2021;

3.      Jaffe shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the local bankruptcy rules and any orders of this Court;

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

5.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**[END OF ORDER]**

Prepared by:
Jaffe Raitt Heuer & Weiss, P.C.
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
phage@jaffelaw.com

**<u>Exhibit 2</u>**
**(Second Supplemental Declaration of Disinterestedness)**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Hon. James W. Boyd |
| BARFLY VENTURES, LLC , *et al.*,[3] | ) | Jointly Administered |
| | ) | Case No. 20-01947-jwb |
| Debtors. | ) | |

---

**SECOND SUPPLEMENTAL DECLARATION OF DISINTERESTEDNESS AND**
**DISCLOSURE STATEMENT OF JAFFE RAITT HEUER & WEISS, P.C.**

I, Paul R. Hage, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that the following is true and correct:

1.      I am a partner with the law firm of Jaffe Raitt Heuer & Weiss, P.C. ("Jaffe"), which maintains an office at 27777 Franklin Rd., Suite 2500, Southfield, Michigan 48034. I am a member in good standing of the bar of the State of Michigan and the United States District Court for the Western District of Michigan.

2.      I submit this declaration pursuant to Bankruptcy Rule 2014(a) and 2016(b) in connection with the *Application for Authority to Retain and Employ Jaffe Raitt Heuer & Weiss, P.C. as Counsel for the Chapter 7 Trustee* (the "Application"). I am authorized to make this

---

[3] The substantively consolidated Debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat- GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat)(6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat- Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon) (4255).

declaration on Jaffe's behalf and, unless otherwise stated, I have personal knowledge of the facts set forth herein.

3.     By the Application, Thomas M. Bruinsma, interim Chapter 7 Trustee (the "Trustee") of the substantively consolidated estate of the above-captioned debtors (collectively, the "Debtors") requests authority to retain and employ Jaffe as his counsel in this chapter 7 bankruptcy case.

4.     Prior to the conversion of the Debtors' chapter 11 cases to this chapter 7 case, Jaffe served as counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC *et. al.* (the "Committee").   The Trustee selected Jaffe as his counsel in part because of Jaffe's prior experience representing the Committee.

5.     On July 7, 2020, the Committee filed the *Application for Order Authorizing Employment of Jaffe Raitt Heuer & Weiss, P.C. as Counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC, et. al., Nunc Pro Tunc to June 25, 2020* [Doc. No. 123] seeking to retain Jaffe as its counsel.

6.     Jaffe's retention as counsel to the Committee was approved by the Court pursuant to the *Order Authorizing Employment of Jaffe Raitt Heuer & Weiss, P.C. as Counsel to the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et. al., Nunc Pro Tunc to June 25, 2020* [Doc. No. 232].

7.     In connection with Jaffe's original retention application, Jaffe filed its *Declaration of Disinterestedness and Disclosure Statement of Jaffe Raitt Heuer & Weiss, P.C.* [Doc. No. 123-2] (the "First Declaration") and its *Supplemental Declaration of Disinterestedness and Disclosure Statement of Jaffe Raitt Heuer & Weiss, P.C.* [Doc. No. 181] (the "Second Declaration" and, collectively, the "Jaffe Declarations").   As detailed in the Jaffe Declarations,

12

Jaffe conducted a thorough conflict check of the entirety of the matrix in the above-captioned debtors' (collectively, the "Debtors") chapter 11 cases. Specifically, Jaffe undertook a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. Jaffe requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflict check through Jaffe's database and to enter conflict information regarding new clients or new matters into that database. Thus, a review of said computerized database revealed there are no conflicts that have arisen.

8.      As detailed in the Jaffe Declarations, to the best of the Jaffe's knowledge, neither Jaffe nor any of its attorneys has any connection with the Debtors, any party in interest in this case, or their attorneys or accountants, other than as set forth in the Jaffe Declarations.

9.      While Jaffe previously served as counsel to the Committee, Jaffe does not currently represent any entity other than the Trustee in connection with the Debtors or this bankruptcy case.  Jaffe is not currently owed any funds as a result of its prior representation of the Committee.

10.     Jaffe has not previously represented the Trustee.

11.     As part of its practice, Jaffe appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent the Debtors, creditors or other parties in interest in these cases.  Jaffe has not represented, and will not represent, any such entities in relation to the Debtors or this chapter 7 case.

12.     Neither Jaffe nor any of its employees (i) is a creditor, an equity security holder or an insider of the Debtors; (ii) is or has been an investment banker for any outstanding security of

the Debtors; (iii) has not been within three years before the date of the filing of the petition, an investment banker for a security of the Debtors, or an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtors, (iv) is or has been, within two years before the date of the filing of a petition, a director, officer or employee of the Debtors, or of an investment banker specified in this paragraph; or (v) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker.

13.     Based on the foregoing, Jaffe is a "disinterested person," as defined under section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Jaffe is to be employed, as counsel to the Trustee, and the employment complies with the requirements of the Bankruptcy Code and Bankruptcy Rules.

14.     Jaffe will continue to monitor its relationships with parties in interest in this chapter 7 case. This declaration shall be amended if Jaffe learns that any of the representations contained herein are incorrect or there is any change of circumstances relating thereto or necessitating the filing of a supplemental declaration.

15.     Subject to the approval of this Court, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules and any orders of this Court, Jaffe will seek compensation for its professional services on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred.  The standard hourly rates of the attorneys and paraprofessionals presently designated to represent the Trustee are: (i) Partners: $380 - $510; (ii) Associates: $195 - $275; and (iii) Paralegals: $235.  The hourly

rates set forth above are subject to periodic adjustments in order to reflect economic and other conditions.

16.     Jaffe has not entered into an agreement or understanding with any person or firm for the sharing of any compensation paid or to be paid for services rendered or to be rendered herein.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By:  /s/ Paul R. Hage
Judith Greenstone Miller (P29208)
Jay L. Welford (P34471)
Paul R. Hage (P70460)
27777 Franklin, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
phage@jaffelaw.com

*Proposed Counsel to Thomas M. Bruinsma, interim Chapter 7 Trustee of Barfly Ventures, LLC*

Dated: June 3, 2021