## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Hon. James W. Boyd |
| BARFLY VENTURES, LLC , *et al.*,[1] | ) | Jointly Administered |
| | ) | Case No. 20-01947-jwb |
| Debtors. | ) | |

### APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF ROCK CREEK ADVISORS, LLC AS FINANCIAL ADVISOR FOR THE CHAPTER 7 TRUSTEE

Thomas M. Bruinsma, interim Chapter 7 Trustee (the "Trustee") of the substantively consolidated estate of the above-captioned debtors (collectively, the "Debtors") hereby submits this application (the "Application") seeking this Court's approval of the employment of Rock Creek Advisors, LLC ("Rock Creek") as financial advisor in this chapter 7 bankruptcy case. In support of the Application, the Trustee respectfully represents as follows:

### Jurisdiction and Venue

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this chapter 7 case in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] The substantively consolidated debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat) (1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company) (2130), E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat- GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat) (6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat- Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon) (4255).

3.      The statutory basis for the relief requested herein is section 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4.      On June 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      On January 26, 2021, the Court entered the *Order Substantively Consolidating the Debtors' Estates, Authorizing the Conversion of the Debtors' Cases to a Case Under Chapter 7 and Granting Related Relief* [Doc. No. 438] wherein the Court, among other relief, substantively consolidated the Debtors estates.

6.      On May 18, 2021, the Debtors' chapter 11 cases were converted to a case under chapter 7 of the Bankruptcy Code pursuant to the *Order Converting the Debtors' Chapter 11 Cases to Chapter 7, Rejecting Contracts and Granting Related Relief* [Doc. No. 486] (the "Conversion Order").  Pursuant to the Conversion Order, the Trustee was appointed to serve as interim Chapter 7 Trustee of the Debtors.

## Relief Requested

7.      By this Application, the Trustee requests authority to retain and employ Rock Creek as his financial advisor in this chapter 7 case pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8.      Section 327(a) of the Bankruptcy Code provides that a trustee, subject to court approval:

> may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate,

and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

9.      Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, professionals to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment.

10.      Pursuant to Bankruptcy Rule 2014, an application for retention must include:

specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

**A.      Necessity and Qualifications**

11.      The Trustee requires an experienced and knowledgeable financial advisor to render essential professional services in this converted, substantively consolidated chapter 7 case. Rock Creek has substantial bankruptcy, restructuring, and litigation support expertise, and is well qualified to perform these services and represent the Trustee's interests in this chapter 7 case. Moreover, the Trustee believes that Rock Creek's prior engagement as financial advisor to the Debtors both prior to and during their chapter 11 cases will significantly aid the Trustee given Rock Creek's familiarity with these Debtors and their operations, as Rock Creek has significant institutional knowledge about the Debtors' business records and affairs.  Notably, Rock Creek was responsible for preparing and submitting the application for forgiveness of the Debtors' Paycheck Protection Program Loan.  That application process is ongoing.

3

**B.      Services to be Rendered**

12.      The Trustee contemplates that Rock Creek will render general financial advisory services to the Trustee as needed throughout the course of this chapter 7 case including, but not limited to: (a) reviewing the Debtors' books and records; (b) assisting the Trustee in obtaining forgiveness of the Paycheck Protection Program loan incurred by the Debtors; (c) assisting the Trustee in evaluating litigation claims; (d) assisting the Trustee in reviewing and addressing claims filed against the estate; (e) assisting the Trustee in preparing analyses of the Debtors' solvency; and (f) taking such other actions as are requested by the Trustee for the benefit of the estate.

**C.      Proposed Compensation**

13.      Subject to Court approval and in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to Rock Creek on an hourly basis.  The standard hourly rates of the professionals designated to represent the Trustee are: (i) Senior Managing Director: $550; (ii) Managing Director: $450-$550; and (iii) Managers and Staff: $300-$450.   The hourly rates set forth above are subject to periodic, typically annual, adjustments to reflect economic and other conditions.  Rock Creek will also seek reimbursement of actual, necessary expenses that it incurs on behalf of the Trustee.

14.      Rock Creek will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of financial advisory services by category and the nature of services rendered.

15.      Rock Creek will submit interim and final applications for allowance and payment of fees and any related expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, local rules and orders of this Court.

**D.      Disinterestedness**

16.      On June 20, 2020, the Debtors filed the *Debtors' Application for Order, Pursuant to 11 U.S.C. §§ 328 and 1103, Fed. R. Bank. P. 2014, and Local Rule 2014, Authorizing and Approving the Employment and Retention of Rock Creek Advisors, LLC as Financial Advisor for the Debtors and Debtors in Possession Effective as of the Petition Date* [Doc. No. 84] (the "Rock Creek Retention Application") seeking to retain Rock Creek as their financial advisor.

