## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN

_____

IN RE:

**BARFLY VENTURES, LLC,** *et al,*[1]

Debtors.

Case No. 20-01947-jwb
Chapter 11
*Jointly Administered*
Hon. James W. Boyd

_____ /

## MARK A. SELLERS III'S LIMITED OBJECTION TO TRUSTEE'S MOTION FOR AN ORDER UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 DIRECTING MARK A. SELLERS III AND DENOVO DEVELOPMENT GROUP, LLC TO PRODUCE CERTAIN DOCUMENTS AND APPEAR FOR EXAMINATION

Mark A. Sellers III, through his attorneys Miller Johnson, files this Limited Objection to the Trustee's Motion for an Order Under Federal Rule of Bankruptcy Procedure 2004, directing him to produce certain documents and appear for examination (the "Motion"), stating as follows:

### BACKGROUND

1.    On June 3, 2020 (the "Petition Date") the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2.    On May 18, 2021, the Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code.  Thereafter, the Trustee was appointed to serve as Interim Chapter 7 Trustee of the Debtors.

3.    Prior to the Petition Date, Mark A. Sellers III ("Sellers") was an officer, director and employee of the Debtors.

---

[1]The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat- Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden'sRestaurant Saloon)(4255).

4. On August 11, 2020, Sellers filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court (the "Sellers' Case"). The Sellers' Case is designated as Case No. 20-02619-jwb.

5. On September 28, 2020, a proof of claim was filed on behalf of the Debtors in the Sellers' Case in the amount of $1,746,183.11 (the "Barfly Claim").

6. On November 17, 2020, Sellers filed a proof of claim in the Debtors' case, which was amended on November 25, 2020, in the amount of $1,267,676.00.

7. On March 5, 2021, Sellers' First Amended Plan of Reorganization (the "Confirmed Plan") was confirmed by this Court. The Confirmed Plan included provisions for payment of dividends to all allowed claims against Sellers, including the Barfly Claim to the extent it is allowed.

8. On April 28, 2021, Sellers filed his objection to the Barfly Claim (the "Claim Objection").

9. The deadline for filing Trustee's response to the Claim Objection is July 31, 2021. As of the date of this pleading, no response to the Claim Objection has been filed.

## RELIEF REQUESTED

10. By this Objection, Sellers respectfully requests that this Court deny the Motion to the extent the Trustee seeks information concerning claims and causes of action that the Debtors or the Trustee may have against Sellers.

## BASIS FOR RELIEF

A. **The Pending Proceeding Rule**.

11. Although the Rule 2004 exam has historically been regarded as permitting a "fishing expedition", a bankruptcy court has the discretion to limit discovery in certain circumstances. *See 9 Collier on Bankruptcy* paragraph 2004.01 (16th Ed. 2019).

12.     An exception to the broad scope of discovery under Bankruptcy Rule 2004 is the "pending proceeding" rule.  If an adversary proceeding or a contested matter is pending in a bankruptcy case, parties to that proceeding must seek discovery under Bankruptcy Rules 7026-7037 rather than the liberal provisions of Bankruptcy Rule 2004.  *See, In re National Assessment, Inc.*, 547 B.R. 63, 65 (Bankr. W.D.N.Y. 2016); *In re Bennett Funding Group, Inc.,* 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996).

13.     The filing of the Claim Objection initiated a contested matter.  *See,* 1983 Notes of Advisory Committee on Federal Rule of Bankruptcy Procedure 3007 ("a contested matter initiated by an objection to a claim is governed by Rule 9014 unless a counterclaim by the trustee is joined with the objection to the claim.").

14.     As a result of the pending Claim Objection, all discovery concerning the Debtors' claims against Sellers must be obtained pursuant to Bankruptcy Rules 7026, *et seq*.

**B.      The Automatic Stay.**

15.     In addition to the pending proceeding rule, the automatic stay of 11 U.S.C. § 362 limits the discovery which the Trustee can seek from Sellers.

16.     Section 362(a) (1) provides that the filing of a bankruptcy petition operates as a stay of (1) the commencement or continuation including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

17.     Further section 362(a) (6) applies the automatic stay to "any act to collect, asses, or recover a claim against the debtor that arose before the commencement of the case under this title;"

3

18.    The automatic stay is one of the most fundamental aspects of the Bankruptcy Code. "A primary purpose of the automatic stay is to relieve the debtor of financial pressures such as those which drove the debtor into bankruptcy." *Kenoyer v. Cardinale (In re Kenoyer) 489 B.R. 103 at 112 (Bankr. N.D. Cal. 2013)*

19.    Upon the filing of the Sellers Case, the automatic stay came into effect and remains in effect as to all claims against Sellers.

20.    Although Section 362(a) does not bar Trustee from serving a subpoena or seeking discovery from Sellers in his capacity as a non-party witness (for which the purpose is to prosecute claims against non-debtors) the automatic stay of Section 362(a) prevents discovery relating to claims against Sellers. *Id. See also* Groner v. Miller (*In re Miller*) 262 B.R. 499 (B.A.P. 9th Cir. 2001)

21.     Therefore any attempt by the Trustee to identify or pursue claims against Sellers through the use of Rule 2004 is clearly in violation of the automatic stay.

**C.**    **Conclusion.**

22.    Based on the above principles, Trustee must be prohibited from seeking the following information pursuant to Bankruptcy Rule 2004:

> i.    Information that relates to possible claims and causes of action that the Debtors may have against Sellers.
>
> ii.    Documents or communications concerning any transfer of funds or property from any of the Debtors to Sellers.
>
> iii.    Documents or communications reflecting any agreements between Sellers and any of the Debtors which evidence claims the Debtors may have against Sellers.
>
> iv.    Communications between any party and any of the Debtors or other parties which relate to claims the Debtors may have against Sellers.
>
> v.    Documents or communications concerning any note executed by Sellers to one or more of the Debtors.

      vi.     Documents and communications concerning Sellers' decision to open any of the Debtors' locations.

WHEREFORE, Sellers respectfully requests that:

A.     This Court deny Trustee's Motion to the extent that it:

      i.     requests documents or communications evidencing Debtors' claims against Sellers, including but not limited to the documents and communications described in paragraph 17 above.

      ii.     requests an order directing Sellers or Denovo Development Group, LLC to testify concerning claims the Debtors may have against Sellers.

B.     This Court deny Trustee's Motion as to any of the discovery requested by the Trustee which this Court finds in violation of the pending proceeding rule and/or the automatic stay of 11 U.S.C. § 362(a);

C.     This Court hold that any material obtained by the Trustee through the requested discovery shall not be binding on Sellers in any proceeding involving the Trustee's claims against Sellers; and

D.     This Court grant such other and further relief as it deems just and equitable proper

                                 Miller Johnson

Dated: July 19, 2021              By: /s/ John T. Piggins
                                   John T. Piggins (P34495)
                                   pigginsj@millerjohnson.com
                                   Business Address:
                                   P.O. Box 306
                                   Grand Rapids, MI 49501-0306
                                   (616) 831-1700