**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:

BARFLY VENTURES, LLC, *et al.* [1]

    Debtors.

Chapter 7
Hon. James W. Boyd
Jointly Administered
Case No. 20-01947

_____/

**TRUSTEE'S MOTION TO APPROVE (I) SETTLEMENT OF (A) CERTAIN**
**CAUSES OF ACTION AND CLAIMS AGAINST MARK A. SELLERS III**
**AND (B) BARFLY CLAIM AGAINST MARK A. SELLERS III, AND**
**(II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)**

    Thomas Bruinsma, in his capacity as chapter 7 Trustee of Barfly Ventures, LLC *et al.*

(the "Trustee"), by and through his undersigned counsel, brings this *Motion to Approve (I)*

*Settlement of (A) Certain Causes of Action and Claims Against Mark A. Sellers III and (B) Barfly*

*Claim Against Mark A. Sellers III, and (II) For Other Relief Pursuant to Bankruptcy Rule*

*9019(a)* (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The substantively consolidated debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat) (1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130), E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCatConcessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCatLouisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

4889-3520-8710.v5

"Bankruptcy Rules"),[2] and respectfully states as follows:

## Introduction

1.      By the Motion, the Trustee seeks entry of an order in the form attached hereto as **Exhibit 1** approving a settlement entered into with Mark A. Sellers III ("Sellers"), a former officer, director, employee and shareholder of the above-captioned Debtors (collectively, the "Debtors"), as set forth in the *Settlement Agreement* attached hereto as **Exhibit 6** (the "Settlement Agreement"). For the reasons set forth below, the Trustee believes that the settlement set forth in the Settlement Agreement is in the best interests of the Debtors' estates and, thus, it should be approved by the Court.

## Jurisdiction

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a). This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (C) and (O).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

**A.      The Barfly Bankruptcy Cases and Sellers' Bankruptcy Case**

4.      On June 3, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 (collectively, the "Barfly Cases").

5.      On June 9, 2020, the Barfly Cases were consolidated for administrative purposes in the *Order (I) Directing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Related Relief* [Doc. No. 60].

---

[2] References to specific rules of the Federal Rules of Bankruptcy Procedure are identified herein as "Bankruptcy Rule __." Similarly, references to specific chapters of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __."

4889-3520-8710.v5

6.      On June 23, 2020, the Office of the United States Trustee for the Western District of Michigan (the "UST") appointed the Official Committee of Unsecured Creditors of Barfly Ventures, LLC *et al.* (the "Committee") pursuant to section 1102 [Doc. No. 85].

7.      On August 11, 2020, Sellers filed a voluntary petition for relief under subchapter 5 of chapter 11, Case No. 20-02619 (the "Sellers Bankruptcy Case").

**B.      The Committee's and the Trustee's Authority to Pursue Claims**

8.      On September 17, 2020, the Committee was granted derivative standing to pursue claims against Sellers on behalf of the Barfly Debtors' estates, pursuant to the Court's *Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Causes of Action on Behalf of the Debtors' Bankruptcy Estates* [Doc. No. 317] (the "Derivative Standing Order").

9.      The Derivative Standing Order expressly granted the Committee "derivative standing and authority to prosecute the Sellers Claims on behalf of the Debtors' bankruptcy estates by, among other things, filing a proof of claim in the Sellers Bankruptcy Case"[3] and authorized the Committee "to take all actions it deems necessary or appropriate in connection with the authority granted in this Order, with the full rights and privileges of the Debtors including, but not limited to, the right to enter into settlement negotiations and, subject to court approval, to settle the Sellers Claims."

---

[3] The Derivative Standing Order provides that capitalized terms not otherwise defined are given the meaning provided in the *Stipulation to Entry of Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Causes of Action on Behalf of the Debtors' Bankruptcy Estates* [Doc. No. 309] (the "Derivative Standing Stipulation"). The Derivative Standing Stipulation defines the "Sellers Claims" as "certain claims and causes of action that the [Debtors'] estates may have against one of their principles, Mark A. Sellers III."

4889-3520-8710.v5

**C.      Conversion of the Chapter 11 Cases**

10.      On October 21, 2020, the Court entered the *Amended Order (I) Authorizing the Sale of Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Sale Order") [Doc. No. 376].

11.      The Sale Order was one component of a mediated resolution of various issues by and amongst the Debtors, their secured creditors, and the Committee. Pursuant to the mediated resolution, it was agreed that, after closing of the sale, the Barfly Cases would be substantively consolidated and converted to a case under chapter 7, at which time a trustee would be appointed to investigate and, in his discretion, pursue claims and causes of action held by the Barfly Debtors' estates.

12.      On May 18, 2021, the Court entered the *Order Converting the Debtors' Chapter 11 to Chapter 7, Rejecting Executory Contracts and Granting Other Relief* [Doc. No. 486]. Pursuant to that order, the Debtors' bankruptcy case was converted to a case under chapter 7 and Thomas Bruinsma was appointed to serve as the interim chapter 7 trustee.