17.      In conjunction with the Rock Creek Retention Application, Rock Creek filed the *Declaration of James Gansman in Support of Debtors' Application for Order, Pursuant to 11 U.S.C. §§ 328 and 1103, Fed. R. Bank. P. 2014, and Local Rule 2014, Authorizing and Approving the Employment and Retention of Rock Creek Advisors, LLC as Financial Advisor for the Debtors and Debtors in Possession Effective as of the Petition Date* [Doc. No. 84] (the "Declaration").  To the best of Rock Creek's knowledge, neither Rock Creek nor any of its professionals had (or have) any connection with any party in interest, their attorneys or accountants, other than as set forth in the Declaration.

18.      Rock Creek's retention as financial advisor for the Debtors was approved by the Court pursuant to the *Order Authorizing and Approving the Retention of Rock Creek Advisors, LLC as Financial Advisor for the Debtors and Debtors in Possession Effective as of the Petition Date* [Doc. No. 188].

19.      Rock Creek continues to monitor its relationships with parties in interest in these chapter 11 cases, as set forth in the *Supplemental Declaration of Disinterestedness and Disclosure Statement of Rock Creek Advisors, LLC* attached hereto as **Exhibit 2**.  Based on such review, Rock Creek continues to believe that it: (i) is "disinterested" as that term is defined in section 101(14) of the Bankruptcy Code; and (ii) does not hold any interest materially adverse to

5

the Trustee, the Debtors or their estate.  Should Rock Creek, through its continuing efforts, learn of any new connections of the nature described above, Rock Creek will promptly file a supplemental declaration, as contemplated by Bankruptcy Rule 2014(a).

**WHEREFORE,** the Trustee respectfully requests the entry of an order substantially in the form attached hereto as **Exhibit 1**: (a) authorizing the Trustee to employ and retain Rock Creek as his financial advisor in this chapter 7 case, effective June 7, 2021, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rule 2014, and (b) granting such other and further relief as is just and proper.

Respectfully submitted by,

**THOMAS M. BRUINSMA, CHAPTER 7 TRUSTEE**

Dated: June 23, 2021

By: /s/  Thomas M. Bruinsma
Thomas M. Bruinsma

-and-

**JAFFE RAITT HEUER & WEISS, P.C.**

By:  /s/ Paul R. Hage
Judith Greenstone Miller (P29208)
Jay L. Welford (P34471)
Paul R. Hage (P70460)
27777 Franklin, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
phage@jaffelaw.com

6

**<u>Exhibit 1</u>**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Hon. James W. Boyd |
| BARFLY VENTURES, LLC , *et al.*,[2] | ) | Jointly Administered |
| | ) | Case No. 20-01947-jwb |
| Debtors. | ) | |

**ORDER AUTHORIZING EMPLOYMENT OF ROCK CREEK ADVISORS, LLC**
**AS FINANCIAL ADVISOR FOR THE CHAPTER 7 TRUSTEE**

This matter having come before the Court upon the *Application for Order Authorizing Employment of Rock Creek Advisors, LLC as Financial Advisor for the Chapter 7 Trustee* (the "Application") filed by Thomas M. Bruinsma, interim Chapter 7 Trustee (the "Trustee") of the substantively consolidated estate of the above-captioned debtors (collectively, the "Debtors") seeking entry of an order authorizing and approving the employment of Rock Creek Advisors, LLC ("Rock Creek") as financial advisor to the Trustee pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the Court having reviewed the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested in the Application is in the best interests of the Debtors' estate and creditors; and the Trustee having

---

[2] The substantively consolidated Debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat- GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat)(6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat- Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon) (4255).

provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED THAT**:

1.      The Application is granted as set forth herein.

2.      The Trustee is authorized to employ Rock Creek as his financial advisor in this chapter 7 case, pursuant to section 327(a) and 328(a) of the Bankruptcy Code, for the purposes set forth in the Application and pursuant to the terms set forth in the Application, effective as of June 7, 2021;

3.      Rock Creek shall apply to the Court for allowance of compensation and reimbursement of expenses in accordance with section 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the local bankruptcy rules and any orders of this Court;

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and

5.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**[END OF ORDER]**

Prepared by:
Jaffe Raitt Heuer & Weiss, P.C.
Paul R. Hage (P70460)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Telephone: (248) 351-3000
phage@jaffelaw.com

**<u>Exhibit 2</u>**
**(Supplemental Declaration of Disinterestedness)**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Hon. James W. Boyd |
| BARFLY VENTURES, LLC , *et al.*,[3] | ) | Jointly Administered |
| | ) | Case No. 20-01947-jwb |
| Debtors. | ) | |

**SUPPLEMENTAL DECLARATION OF DISINTERESTEDNESS AND**
**DISCLOSURE STATEMENT OF ROCK CREEK ADVISORS, LLC**

I, Paul Neitzel, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") that the following is true and correct:

1.      I am a Founding Partner and a Managing Director at Rock Creek Advisors, LLC ("Rock Creek").  I am based in Grand Rapids, Michigan.

2.      I submit this declaration pursuant to Bankruptcy Rule 2014(a) and 2016(b) in connection with the *Application for Authority to Retain and Employ Rock Creek Advisors, LLC as Financial Advisor for the Chapter 7 Trustee* (the "Application"). I am authorized to make this declaration on Rock Creek's behalf and, unless otherwise stated, I have personal knowledge of the facts set forth herein.