**D.      The Claims and Claim Objections**

13.      On September 28, 2020, the Committee, on behalf of the Debtors, filed a proof of claim in the Sellers Bankruptcy Case on behalf of the Debtors' estates [Claim No. 16] (the "Barfly Claim") in the amount of $1,746,183.11. The Committee asserted that Sellers breached the fiduciary duties that he owed to the Debtors by, among other things, "causing Barfly to make distributions or payments to himself, his insiders, and to entities controlled by him that were not

made for a legitimate corporate purpose nor provided any benefit to Barfly." The Committee also asserted that certain of the Debtors' claims against Sellers may be non-dischargeable pursuant to section 523.[4]  The Committee also reserved its right to assert additional claims against Sellers based on its investigation of the Debtors' affairs.

14.     On November 19, 2020, Sellers filed a proof of claim in Barfly Ventures, LLC's bankruptcy case [Claim No. 108-1] for compensation allegedly due under an employment agreement. Sellers filed an amended proof of claim on November 25, 2020 [Claim No. 108-2] (Sellers' proof of claim and amended claim are collectively, the "Sellers Claim").

15.     On April 28, 2021, Sellers filed his *Objection to Proof of Claim No. 16 Filed by Barfly Ventures, LLC et. al.* (the "Barfly Claim Objection") in the Sellers Bankruptcy Case. Sellers did not object to the substance of the Barfly Claim in the Barfly Claim Objection but, rather, asserted that he had a claim against the Barfly Debtors and such claim should be offset against the Barfly Claim.[5]

**E.     The Trustee's Investigation**

16.     Since his appointment, the Trustee has reviewed and investigated the pre-petition affairs and financial condition of the Barfly Debtors, as well as the actions or inactions taken by

---

[4] The original deadline for any party in interest to commence an action to determine the dischargeability of certain debts pursuant to section 523(a) in Sellers Bankruptcy Case was November 16, 2020 (the "Dischargeability Deadline"), but the Court entered several orders, on the parties' stipulation, extending the Dischargeability Deadline. The most recent order extended the Dischargeability Deadline to 21 days after entry of a final non-appealable order denying this Motion.

[5] The original deadline for responses to the Barfly Claim Objection was May 28, 2021 (the "Barfly Claim Response Deadline"), but the Court entered several orders, on the Parties' stipulation, extending the Barfly Claim Response Deadline. The most recent order extended the Barfly Claim Response Deadline to 21 days after entry of a final non-appealable order denying this Motion.

4889-3520-8710.v5

Sellers as a director and officer of the Barfly Debtors.

17.    The Trustee retained professionals and requested and reviewed voluminous documents from the Debtors, the purchaser of their assets, Project Barfly, LLC, and others.

18.    On July 6, 2021, the Trustee filed the *Trustee's Motion for an Order Under Fed. R. Bankr. P. 2004 Directing Mark A Sellers, III and Innovo Development Group, LLC to Produce Certain Documents and Appear for Examination* [Doc. No. 498] (the "2004 Motion"). On August 19, 2021, the 2004 Motion was granted pursuant to the *Order Granting Trustee's Motion for an Order Under Fed. R. Bankr. P. 2004 Directing Mark A Sellers, III and Innovo Development Group, LLC to Produce Certain Documents and Appear for Examination* [Doc. No. 511] (the "2004 Order").

19.    Consistent with the 2004 Order, the Trustee served a subpoena on Sellers on August 19, 2021. In response to the subpoena, Sellers produced approximately 60,000 documents to the Trustee including, but not limited to, emails and text messages. A number of disputes arose during the production of the discovery relating to, among other things, the format in which the electronic discovery was produced and the cost attendant to Sellers producing text messages (the "Text Messages"). With respect to the production of the Text Messages, Sellers requested, and the Trustee agreed, subject to obtaining authorization, to reimburse and to pay Sellers' counsel $3,000 of the cost associated with the production of the Text Messages by Sellers.

20.    After reviewing voluminous records produced, the Trustee considered asserting several potential causes of action against Sellers including, but not limited to, seeking to render all

or a portion of the Barfly Claim nondischargeable under sections 523(a)(2)(A), (a)(4) and (a)(6). The Trustee also considered various potential objections to the Sellers Claim.

21. Following several weeks of negotiations among the Trustee and Sellers, the parties agreed to a settlement as set forth in the Settlement Agreement. The material terms of the Settlement Agreement are as follows:

   i. The Barfly Claim amount will be reduced from $1,746,183.11 to $1,386,545.78 and be treated as an allowed unsecured claim in the Sellers Case, as reflected in the Barfly Amended Claim, a copy of which is attached as **Exhibit 7.** In addition, the Trustee waives the right to further amend or increase the Barfly Claim. The Barfly Amended Claim shall be filed in the Sellers Case upon entry of a final nonappealable order approving the Settlement Agreement.

   ii. The Trustee will pay $3,000 to Sellers' counsel, Miller, Johnson, Snell & Cummiskey, P.L.C., for costs incurred in collecting and producing the Text Messages. Sellers will pay all additional amounts associated with responding to the subpoena issued by the Trustee.

   iii. Upon entry of a final nonappealable order approving the Settlement Agreement, Sellers shall withdraw the Sellers Claim in the Barfly Case, pursuant to the Notice of Withdrawal, attached as **Exhibit 8** hereto.