---

[3] The substantively consolidated Debtors are: Barfly Ventures, LLC, (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC, (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat- GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat-KC, LLC and TikiCat)(6242), HopCat Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat- Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat- Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House LLC and McFadden's Restaurant Saloon) (4255).

11

3.      By the Application, Thomas M. Bruinsma, interim Chapter 7 Trustee (the "Trustee") of the substantively consolidated estate of the above-captioned debtors (collectively, the "Debtors") requests authority to retain and employ Rock Creek as his financial advisor in this chapter 7 bankruptcy case.

4.      Prior to the conversion of the Debtors' chapter 11 cases to this chapter 7 case, Rock Creek served as financial advisor to the Debtors.  The Trustee selected Rock Creek as his financial advisor in part because of Rock Creek's prior experience representing the Debtors and its knowledge of the Debtors' affairs.

5.      On June 20, 2020, the Debtors filed the *Debtors' Application for Order, Pursuant to 11 U.S.C. §§ 328 and 1103, Fed. R. Bank. P. 2014, and Local Rule 2014, Authorizing and Approving the Employment and Retention of Rock Creek Advisors, LLC as Financial Advisor for the Debtors and Debtors in Possession Effective as of the Petition Date* [Doc. No. 84] (the "Rock Creek Retention Application") seeking to retain Rock Creek as their financial advisor.

6.      Rock Creek's retention as financial advisor for the Debtors was approved by the Court pursuant to the *Order Authorizing and Approving the Retention of Rock Creek Advisors, LLC as Financial Advisor for the Debtors and Debtors in Possession Effective as of the Petition Date* [Doc. No. 188].

7.      In conjunction with the Rock Creek Retention Application, Rock Creek filed its *Declaration of James Gansman in Support of Debtors' Application for Order, Pursuant to 11 U.S.C. §§ 328 and 1103, Fed. R. Bank. P. 2014, and Local Rule 2014, Authorizing and Approving the Employment and Retention of Rock Creek Advisors, LLC as Financial Advisor for the Debtors and Debtors in Possession Effective as of the Petition Date* [Doc. No. 84] (the "Declaration").  To the best of Rock Creek's knowledge, neither Rock Creek nor any of its

12

professionals had (or have) any connection with any party in interest, their attorneys or accountants, other than as set forth in the Declaration.

8.      As detailed in the Declaration, Rock Creek conducted a thorough conflict check of the entirety of the matrix in the Debtors' chapter 11 cases. Specifically, Rock Creek undertook a full and thorough review of its computer database, which contains the names of clients and other parties interested in particular matters. Rock Creek requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflict check through Rock Creek's database and to enter conflict information regarding new clients or new matters into that database. A review of said computerized database revealed there are no conflicts that have arisen.

9.      Although Rock Creek previously served as financial advisor to the Debtors, Rock Creek does not currently represent any entity other than the Trustee in connection with the Debtors or this bankruptcy case.  Rock Creek is not currently owed any funds as a result of its prior representation of the Debtors.

10.      Rock Creek has not previously represented the Trustee.

11.      As part of its practice, Rock Creek works with many different attorneys, accountants, financial consultants, and investment bankers, some of which now or may in the future represent the Debtors, creditors or other parties in interest in these cases.  Rock Creek has not represented, and will not represent, any such entities in relation to this chapter 7 case.

12.      Neither Rock Creek nor any of its employees (i) is a creditor, an equity security holder or an insider of the Debtors; (ii) is or has been an investment banker for any outstanding security of the Debtors; (iii) has not been within three years before the date of the filing of the petition, an investment banker for a security of the Debtors, or an attorney for such an investment

banker in connection with the offer, sale, or issuance of a security of the Debtors, (iv) is or has been, within two years before the date of the filing of a petition, a director, officer or employee of the Debtors, or of an investment banker specified in this paragraph; or (v) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or an investment banker.

13.     Based on the foregoing, Rock Creek is a "disinterested person," as defined under section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Rock Creek is to be employed, as financial advisor to the Trustee, and the employment complies with the requirements of the Bankruptcy Code and Bankruptcy Rules.

14.     Rock Creek will continue to monitor its relationships with parties in interest in this chapter 7 case. This declaration shall be amended if Rock Creek learns that any of the representations contained herein are incorrect or there is any change of circumstances relating thereto or necessitating the filing of a supplemental declaration.

15.     Subject to the approval of this Court, and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the local bankruptcy rules and any orders of this Court, Rock Creek will seek compensation for its professional services on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred.  The standard hourly rates of the professionals designated to represent the Trustee are: (i) Senior Managing Director: $550; (ii) Managing Director: $450-$550; and (iii) Managers and Staff: $300-$450.   The hourly rates set forth above are subject to periodic, typically annual, adjustments to reflect economic and other conditions.

16.    Rock Creek has not entered into an agreement or understanding with any person or firm for the sharing of any compensation paid or to be paid for services rendered or to be rendered herein.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: June 23, 2021                          /s/ Paul Neitzel
                                              Paul Neitzel