   iv. Under the Settlement Agreement, the Trustee has agreed for himself and on behalf of the Debtors' bankruptcy estate on the later of the Effective Date or the date on which the Sellers Claim is withdrawn, to waive the right: (i) to seek to have amounts owed by Sellers deemed non-dischargeable pursuant to section 523 of the Bankruptcy Code, and (ii) to seek to collect from Sellers on (a) any claims against Sellers (other than the Amended Barfly Claim) or (b) any judgment entered in favor of the Trustee against Sellers and/or any third party. For the avoidance of doubt, the Trustee is expressly preserving the right to name Sellers as a party (and seek a judgment against Sellers) in connection with any claims which the Trustee asserts may be recoverable from Sellers and/or a third party, including, but not limited to, claims against: (i) a former officer and director of the Debtors for breaches of their fiduciary duties, and (ii) Michele Sellers related to alimony payments and/or other payments made with property of the Barfly Debtors; provided, however, the Trustee shall be prohibited from attempting to collect any such judgment from Sellers; provided, further, a third party shall include an insurer (collectively, the "Preserved Claims").

v. Sellers will cooperate with the Trustee in connection with any claims the Trustee elects to pursue on behalf of the Debtors' estates, including attending a 2004 examination and testifying at trial in any adversary proceedings subsequently brought by the Trustee. [6]

## Relief Requested

22. Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a).

23. Settlements are generally favored by law. *See, e.g., In re SCBA Liquidation, Inc., f/k/a Second Chance Body Armor, Inc.*, 451 B.R. 747, 768 (Bankr. W.D. Mich. 2011) (quoting *Buckeye Check Cashing, Inc. d/b/a CheckSmart v. Meadows (In re Meadows)*, 396 B.R. 485, 499 (BAP 6th Cir. 2008)).

24. "The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate." *In re Lee Way Holding Co.*, 120 B.R. 881, 890 (Bankr. S.D. Ohio 1990) (citing *In re Energy Co-op.*, 886 F.2d 921, 927 (7th Cir. 1989)).

25. The United States Supreme Court has stated that a bankruptcy judge, in evaluating compromises under Bankruptcy Rule 9019(a), must:

Apprise [itself] of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

---

[6] Other terms of the Settlement are set forth in the Settlement Agreement. To the extent there is any discrepancy between the terms set forth in this Motion and the Settlement Agreement, the terms of the Settlement Agreement shall control.

4889-3520-8710.v5

*Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390

U.S. 414, 423 (1968); *see also In re Stinson*, 221 B.R. 726 (Bankr. E.D. Mich. 1998).

26.     In reviewing a proposed settlement, courts consider the following criteria:

    (a)     The probability of success in the litigation;

    (b)     The difficulties, if any, to be encountered in the matter of collection;

    (c)     The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d)     The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

*In re Lee Way Holding Co.*, 120 B.R. at 890 (citing *Drexel v. Loomis*, 35 F.2d 800 (8th Cir.

1929)).

27.     A bankruptcy court's role in approving a settlement under Bankruptcy Rule

9019(a) is limited. The bankruptcy court "does not substitute its own judgment for that of the

trustee" but, rather, examines the law and the facts to see whether the settlement is lower than the

reasonable range, giving weight to the informed judgment of the trustee and its counsel that a

compromise is fair and in the best interests of the estate. *See e.g., In re Tennol Energy Co.*, 127

B.R. 820 (Bankr. E.D. Tenn. 1991).

28.     In addition, a bankruptcy court should consider that compromises are favored in

bankruptcy:

The law favors compromise and not litigation for its own sake, and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.

*Martin v. Kane (In re A & C Properties)*, 784 F.2d, 1377, 1381 (9th Cir. 1986); *accord Magill v.*

*Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 383 (C.D. Ill. 1986)

("In addition [to the four enumerated factors], the bankruptcy court is to consider that the law

favors compromise.").

29.     A bankruptcy court may also apply weight to a trustee's business judgment that the proposed settlement should be approved.  *See Depoister*, 36 F.3d at 587; *In re Hessinger Resources Ltd.*, 67 B.R. at 383.

30.     Finally, a bankruptcy court is not required to conduct an evidentiary hearing or a "mini-trial" on the parties' claims and defenses when approving a settlement. *See Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994) (evidentiary hearing not required). Instead, the court is required only "to canvas the issues in order to determine whether the settlement falls below the lowest point in the range of reasonableness." *In re Rimsat, Ltd.*, 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997); *accord In re Energy Co-op., Inc.*, 886 F.2d at 929; *In re Tennol Energy Co.,* 127 B.R. at 828.

31.     After performing an extensive analysis of the merits of the potential claims the Trustee could pursue against Sellers and the defenses thereto, the Trustee, in his business judgment, has determined that the settlement set forth in the Settlement Agreement is fair and equitable, in the best interests of the Debtors' estates, and should be approved for the following primary reasons:

    i.    The Sellers Claim will be waived and the Barfly Claim Objection will be withdrawn, thereby eliminating a substantial unsecured claim against the Barfly Estates and negating the cost, the delay and the uncertainty associated with such litigation.

    ii.    The Barfly Amended Claim will be allowed in the Sellers Bankruptcy Case without risk of Sellers asserting an offset, the result of which would be to substantially reduce such claim.

    iii.    The settlement avoids litigation of a nondischargeability action under section 523(a), which litigation would be time consuming and expensive, with uncertain results.

iv.   Because Sellers filed his own chapter 11 bankruptcy case, and because his income is committed to funding his chapter 11 plan, collectability on any judgments that might be obtained against Sellers is uncertain.

v.   The Trustee retains the right to pursue the Preserved Claims, at his election and with Sellers' cooperation.

32.   Finally, the Trustee has conducted an extensive investigation and review and, based thereon, has exercised his business judgment in entering into the Settlement Agreement and believes that approval of the Settlement Agreement is in the best interests of the creditors of the Debtors' estates.  Under such circumstances, the Court should apply weight to the Trustee's judgment.

33.   For the foregoing reasons, the Trustee requests that this Court enter an order in the form attached hereto as **Exhibit 1** granting the Motion and approving the settlement as set forth in the Settlement Agreement.

<u>**Notice**</u>

34.   All parties having requested notice in the Barfly Cases under Bankruptcy Rule 2002 shall receive notice of the Motion via ECF. In addition, the Trustee shall serve all creditors listed on the consolidated matrix of the Debtors via first class mail pursuant to Bankruptcy Rule 2002(a). Sellers will serve notice of the Motion on all parties having requested notice in the Sellers Case under Bankruptcy Rule 2002 via ECF and via first class mail on all creditors listed on the matrix in the Sellers Case. The Trustee will also serve the Motion and the notice on the Office of the United States Trustee via electronic mail. The Trustee submits that no additional notice is necessary in this matter.

**WHEREFORE,** the Trustee respectfully requests that this Court enter an order in the form attached hereto as **Exhibit 1:** (i) granting the Motion thereby approving the settlement set

4889-3520-8710.v5

forth in the Settlement Agreement, (iii) authorizing the Trustee to reimburse Sellers' counsel $3,000.00 related to the production of the Text Messages, and (iii) granting any other relief that it deems just and equitable.

Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Hailey R. Kimball-Dexter
Judith Greenstone Miller (P29208)
Paul R. Hage (P70460)
Hailey Kimball-Dexter (P81031)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jmiller@jaffelaw.com
phage@jaffelaw.com
hkimball@jaffelaw.com

*Counsel to Thomas Bruinsma, in his capacity as*
*Chapter 7 Trustee of Barfly Ventures, LLC, et al.*

Dated: December 20, 2021

**<u>Exhibit 1</u>**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al.* [1]

    Debtors.

Chapter 7
Hon. James W. Boyd
Jointly Administered
Case No. 20-01947

_____/

## ORDER APPROVING TRUSTEE'S (I) SETTLEMENT OF (A) CERTAIN CAUSES OF ACTION AND CLAIMS AGAINST MARK A. SELLERS III, AND (B) BARFLY CLAIM AGAINST MARK A. SELLERS III, AND (II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)

Upon the motion (the "Motion")[2] of Thomas Bruinsma, in his capacity as chapter 7 Trustee of Barfly Ventures, LLC et al. (the "Trustee"), for entry of an order approving (i) a settlement with Mark A. Sellers III ("Sellers"), and (ii) the Barfly Claim against Sellers, and for other relief; the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); venue of this proceeding in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing

---

[1] The substantively consolidated debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat) (1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130), E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCatConcessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCatLouisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

that notice of this Motion was appropriate under the particular circumstances and that no other or further notice need be given; it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates; after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted in its entirety.

2.      Pursuant to Bankruptcy Rule 9019(a), the proposed settlement set forth in the Settlement Agreement attached as **Exhibit 6** to the Motion (the "Settlement Agreement") is hereby approved.

3.      The Trustee is authorized to reimburse Seller' counsel $3,000.00 for part of Sellers' cost in producing the Text Messages.

4.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**END OF ORDER**

*Order prepared and submitted by:*

JAFFE RAITT HEUER & WEISS, P.C.
Judith Greenstone Miller (P29208)
Paul R. Hage (P70460)
Hailey Kimball-Dexter (P81031)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jmiller@jaffelaw.com
phage@jaffelaw.com
hkimball@jaffelaw.com

4889-3520-8710.v5

**Exhibit 2**

**Notice and Opportunity to Object**

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al.* [1]

    Debtors.

_____/

Chapter 7
Hon. James W. Boyd
Jointly Administered
Case No. 20-01947

### NOTICE AND OPPORTUNITY TO OBJECT TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF (A) CERTAIN CAUSES OF ACTION  AND CLAIMS AGAINST MARK A. SELLERS III AND (B) BARFLY CLAIM AGAINST MARK A. SELLERS III, AND (II) FOR OTHER RELIEF PURSUANT TO BANKRUPTCY RULE 9019(a)

**PLEASE TAKE NOTICE** that Thomas Bruinsma, in his capacity as chapter 7 Trustee of Barfly Ventures, LLC et al. (the "Trustee") has filed the *Motion to Approve (I) Settlement of (A) Certain Causes of Action and Claims Against Mark A. Sellers III and (B) Barfly Claim Against Mark A. Sellers III and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, within 21 days after the date of this Notice, you or your attorney must:

---

[1] The substantively consolidated debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat) (1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130), E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCatConcessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCatLouisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

1.      File with the Court a written response explaining your position at:[2]

United States Bankruptcy Court
Western District of Michigan
1 Division Ave N, Room 200
Grand Rapids, MI  49503

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail, email, or fax a copy to:

Jaffe Raitt Heuer & Weiss, P.C.
Attn: Hailey R. Kimball-Dexter
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
hkimball@jaffelaw.com

2.      If an objection is timely filed and served, the Court will schedule a hearing on the Motion at a date to be determined.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Hailey R. Kimball-Dexter
Hailey Kimball-Dexter (P81031)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jmiller@jaffelaw.com
phage@jaffelaw.com
hkimball@jaffelaw.com

*Counsel to Thomas Bruinsma, in his capacity as Chapter 7 Trustee of Barfly Ventures, LLC, et al.*

Dated: December 20, 2021

---

[2] All responses or objections must comply with Rules 8(b), (c) and (e) of the Federal Rules of Civil Procedure.

4889-3520-8710.v5

## Exhibit 3

**Required Brief – Not Applicable**

**<u>Exhibit 4</u>**

**Certificate of Service**

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

BARFLY VENTURES, LLC, *et al.* [1]

    Debtors.

_____/

Chapter 7
Hon. James W. Boyd
Jointly Administered
Case No. 20-01947

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, I electronically filed the *Motion to Approve (I) Settlement of (A) Certain Causes of Action and Claims Against Mark A. Sellers III and (B) Barfly Claim Against Mark A. Sellers III and (II) For Other Relief Pursuant to Bankruptcy Rule 9019(a)* (the "Motion") and the *Notice and Opportunity to Object* (the "Notice") with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.

I further certify that on December 20, 2021, I served the Motion and the Notice on Sellers[2] and the Office of the United States Trustee via electronic mail, and the Notice on the consolidated mailing matrix via first class mail.

_____

[1] The substantively consolidated debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat) (1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130), E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCatConcessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCatLouisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

Respectfully submitted by,

**JAFFE RAITT HEUER & WEISS, P.C.**

By: /s/ Hailey R. Kimball-Dexter
Hailey Kimball-Dexter (P81031)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jmiller@jaffelaw.com
phage@jaffelaw.com
hkimball@jaffelaw.com

*Counsel to Thomas Bruinsma, in his capacity as*
*Chapter 7 Trustee of Barfly Ventures, LLC, et al.*

Dated: December 20, 2021

---

[2] Capitalized terms not otherwise defined herein shall have the same meaning given to them in the Motion.

4889-3520-8710.v5

**Exhibit 5**

**Affidavits – Not Applicable**

**Exhibit 6**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made on December __, 2021, by and between Thomas Bruinsma, in his capacity as chapter 7 Trustee of the Barfly Ventures, LLC *et al.*[1] (the "Debtors"), (the "Trustee") and Mark A. Sellers III ("Sellers"). The Trustee and Sellers are sometimes referred to individually as a "Party" or collectively as the "Parties" in this Agreement.

## RECITALS

### I.   The Barfly Bankruptcy Cases and Sellers Bankruptcy Case

A.   *On June 3, 2020* (the "Petition Date") each of the Debtors filed a voluntary petition (the "Barfly Cases") under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Michigan (the "Court"). On June 9, 2020, the Barfly Cases were consolidated for administrative purposes in the *Order (I) Directing Joint Administration of the Debtors' Chapter 11 Cases and (II) Granting Related Relief* under Case No. 20-01947.

B.   Prior to the Petition Date, Sellers was an officer, director, employee, and shareholder of the Debtors.

C.   On June 25, 2020, the Office of the United States Trustee for the Western District

---

[1] The substantively consolidated debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat) (1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge) (3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company) (2130), E L Brewpub, LLC (d/b/a HopCat East Lansing) (5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCatConcessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple) (7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat) (6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCatLouisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon) (4255).

of Michigan ("UST") appointed the Official Committee of Unsecured Creditors of Barfly Ventures, LLC et al. (the "Committee") pursuant to section 1102 of the Bankruptcy Code.

D.        On August 11, 2020, Sellers commenced a voluntary petition under subchapter V of chapter 11 of the Bankruptcy Code, Case No. 20-02619 (the "Sellers Case") in the Court.

E.        On September 17, 2020, the Committee was granted derivative standing to pursue claims against Sellers on behalf of the Debtors' estates, pursuant to the Court's Order Granting Derivative Standing to the Official Committee of Unsecured Creditors to Pursue Causes of Action on Behalf of the Debtors' Bankruptcy Estates (the "Derivative Standing Order").

F.        The Derivative Standing Order expressly granted the Committee "derivative standing and authority to prosecute [claims against Sellers] on behalf of the Debtors' bankruptcy estates by, among other things, filing a proof of claim in the Sellers Bankruptcy Case," and authorized the Committee "to take all actions it deems necessary or appropriate in connection with the authority granted in this Order, with the full rights and privileges of the Debtors including, but not limited to, the right to enter into settlement negotiations and, subject to court approval, to settle [claims against Sellers]."

G.        The Barfly Cases were substantively consolidated and converted to a chapter 7 on May 18, 2021. The Trustee was appointed to serve as the interim chapter 7 trustee in the Barfly Cases on that same date pursuant to the *Order Converting the Debtors' Chapter 11 Cases to Chapter 7, Rejecting Contracts and Granting Related Relief.*

## II.        The Claims and Claim Objections

H.        On September 28, 2020, the Committee, on behalf of the Debtors, filed a proof of claim in the Sellers Bankruptcy Case [Claim No. 16] (the "Barfly Claim") in the amount of $1,746,183.11. Additionally, ~~T~~the Committee asserted that Sellers may have breached his

2

fiduciary duties owed to the Debtors by, among other things, "causing Barfly to make distributions or payments to himself, his insiders, and to entities controlled by him that were not made for a legitimate corporate purpose nor provided any benefit to Barfly." The Committee also asserted that certain of the Debtors' claims against Sellers may be non-dischargeable pursuant to section 523 of the Bankruptcy Code. The Committee also reserved its right to assert additional claims against Sellers based on its investigation of the Debtors' affairs.

I.      On November 17, 2020, Sellers filed a proof of claim in Barfly Ventures, LLC's bankruptcy case [Claim No. 108-1] for compensation allegedly due under an employment agreement. Sellers filed an amended proof of claim on November 25, 2020 [Claim No. 108-2] in the amount of $1,267,676.03. (Sellers' proof of claim and amended claim are collectively, the "Sellers Claim").

J.      On April 28, 2021, Sellers filed his *Objection to Proof of Claim No. 16 Filed by Barfly Ventures, LLC et. al.* (the "Barfly Claim Objection"). Sellers did not object to the substance of the Barfly Claim in the Barfly Claim Objection but, rather, asserted that the Sellers Claim should be offset against the Barfly Claim.

**C.     The Trustee's Investigation**

K.      On July 6, 2021, the Trustee filed the *Trustee's Motion for an Order Under Fed. R. Bankr. P. 2004 Directing Mark A Sellers, III and Innovo Development Group, LLC to Produce Certain Documents and Appear for Examination* (the "2004 Motion") in the Debtors' bankruptcy case.

L.      On August 19, 2021, the *Order Granting Trustee's Motion for an Order Under Fed. R. Bankr. P. 2004 Directing Mark A Sellers, III and Innovo Development Group, LLC to Produce Certain Documents and Appear for Examination* (the "2004 Order") was issued.

Error! Unknown document property name.

M.      Consistent with the 2004 Order, the Trustee served a subpoena on Sellers on August 19, 2021. In response to the subpoena, Sellers produced approximately 60,000 documents to the Trustee including, but not limited to, emails and text messages. A number of disputes arose during the production of the discovery relating to, among other things, the format in which the electronic discovery was produced and the cost attendant to Sellers producing text messages (the "Text Messages"). With respect to the production of the Text Messages, Sellers requested, and the Trustee agreed, subject to obtaining authorization, to reimburse and to pay Sellers' counsel $3,000 of the cost associated with the production of the Text Messages by Sellers.

N.      After performing an extensive analysis of the merits of the potential claims the Trustee could pursue against Sellers and Sellers' defenses thereto, the Trustee and Sellers have agreed to resolve all potential claims and defenses in accordance with the terms and conditions of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises and obligations contained herein, the Parties agree to be legally bound as follows:

**AGREEMENT**

1.      **Recitals**: Each of the Recitals set forth in this Agreement are true and correct and incorporated in their entirety herein.

2.      **The Barfly Claim**: The Barfly Claim amount shall be reduced to $1,386,545.78 (the "Amended Barfly Claim"). The Trustee waives the right to further amend or increase the Barfly Claim. Upon the Effective Date, the Trustee shall file the Amended Barfly Claim in the Sellers Case, a copy of which is attached at **Exhibit A**, hereto. The Amended Barfly Claim shall be treated as an allowed unsecured claim in the Sellers Case.

4

3.    **The Sellers Claim.**  Upon the Effective Date, Sellers shall withdraw the Sellers Claim from the Barfly Case pursuant to the Notice of Withdrawal, a copy of which is attached as **Exhibit B,** hereto

4.    **Reimbursement for Certain Costs Incurred by Sellers in Connection with Collection and Production of the Text Messages**: On the Effective Date, the Trustee shall pay $3,000 to Sellers' counsel, Miller, Johnson, Snell & Cummiskey, P.L.C., for costs incurred in collecting and producing the Text Messages.  Upon payment of this sum, all additional amounts associated with collecting and producing the Text Messages shall be paid by Sellers.

5.    **Limited Release of Sellers.**  On the later of the Effective Date or the date on which the Sellers Claim is withdrawn, the Trustee for himself and on behalf of the Debtors' bankruptcy estate hereby waives the right: (i) to seek to have amounts owed by Sellers deemed non-dischargeable pursuant to section 523 of the Bankruptcy Code, and (ii) to seek to collect from Sellers on (a) any claims against Sellers (other than the Amended Barfly Claim) or (b) any judgment entered in favor of the Trustee against Sellers and/or any third party.  For the avoidance of doubt, the Trustee is expressly preserving the right to name Sellers as a party (and seek a judgment against Sellers) in connection with any claims which the Trustee asserts may be recoverable from Sellers and/or a third party, including, but not limited to, claims against: (i) a former officer and director of the Debtors for breaches of their fiduciary duties, and (ii) Michele Sellers related to alimony payments and/or other payments made with property of the Barfly Debtors; provided, however, the Trustee shall be prohibited from attempting to collect any such judgment from Sellers; provided, further, a third party shall include an insurer (collectively, the "Preserved Claims").

5

6. **Cooperation**: Sellers shall cooperate with the Trustee in connection with any claims the Trustee elects to pursue against third parties on behalf of the Debtors' estates, including attending a 2004 examination and/or deposition and testifying at trial in any adversary proceedings subsequently brought by the Trustee.

7. **Court Approval**: This Agreement is subject to the filing of the Motion, entry of the Settlement Order and the Settlement Order becoming final and nonappealable.

8. **Entire Agreement.**  This Agreement and the exhibits attached hereto constitute the entire understanding with respect to the subject matter hereof, and any modifications or amendments to this Agreement must be in writing and signed by the Parties to be charged in order to be effective.   This Agreement may not be contradicted by prior, contemporaneous, or subsequent oral agreements.  All prior and contemporaneous oral agreements, if any, between the parties are merged into this Agreement and do not survive this Agreement's execution.

9. **No Admissions**: The execution of this Agreement and any other action taken hereunder shall not constitute an admission by any of the Parties.

10. **Advice of Counsel**: The Parties acknowledge that each has had the opportunity to seek and rely upon the advice of counsel in the negotiation and execution of this Agreement.

11. **Drafting Provision.**   This Agreement is entered into among competent businesspersons and has been reviewed by the Parties and their counsel, if any.  Therefore, any ambiguous language in this Agreement will not be interpreted or construed for or against any particular Party because such Party actually or purportedly prepared or requested such provision, any other provision or the Agreement as a whole.

12. **Authority**: Subject to entry of the Settlement Order and the Settlement Order becoming final and nonappealable, the Parties represent and warrant that they have full power,

Error! Unknown document property name.

authority and legal right to, and have obtained all approvals and consents necessary to execute, deliver and perform all actions required under this Agreement.

13.    **Severability/Partial Invalidity**.  Each of the Parties hereto intends and believes that each provision of this Agreement comports with all applicable local, state and federal laws. However, if any provision or provisions, or any portion of any provision or provisions, of this Agreement is found by a court of law to be in violation of any applicable local, state or federal ordinance, statute, law administrative decisions, or public policy, or if such court should declare such portion, provision or provisions of this Agreement to be illegal, invalid, unlawful, void or unenforceable as written, it is the intent of each of the Parties hereto that any such portion, provision or provisions shall be given force to the fullest possible extent that they are legal, valid and enforceable, that the remainder of this Agreement shall be construed as if such illegal, invalid, unlawful, void or unenforceable portion, provision or provisions were not contained therein, and that the rights, obligations, and interest of the Parties hereto under the remainder of the Agreement shall continue in full force and effect.

14.    The term *"including"* means "including, without limitation", and the term *"includes"* means "includes, without limitation".

15.    **Headings**.  All headings are inserted for convenience and do not affect this Agreement's construction or interpretation.

16.    **Counterparts**: This Agreement may be executed in several counterparts, each of which shall constitute an original, so that all of which taken together shall constitute one and the same instrument. Signatures transmitted by facsimile or electronic scan shall be considered as one and the same as an original signature.

Error! Unknown document property name.

17.    **Merger/No Oral Modification**: This Agreement constitutes the entire understanding of the Parties in connection with the subject matter hereof and may only be amended or modified in a writing signed by the Parties to be bound.

18.    **Binding Effect.**  This Agreement is binding on each Party and their respective successors, assigns, heirs, and personal representatives.  If any provision of this Agreement conflicts with any applicable statute or law, or is otherwise unenforceable, such unenforceable provision is null and void only to the extent of its unenforceability and is deemed separate from and does not invalidate any other provision of this Agreement.

19.    **Inconsistency/Controlling Documents.**  To the extent there is any discrepancy between the terms set forth in this Motion, the Settlement Order and this Agreement, the terms of this Agreement shall control.

20.    **Nonassignability.**  This Settlement Agreement shall inure to the benefit of and may be enforced by the Parties hereto and their respective successors, assigns, including any direct or indirect successor by purchase, merger, consolidation or otherwise to all or substantially of the business and/or assets of the Parties.  None of the Parties may assign their rights or obligations in connection with this Agreement without the prior written consent of all the Parties subject to this Agreement.

21.    **Costs and Attorneys' Fees**: The Parties shall each bear its own fees and costs, including attorney's fees, associated with this Agreement and the resolution of the claims subject hereto.

22.    **Choice of Law**: This Agreement is, and shall be deemed to be, a contract entered into under and pursuant to the laws of the State of Michigan and shall be in all respects

Error! Unknown document property name.

governed, construed, applied and enforced in accordance with the laws of the State of Michigan irrespective of its conflict of law provisions.

23.    **Jurisdiction**: To the extent a dispute arises under this Agreement, it shall be determined by the Court.

24.    **Effective Date.**    This Agreement shall be effective on the first business day following the Settlement Order becoming final and nonappealable.

***(SIGNATURES ON FOLLOWING PAGE)***

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth below.

| THOMAS BRUINSMA, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF THE DEBTORS | MARK A. SELLERS III |
|---|---|
| By: _Thomas Bruinsma, as Trustee_ <br> AS TRUSTEE IN THE MATTER OF: <br> Its: _BARFLY et al US Bankruptcy_ <br> _Court - West MI 20-01947 BG_ <br> Dated: _Dec 15, 2021_ | By: _____ <br><br> Its: _____ <br><br> Dated: _____ |

4886-8492-6726.v3

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date set forth below.

| | |
|---|---|
| **THOMAS BRUINSMA, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF THE DEBTORS**<br><br>By: _____<br><br>Its: _____<br><br>Dated: _____ | **MARK A. SELLERS III**<br><br>By: _____<br><br>Its: _____<br><br>Dated: __12-17-21__ |

10

**<u>Exhibit 7</u>**

**Barfly Amended Proof of Claim**

**Fill in this information to identify the case:**

Debtor 1      Mark A. Sellers, III

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Western District of Michigan

Case number    20-02619

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309)** that you received.

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Barfly Ventures, LLC, et al.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Paul Hage - Jaffe Raitt Heuer & Weiss PC | Thomas A. Bruisma |
| | Name |
| 27777 Franklin Road, Suite 2500 | 6812 Old 28th Street SE, Suite E |
| | Number    Street |
| Southfield    MI    48034 | Grand Rapids    MI    49546 |
| City    State    ZIP Code | City    State    ZIP Code |
| Contact phone 248-351-3000 | Contact phone 616-975-2010 |
| Contact email phage@jaffelaw.com | Contact email thomasbruinsma@earthlink.net |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.  Claim number on court claims registry (if known) 16-1

Filed on 09/28/2020
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing?

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

---

**7. How much is the claim?**     $_____1,386,545.78 . **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

See Supporting Documentation

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                           $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**      $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**      $_____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

### Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Paul | R. | Hage |
|---|---|---|---|
| | First name | Middle name | Last name |

| Title | Attorney |
|---|---|

| Company | Jaffe Raitt Heuer & Weiss PC |
|---|---|
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |

| Address | 27777 Franklin Road, Suite 2500 |
|---|---|
| | Number        Street |

| | Southfield | MI | 48034 |
|---|---|---|---|
| | City | State | ZIP Code |

| Contact phone | 248-351-3000 | Email | phage@jaffelaw.com |
|---|---|---|---|

**<u>Exhibit 8</u>**

**Notice of Withdrawal of Sellers' Proof of Claim**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF MICHIGAN**

_____

IN RE:                                        **Case No. 20-01947-jwb**
                                               **Chapter 11**
**BARFLY VENTURES, LLC, *et al*,[3]**          **Hon. James W. Boyd**
         **Debtors.**

_____  /   *Jointly Administered*

**NOTICE OF WITHDRAWAL OF CLAIM**
**FILED ON BEHALF OF MARK A. SELLERS III**

Pursuant to Federal Rule of Bankruptcy Procedure 3006, Mark A. Sellers III, by and

through his undersigned attorneys, hereby withdraws with prejudice Claim No. 108 filed on

behalf of Mark A. Sellers III, in the amount of $1,267,676.03 as amended (the "Claim").  Mark

A. Sellers III warrants that he has not sold, assigned, factored, or otherwise transferred any

interest in the Claim.

---

[3] The Debtors are: Barfly Ventures, LLC (8379), Barfly Management, LLC (6274), 9 Volt, LLC (d/b/a HopCat)(1129), 50 Amp Fuse, LLC (d/b/a Stella's Lounge)(3684), GRBC Holdings, LLC (d/b/a Grand Rapids Brewing Company)(2130), E L Brewpub, LLC (d/b/a HopCat East Lansing)(5334), HopCat-Ann Arbor, LLC (5229), HopCat-Chicago, LLC (7552), HopCat-Concessions, LLC (2597), HopCat-Detroit, LLC (8519), HopCat-GR Beltline, LLC (9149), HopCat-Holland, LLC (7132), HopCat-Indianapolis, LLC (d/b/a HopCat-Broad Ripple)(7970), HopCat-Kalamazoo, LLC (8992), HopCat-Kansas City, LLC (d/b/a HopCat,-KC, LLC and Tikicat)(6242), HopCat-Lexington, LLC (6748), HopCat-Lincoln, LLC (2999), HopCat-Louisville, LLC (0252), HopCat-Madison, LLC (9108), HopCat-Minneapolis, LLC (8622), HopCat-Port St. Lucie, LLC (0616), HopCat-Royal Oak, LLC (1935), HopCat-St. Louis, LLC (6994), Luck of the Irish, LLC (d/b/a The Waldron Public House, LLC and McFadden's Restaurant Saloon)(4255).

4889-3520-8710.v5

Miller Johnson
Counsel for Mark A. Sellers III

Dated:                          By:_____
                                John T. Piggins (P34495)
                                pigginsj@millerjohnson.com
                                Business Address:
                                P.O. Box 306
                                Grand Rapids, MI 49501-0306
                                (616)  831-1700